UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., ET AL

VERSUS

ZURICH AMERICAN INSURANCE
COMPANY, ET AL

CIVIL ACTION

NO. 12-257-JJB

## RULING ON DEFENDANT'S MOTION TO STAY DISCOVERY AND BIFURCATE THE TRIAL

This matter is before the Court on a motion by Defendant North American Specialty Insurance Company ("NAS") to stay discovery and bifurcate the trial on the issue of the extra-contractual bad faith claims against it. (Doc. 150). Defendant Zurich American Insurance Company ("Zurich") has filed a response to NAS' motion. (Doc. 154). Plaintiff The Shaw Group, Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw") has filed an opposition (Doc. 155), to which NAS has filed a reply. (Doc. 157). Oral argument is not necessary. For the reasons stated herein, the Court DENIES NAS' motion. (Doc. 150).

Shaw was sued in the Eastern District of Washington by REC Solar Grade Silicon LLC ("REC") for property damages resulting from pipe spools manufactured by Shaw and used in REC's facility in Washington. At the time of the suit, Shaw was insured by Zurich, its primary insurance carrier, and NAS, its excess insurance carrier. (Doc. 11). Shaw alleges that the insurers informed Shaw that coverage did not exist under either the primary or excess policies. Shaw ultimately settled with REC and brought this action, alleging that NAS breached its contract by failing to indemnify Shaw for the settlement and that NAS is extra-contractually liable for allegedly denying coverage in bad faith and mishandling the claims in bad faith.

1

Under the current scheduling order, all discovery, with the exception of experts, is due by December 31, 2013. (Doc. 149). Dispositive motions are due by May 30, 2014. (Doc. 149). However, NAS now seeks to stay discovery with respect to the extra-contractual claims, and requests that this Court enter an order setting the deadline for discovery for the breach of contract claim to August 30, 2013, and the deadline for dispositive motions for this claim to September 30, 2013. NAS argues that if this Court stays discovery, NAS would be able to file a motion for partial summary judgment with respect to the breach of contract claim, which could potentially dispose of the entire case as to NAS. NAS alleges that there was no coverage for this claim under the insurance policy and if there was no coverage, NAS could not have breached the contract. NAS argues that if this Court finds that NAS did not breach the contract, Shaw's extra-contractual claims against it will be rendered moot. Alternatively, if this Court finds that a trial is necessary of the breach of contract claim, NAS argues that this Court should bifurcate the trial, trying the breach of contract claim first, and then if necessary, trying the extra-contractual claims second.

As a preliminary matter, this Court finds that it is premature to request a bifurcation of the trial at this relatively early stage, and the Court hereby denies NAS' motion as to this. Turning to NAS' motion to stay discovery on the extra-contractual claim, NAS argues that because extra-contractual claims are conditioned on finding that this Court determines that NAS breached its contract, this Court should stay discovery as to the extra-contractual claims until the threshold legal question is resolved. In *Federal Insurance Co. v. New Hampshire Insurance Co.*, this Court stayed discovery where a summary judgment motion presented a "pure question of law relating to contractual interpretation, which could potentially dispose of the entire case." *Federal Insurance Co. v. New Hampshire Insurance Co.*, 2010 WL 1757932, *3 (M.D. La.

2010). NAS asserts that the issue of whether there was coverage under the policy is a pure question of law that can be resolved on summary judgment and if this Court rules in NAS' favor, the suit as to NAS will be terminated.

Additionally, NAS argues that staying discovery will be convenient and economical because some of the discovery concerning the breach of contract claim has already been completed. However, NAS asserts that it is not convenient and economical to permit extra-contractual discovery to occur at the same time as the breach of contract discovery because it will involve "extensive interrogatories, requests for production, depositions, and potential discovery motion practice." (Doc. 150 at 5).

Shaw opposes NAS' motion, arguing that (1) NAS has not filed any dispositive motions; (2) NAS' motion would not dispose of the case; (3) not all of the defendants, namely Zurich, have requested such a stay; (4) the stay would not be efficient or economical because the extra-contractual discovery with respect to NAS is related to the extra-contractual discovery with Zurich, and the discovery "not that extensive"; and (5) a stay will restrict the abilities of the parties to settle.

Shaw argues that because NAS has not filed any dispositive motions, this Court should not grant a stay based on the speculative notion that NAS might file a summary judgment motion. Shaw further argues that there is "no guarantee" that the potential motion would involve a "pure question of law," and that the motion may involve both legal and factual issues. However, NAS points out that if discovery is stayed, it is prepared to file a motion for summary judgment on the breach of contract claim in less than three months. Moreover, while Shaw asserts that the motion may contain both legal and factual issues, it is well-settled that insurance coverage is a question of law. *See Domingue v. Reliance Insurance Co.*, 619 So. 2d 1220, 1223

3

(La. Ct. App. 1993) (explaining that disputes concerning whether an insurance policy provides coverage "can properly be resolved within the context of a motion for summary judgment.").

Shaw further argues that the motion will not dispose of the case and Zurich has not joined in the request for a stay. However, as both NAS and Shaw acknowledge, as a practical matter, a stay with respect to Zurich does not make sense. Shaw's claims against NAS are (1) failure to indemnify and (2) bad faith, which this Court has already determined are governed by the language of NAS' policy and Louisiana law. Conversely, Shaw's claims against Zurich are (1) failure to defend and (2) bad faith, which this Court has already determined are governed by Zurich's policy and Washington law.

Shaw contends that staying discovery will not be efficient or economical because Shaw will still have to produce its bad faith evidence to Zurich and vice versa. Shaw explains that witnesses will be required to "sit for depositions to describe events involving simultaneous conduct by Shaw, Zurich, and [NAS] personnel." (Doc. 155 at 5). If NAS does not prevail on its motion for summary judgment, the same witnesses will need to be produced again, and the parties would be required to engage in duplicative discovery. Additionally, Shaw asserts that the discovery concerning extra-contractual issues is not significantly extensive or burdensome. For instance, Shaw explains that its first discovery request, which addresses the entirety of its claims against NAS, constitute five interrogatories and seven request for production.

NAS argues that staying discovery will not be duplicative because Shaw's discovery concerning NAS' bad faith claims requires production of NAS-specific documents, which is not relevant to the claims asserted against Zurich. Additionally, NAS asserts that the extra-contractual discovery entails a "factual intensive inquiry" and there may be discovery disputes, which would prolong the case. However, if this Court should grant the stay, and require NAS

and Shaw to complete discovery relating to the breach of contract claim by August 30, 2013 and ordering dispositive motions to be filed by September 30, 2013, the case could be resolved more expeditiously.

While the Court recognizes the value of resolving, or attempting to resolve, a purely legal issue early on in the proceedings, the Court finds that much of NAS' request is speculative. NAS appears to be assuming that it is very likely that this Court will find that there was no coverage, and thus, the suit against NAS will be terminated sooner. However, this is not a sufficient reason to stay discovery and bifurcate the claims. Additionally, although the deadline for dispositive motions is not until May 30, 2014, there is nothing preventing NAS from filing a dispositive motion on the breach of contract claim prior to that date. NAS has asserted that much of the discovery will be completed soon as to this issue, and thus, NAS will be able to bring this matter before the Court well in advance of the May 14th deadline, which will achieves NAS' goal – attempting to resolve the purely legal issue in advance of the extra-contractual claim.

Accordingly, NAS' Motion is hereby DENIED.

Signed in Baton Rouge, Louisiana on July 12, 2013.

  
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**