UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHAW GROUP INC., ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 12-CV-257-JJB-RLB |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL. | JUDGE JAMES J. BRADY |
| | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWERS AND
RESPONSES TO FIRST INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

INTRODUCTION AND RELIEF REQUESTED

This is an insurance coverage dispute arising out of an underlying lawsuit between REC Solar and The Shaw Group Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw").  In this lawsuit, Shaw alleges—among other things—that Zurich American Insurance Company unreasonably breached its duty to defend Shaw in the REC Solar v. Shaw lawsuit ("the Underlying Action") by failing to perform its defense obligations in accordance with the applicable laws and regulations, including failure to make good faith efforts to settle the Underlying Action.

Shaw served its First Interrogatories & Requests for Production on Zurich in June 2013. Under the Federal Civil Rules, Zurich's responses were due 30 days later.  Well over 30 days have passed and Zurich has not responded or objected to Shaw's discovery requests.  Shaw therefore moves this Court for an order compelling Zurich to provide full and complete answers and responses to Shaw's First Interrogatories & Requests for Production and produce all

requested documents without redaction.  Shaw further moves, pursuant to Fed. R. Civ. P. 37(a)(5) and the Court's inherent authority, for an order requiring Zurich to reimburse Shaw its reasonable expenses, including attorney's fees, incurred in bringing this motion.

## CERTIFICATION THAT THE PARTIES CONFERRED

Shaw certifies that the parties conferred pursuant to Fed. R. Civ. P. 37(a)(1)[1] with respect to the subject of this motion.  *Declaration of Todd C. Hayes in Support of Motion to Compel Answers and Responses to First Interrogatories & Requests for Production ("Hayes Decl."),* ¶ 8.

## STATEMENT OF FACTS

On June 26, 2013, Shaw served its First Interrogatories & Requests for Production upon Zurich.  *Hayes Decl.,* ¶ 3, Ex. A.  Shaw did not receive answers or responses to its First Interrogatories & Requests for Production within the timeframe provided by the Federal Civil Rules.  *Hayes Decl.,* ¶ 4.  On August 27, 2013—when responses were already a month overdue—counsel for Shaw and Zurich conducted a Fed. R. Civ. P. 37(a)(1) telephone conference.  *Hayes Decl.,* ¶ 5, Ex. B.  In that conversation, counsel for Zurich stated that Zurich would provide interrogatory answers the following week and responsive documents by the end of the following week. *Hayes Decl.,* ¶ 5, Ex. B.

Shaw still did not receive any discovery responses or documents from Zurich.  *Hayes Decl.,* ¶ 6.  On September 9, 2013, counsel for Shaw sent a letter to counsel for Zurich confirming that discovery was overdue, that the Fed. R. Civ. P. 37(a)(1) meet and confer

---

[1]    Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

requirement had been satisfied, and that Shaw would therefore proceed with this motion to compel. *Hayes Decl.*, ¶ 6, Ex. C. As of the date this motion was filed, Shaw has still not received any answers, responses, objections or documents from Zurich. *Hayes Decl.*, ¶ 7.

<strong>ARGUMENT</strong>

**A.    THE COURT SHOULD COMPEL ZURICH TO RESPOND TO SHAW'S REQUESTS**

Rule 33 requires a responding party to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Similarly, Rule 34 requires the party upon which requests for production are served to "respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). For each item requested, "the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Rule 37 entitles a party seeking discovery to an order compelling answers and production of documents when the responding party fails to answer interrogatories under Rule 33 or to permit inspection of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.").

Zurich violated Rules 33 and 34 by not serving Shaw with any answers, responses, or objections to Shaw's interrogatories or requests for production within 30 days of Shaw's June 26 discovery requests. *See Hayes Decl.*, ¶ 4. Despite Zurich's subsequent promise to respond during the first week of September, it again failed to provide any answers or

documents.  *Hayes Decl.*, ¶ 6.  Thus, under Rule 37, Shaw is entitled to an order compelling

Zurich to answer Shaw's interrogatories and produce all responsive documents.  *See* Fed. R. Civ.

