UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHAW GROUP INC., ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 12-CV-257-JJB-RLB |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL. | JUDGE JAMES J. BRADY |
| | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

---

DECLARATION OF TODD C. HAYES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
ANSWERS AND RESPONSES TO FIRST INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

---

I, Todd C. Hayes, declare as follows:

1.      I am over the age of 18 and am competent to testify to the facts and opinions stated in this declaration.  I have personal knowledge of all facts stated in this declaration unless indicated otherwise.

2.      I am one of the attorneys of record for Plaintiff Shaw Process Fabricators, Inc.

3.      On June 26, 2013, counsel for Shaw served its First Interrogatories & Requests for Production upon counsel for Zurich.  Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff's First Interrogatories & Requests for Production to Defendant Zurich Insurance Company.

4.      Shaw did not receive answers or responses to its First Interrogatories & Requests for Production within the timeframe provided by the Federal Civil Rules.

5.      On August 27, 2013—when responses were already a month overdue—I conducted a Fed. R. Civ. P. 37(a)(1) telephone conference during which counsel for Zurich

stated that we would receive interrogatory answers the following week and responsive documents by the end of that week. Attached hereto as **Exhibit B** is a true and accurate copy of my August 27, 2013 letter confirming that conversation.

6.      We did not receive interrogatory responses or documents the following week, so on September 9, 2013, I sent a letter to counsel for Zurich confirming that the discovery remained overdue, that Shaw had satisfied the Fed. R. Civ. P. 37(a)(1) meet and confer requirement, and that Shaw intended to file a motion to compel. Attached as **Exhibit C** is a true and accurate copy of my September 9, 2013 letter to counsel for Zurich.

7.      As of today, Shaw has still not received any answers, responses, objections or documents from Zurich.

8.      I certify that I have conferred with Zurich's counsel with respect to the subject matter of this motion, but we have been unable to resolve the dispute.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 13th day of September, 2013, in Seattle, Washington.

_____

Todd C. Hayes

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served via the Court's electronic filing system on September 13, 2013.

By/s/ Todd C. Hayes
Todd C. Hayes [WSBA No. 26361]

# Exhibit A



JONES
WALKER

8555 UNITED PLAZA BOULEVARD
BATON ROUGE, LOUISIANA 70809-7000
225-248-2000
FAX 225-248-2010
www.joneswalker.com

William L. Schuette
Direct Dial 225-248-2056
Direct Fax 225-248-3056
wschuette@joneswalker.com

June 26, 2013

Thomas W. Darling
Michael D. Peytavin
Gaudry, Ranson, Higgins & Gremillion
2223 Quail Run Drive, Suite C-2
Baton Rouge, LA 70808

Re:    The Shaw Group Inc., et al. v. Zurich American Insurance Company, et al
       Case No. 3:12-cv-00257
       Our Ref.: 128306-00

Dear Gentlemen:

Enclosed is the *First Interrogatories and Requests for Production to Zurich American Insurance Company* on behalf of Shaw Inc. and Shaw Process Fabricators, Inc. in connection with the matter referenced above. Please respond within the delays allowed by law.

Do not hesitate to call should you have any questions.

Sincerely,

*Theresa Tarleton*

Theresa F. Tarleton,
Secretary to William L. Schuette

/tft
Enclosure

c:    All Counsel of Record

{B0879304.1}

### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHAW GROUP INC., ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 12-CV-257-JJB-RLB |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL. | JUDGE JAMES J. BRADY<br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

---

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

---

TO:    Defendant Zurich American Insurance Company and its attorneys Thomas W. Darling and Michael D. Peytavin, Gaudry, Ranson, Higgins & Gremillion, 2223 Quail Run Drive, Suite C-2, Baton Rouge, LA 70808

Pursuant to the provisions of Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that you answer fully and in writing each of the discovery requests within thirty (30) days of the date of service.

### I.    DEFINITIONS

For purposes of these discovery requests, including the sections marked "Definitions" and "General Procedures," the following terms shall have the meaning set forth below:

1.1    "And" or "or" means "and/or," with the singular form being deemed to include the plural and vice versa.