P. 37(a)(3)(B).

**B.      ZURICH WAIVED ANY OBJECTIONS TO SHAW'S DISCOVERY REQUESTS**

By failing to object to Shaw's interrogatories and requests for production in a timely

manner, Zurich waived any objections it may have had to those requests.  "[W]hen a party fails

to object timely to interrogatories, production requests, or other discovery efforts, objections

thereto are waived."  In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989); Fonville v. Dist. of

Columbia, 230 F.R.D. 38, 42 (D.D.C. 2005) (rule that failure to timely object results in waiver of

objection applies to both interrogatories and requests for production" to "waiver rule applies to

both interrogatories and requests for production).  Objections are deemed waived even if they

relate to attorney-client privilege or work product.  Cleveland Indians Baseball Co. v. United

States, 96-CV-2240, 1998 WL 180623, *4 (N.D. Ohio Jan. 28, 1998) ("This rule applies with equal

force to all objections, including those based on attorney-client privilege or attorney work

product."); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  Moreover, the rule applies

regardless of the legitimacy of the privilege.  Peat, Marwick, Mitchell & Co. v. W., 748 F.2d 540,

542 (10th Cir. 1984) ("Failure to [object] is not excused because the document is later shown to

be one which would have been privileged if a timely showing had been made.  . . .  It is not

enough that a document would have been privileged if an adequate and timely showing had

been made. The applicability of the privilege turns on the adequacy and timeliness of the

showing as well as on the nature of the document."); Cleveland Indians Baseball, 1998 WL

180623, *4 ("That the untimely objection turns out to be legitimate and, thus, would have been sustained if it had been timely raised, is of little or no consequence.").

The rule that a party waives its objections for failure to timely serve them is routinely applied in the Middle District of Louisiana. *See*, *e.g.*, <u>Enriquez v. Turner Indus., LLC</u>, CIV.A. 13-55-SDD-SCR, 2013 WL 3786377, *1 n.4 (M.D. La. July 18, 2013) ("Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts."); <u>Brown v. Louisiana State Senate</u>, CIV.A. 11-620-BAJ, 2012 WL 5878027 (M.D. La. Nov. 20, 2012); <u>Williams v. S. Univ. & Agr. & Mech. Coll.</u>, CIV.A. 11-739-JJB, 2012 WL 4829488 (M.D. La. Oct. 10, 2012); <u>Brian Harris Auto Grp. v. Automatic Data Processing, Inc.</u>, CIV.A. 10-290-BAJ, 2011 WL 5244403 (M.D. La. Nov. 2, 2011); Johnson v. City of Baton Rouge, CIV.A. 10-129-BAJ-SCR, 2011 WL 709186 (M.D. La. Feb. 18, 2011); <u>Fuertes v. City of Plaquemine</u>, CIV.A. 09-152-RET-SCR, 2010 WL 1643593 (M.D. La. Apr. 21, 2010); <u>Carroll v. Bank of Greensburg</u>, CIV.A. 08-128-JJB-SCR, 2009 WL 413465 (M.D. La. Feb. 18, 2009); <u>Barcosh, Ltd. v. Dumas</u>, CIV.A. 08-92-JVP-SCR, 2008 WL 4286506 (M.D. La. Sept. 18, 2008).

Here, Zurich not only failed to provide responses to Shaw's discovery requests, it also failed to object to them.  Thus, Zurich has waived any objections, including claims of attorney-client privilege, work product protection, or that information is confidential or proprietary. Shaw therefore respectfully requests that the Court order Zurich to respond to Shaw's discovery requests without objections and to provide all responsive documents without redactions.

**C.    SHAW IS ENTITLED TO ITS REASONABLE EXPENSES IN BRINGING THIS MOTION**

A party successfully moving to compel discovery responses is entitled to its reasonable expenses in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").  Therefore, Shaw requests an order requiring Zurich to pay Shaw's reasonable expenses and attorney's fees incurred in bringing this motion.

**CONCLUSION**

Shaw respectfully requests that this Court order Zurich to respond to Shaw's First Interrogatories & Requests for Production without objection and to produce all responsive documents without redaction.  Shaw additionally requests an award of its reasonable expenses in bringing this motion.

Respectfully Submitted,

HARPER | HAYES PLLC

By  s/Todd C. Hayes
Todd C. Hayes (WSBA No. 26361)
todd@harperhayes.com
600 University Street, Suite 2420
Seattle, WA 98101-1129
Telephone: (206) 340-8010

MASLON EDELMAN BORMAN & BRAND, LLP

By s/Jason A. Lien
James Duffy O'Connor (MN #80780)
Jason A. Lien (MN #028936)
David E. Suchar (MN # 392583)
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota  55402-4140
612-672-8200

and

JONES WALKER

By s/William Schuette
William Schuette
wschuette@joneswalker.com
8555 United Plaza Blvd.
Baton Rouge  LA 70809
Telephone: (225) 248-2056

Attorneys for Plaintiffs The Shaw Group Inc. and
Shaw Process Fabricators, Inc.

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served via the Court's electronic filing system on September 13, 2013.

By /s/ Todd C. Hayes
Todd C. Hayes [WSBA No. 26361]