1.2    "Document or Documents" means writings of every kind and character pertaining to the designated subject matter, including, without limitation, the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financial statement, audit, tax return, articles of incorporation, bylaws, stock books, minute book, agreement, contract, deed, security agreement, mortgage,

deed of trust, title or other insurance policy, report, record, study, handwritten note, map, drawing, working paper, chart, paper, draft, index, tape, microfilm, data sheet, data processing card, computer printout, computer program, check bank statement, passbook, e-mail, voicemail, electronically-stored information, or any other written, typed, printed, photocopied, dittoed, mimeographed, multilithed, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced, to which you have or have not had access.

1.3    "He" or any other masculine, feminine or neuter pronoun means any individual, regardless of sex or entity to whom the Discovery Request otherwise would apply.

1.4    "Identify" or "Identity" means:

a.    When used with reference to a natural person, to state his or her full name, present home address, present business address, present home and business telephone number, and present or last known position and business affiliation at the time in question.

b.    When used with reference to an entity, such as a partnership (either general or limited), joint venture, trust or corporation, to state the full legal name of such entity, each name under which such entity does business, the entity's telephone number, and the identity of the chief operating officer, manager, trustee, or other principal representative.

c.    When used with reference to documents, to state specifically:

(1)    The type of document involved (*i.e.*, letter, interoffice memorandum, etc.), together with information sufficient to identify the location of the document, such as its date, the names of any addressees, the names of any signors, the title or the heading of the document, and its approximate number of pages; and

(2)    The identity of the custodian or other person last known to have possession of the document, together with the present or last known location of the document.

(3)    "Relating to" means pertinent, relevant, or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering, or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

1.5     "You" and "your" refer to the parties to whom these discovery requests are directed and each of its directors, officers, partners, joint venturers, agents, employees, attorneys, representatives, subsidiaries, affiliated companies, third-party administrators, and parent or controlling companies.

1.6     "Work" refers to all tasks performed by You, your subsidiaries, agents, subcontractors, suppliers, materialmen, or any other third party in connection with the Project, including but not limited to, planning, design, submittals, procurement of component parts, delivery, or installation.

1.7     "Relating to" means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

1.8     "Policy" or "Policies" refers to any and all Commercial General Liability Insurance policies issued by Defendant Zurich American Insurance Company to Plaintiffs The Shaw Group Inc. and Shaw Process Fabricators, Inc. ("Plaintiffs"), and which insure Plaintiffs in any capacity, including but not limited to policy numbers GLO 3866607-01, GLO 3866607-02, GLO 3866607-03 and/or GLO 3866607-04.

1.9     "Projects" refers to the two large construction expansion projects known as "Project 3.0" and "Project 4.0" performed at REC Solar Grade Silicon LLC's polysilicon manufacturing facilities located in Moses Lake, Washington.

1.10    "Underlying Litigation" means the lawsuit against Plaintiffs in REC Solar Grade Silicon, LC v. The Shaw Group Inc., et al., U.S. District Court for the Eastern District of Washington, Cause No. CV-09-188-LRS.

1.11    "Claim" means the allegations against Plaintiffs raised in the Underlying Litigation.

## II.     GENERAL PROCEDURES

2.1     These Discovery Requests have been served upon you.  This discovery is to be answered under oath within thirty (30) days of the date of service.  <u>THESE DISCOVERY REQUESTS ARE CONTINUING, AND IN THE EVENT THAT YOU DISCOVER FURTHER INFORMATION OR DOCUMENTATION THAT ALTERS, MODIFIES, DELETES, OR AUGMENTS THE ANSWERS GIVEN NOW OR ANY TIME HEREAFTER, YOU ARE TO PROVIDE SUCH INFORMATION BY SUPPLEMENTAL ANSWERS AND/OR PRODUCTION OF SUCH DOCUMENTS.</u>

2.2     Regardless of the noun, pronoun, or other designation, if any, used in a Discovery Request to describe the person or entity to whom it is directed or

about whom it is concerned, answers to each of the Discovery Requests shall include all responsive information, known to or about such person or entity. In addition, in the case of a partnership, corporation, or other entity, it shall include all responsive information contained in such entity's business records regardless of whether official, and all information known to or about such entities, owners, partners, shareholders, directors, officers, agents, or other representatives.

2.3    In answering any of these Discovery Requests, if you rely upon any testimony, whether given at a deposition, investigation, hearing, or otherwise, you are to set forth separately for each such Discovery Request the identity of the person testifying, the date upon which he or she testified, the identity of the document constituting the transcript of the testimony, and the page number or numbers of the transcript on which such testimony appears.

2.4    If you claim that an answer, either in whole or in part, to any Discovery Request or portion thereof, is subject to any privilege or otherwise objectionable or protected from discovery, you are to identify the subject matter of the document or communication, the date of the document or communication, and state the ground or basis for each such claim, objection, privilege or protection. All portions of such a Discovery Request not regarded as calling for a protected or objectionable response are to be answered fully.

2.5    By these Discovery Requests, you are asked to produce for inspection and copying each and every one of the documents and other tangible things identified below by item or category that you have in your possession or custody or under your control.

### III.    INTERROGATORIES & REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1:**    Identify each person providing any information used in answering these Interrogatories and Requests for Production of Documents and state the information each person provided for each response.

**INTERROGATORY NO. 2:**    Identify by: (a) name; (b) job title; and (c) business address all of your employees, agents, or independent contractors who performed any investigation, file handling, adjustment, claim analysis, or any other activity related to any of the Claim and/or request for insurance benefits directed to you, including the Claim identified in the Second Amended Complaint filed in this matter, under the Policies defined above. For each person identified, specify the activity or activities performed.

**INTERROGATORY NO. 3:**    Identify by: (a) name; (b) job title; and (c) business address all of your employees, agents, or independent contractors who performed activities related to the underwriting, application for, or issuance of, your Policies defined above (including

renewals or replacements thereof).  For each person identified, specify the activity or activities performed.

**INTERROGATORY NO. 4**:      Identify all facts and documents that support your denial in Paragraph 17 of your Answer of Zurich American Insurance Company dated November 4, 2011.

**INTERROGATORY NO. 5**:      Identify all facts and documents that support your denial in Paragraph 21 of your Answer of Zurich American Insurance Company dated November 4, 2011.

**INTERROGATORY NO. 6**:      Identify all facts and documents that support your denial in Paragraph 22 of your Answer of Zurich American Insurance Company dated November 4, 2011.

**INTERROGATORY NO. 7**:      Identify all facts and documents that support your denial in Paragraph 23 of your Answer of Zurich American Insurance Company dated November 4, 2011.

**INTERROGATORY NO. 8**:      Identify all facts and documents that support the allegations contained in Paragraph 4 of your Counterclaim of Zurich American Insurance Company dated November 4, 2011.

**INTERROGATORY NO. 9**:      Identify all facts and documents that support the "sum of all such unreasonable or unnecessary charges" alleged in Paragraph 5 of your Counterclaim of Zurich American Insurance Company dated November 4, 2011, including but not limited to the exact sum sought by Zurich, how the sum is calculated and the documents relied upon to calculate the sum.

**REQUEST FOR PRODUCTION NO. 1**:  Produce a certified and complete copy of every policy of commercial general liability insurance that you issued to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 2**:  Produce your entire and unredacted claim file (or any other set or compilation of documents) that details and/or memorializes all of your activities directly or indirectly related to the receipt, investigation, analysis, and response to any claim, including that identified in the Second Amended Complaint filed in this matter, for insurance benefits by Plaintiffs.  This request for documents includes e-mails, text messages, as well as the category of "documents" defined in the Definitions section of these discovery requests.

**REQUEST FOR PRODUCTION NO. 3**:  Produce all documents, correspondence, notes, memoranda, e-mails, or other electronic data, not produced in response to Request for Production No. 2, that involves, refers, or relates to any claim for insurance benefits under your policies issued to Plaintiffs.

{B0879221.1}                              5

**REQUEST FOR PRODUCTION NO. 4**:  Produce any and all other files in your possession relating to the Plaintiffs, the Policies, the Claim or the Underlying Litigation.

**REQUEST FOR PRODUCTION NO. 5**:  Please produce all notes, emails, correspondence, reports, and all other documents related to the underwriting, application for, or issuance of, your Policies defined above (including renewals or replacements thereof).

**REQUEST FOR PRODUCTION NO. 6**:  Produce all of your manuals, books, pamphlets, best practice manuals, guidelines or any other written documents which were in effect at any time between January 1, 2009 and the current date, and which in any way describe, detail, explain or address the manner or procedures that your agents or employees are to follow when receiving, investigating and/or adjusting claims under liability policies issued by you or your affiliated companies.

**REQUEST FOR PRODUCTION NO. 7**.  Produce all documents, correspondence, notes, memoranda, e-mails, or other electronic data identified in your Initial Disclosures dated May 31, 2013.

Dated: _____June 26_____, 2013

James D. O'Connor, MN No. 80780
Jason A. Lien, MN No. 028936X
David E. Suchar, MN No. 392583
MASLON EDELMAN BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
**Telephone**: (612) 672-8378
**Fax**: (612) 642-8378
**Email**:james.oconnor@maslon.com
(Admitted *Pro Hac Vice*)

Todd C. Hayes, WA No. 26361
HARPER HAYES PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101
**Telephone**: (206) 340-8793
**Fax**: (206) 260-2852
**Email**: todd@harperhayes.com
(Admitted *Pro Hac Vice*)

By: _____*s/William L. Schuette*_____
William L. Schuette, LA No. 2098
JONES, WALKER, WAECHTER, POITEVENT, CARRERE &
DENEGRE, LLP
8555 United Plaza Blvd, 5th Floor
Baton Rouge, LA 70809
**Telephone**: (225) 248-2056
**Fax**: (225) 248-3056
**Email**: wschuette@joneswalker.com
**ATTORNEYS FOR PLAINTIFFS THE SHAW GROUP INC.
AND SHAW PROCESS FABRICATORS, INC.**

# Exhibit B

# HARPER | HAYES PLLC
### ONE UNION SQUARE
### 600 UNIVERSITY STREET
### SUITE 2420
### SEATTLE, WASHINGTON 98101

TODD C. HAYES, ESQ.
todd@harperhayes.com

August 27, 2013

**VIA EMAIL AND US MAIL**

Thomas W. Darling
Gaudry, Ranson, Higgins & Gremillion
2223 Quail Run, Suite C-2
Baton Rouge, LA 70808

> RE:    *The Shaw Group, Inc., et al. v. Zurich American Insurance Company et al.*
> **U.S. Dist. Court Middle District Louisiana 3:12-cv-00257-JJB-RLB**

Dear Mr. Darling:

I am writing on behalf of myself and the Maslon firm.  Following up on our call this afternoon regarding Zurich's outstanding discovery responses to the Shaw entities, you stated that Zurich expects to provide interrogatory responses next week and responsive documents by the end of next week.  You also stated that you would get back to me upon your return to Baton Rouge regarding deposition dates (in follow-up to our August 20, 2013 email exchange).  I am assuming that the above responses relate both to my client, Shaw Process Fabricators, Inc., and to The Shaw Group, Inc.  If not, or if any of the above is incorrect, please let me know immediately.  Thank you.

The Shaw entities reserve all rights regarding Zurich's overdue discovery responses, including the right to argue that Zurich has waived its ability to object to or assert privileges regarding any discovery request.

Very truly yours,

HARPER | HAYES PLLC

Todd C. Hayes

TCH:vh
c:  Jason Lien, Esq.

# Exhibit C

# HARPER | HAYES PLLC

ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 2420
SEATTLE, WASHINGTON 98101

TODD C. HAYES, ESQ.
todd@harperhayes.com

September 9, 2013

**VIA EMAIL AND US MAIL**

Thomas W. Darling
Gaudry, Ranson, Higgins & Gremillion
2223 Quail Run, Suite C-2
Baton Rouge, LA 70808

RE:  *The Shaw Group, Inc., et al. v. Zurich American Insurance Company et al.*
**U.S. Dist. Court Middle District Louisiana 3:12-cv-00257-JJB-RLB**

Dear Mr. Darling:

I am writing on behalf of myself and the Maslon firm in follow-up to my August 27, 2013 letter to you. As I stated then, Zurich's responses to the Shaw entities' discovery responses are long overdue. When we spoke on the phone that day, you stated that Shaw would receive interrogatory responses last week and responsive documents by the end of last week. You also stated that you would get back to me regarding deposition dates (in follow-up to our August 20, 2013 email exchange). We did not receive interrogatory responses, documents, or dates for depositions. I consider our August 27 phone call to have satisfied the meet and confer requirement of Fed. R. Civ. P. 37(a)(1), and Shaw can therefore proceed with a motion to compel at any time. If for some reason you disagree, I am available for a Rule 37 conference any time today or after hours. My cell phone number is (206) 604-5985.

The Shaw entities continue to reserve all rights regarding Zurich's overdue discovery responses, including the right to argue that Zurich has waived its ability to object to or assert privileges regarding any discovery request.

Very truly yours,

HARPER | HAYES PLLC

Todd C. Hayes

TCH:vh
c:  Jason Lien, Esq.

TEL: 206.340.8793          www.harperhayes.com          FAX: 206.260.2852