UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION |
| | * | |
| PLAINTIFFS | * | NO. 3:12-CV-00257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | * * | |
| | * | |
| DEFENDANTS. | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

\* \* \* \* \* \* \* \*

## ORDER

Considering the Joint Consent Motion for an Agreed Protective Order and Order Governing Electronic Discovery (R. Doc. 161);

**IT IS ORDERED** that the Joint Consent Motion for an Agreed Protective Order and Order Governing Electronic Discovery is **GRANTED**, and the Agreed Protective Order and Order Governing Electronic Discovery attached to this Order will be entered into the record of the above-referenced matter. The Court notes for counsel that it has made modifications to the proposed order (R. Doc. 161-3) submitted by the parties. The Court's modifications are in **bold**.

Signed in Baton Rouge, Louisiana, on September 24, 2013.

RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION |
| | * | |
| PLAINTIFFS | * | NO. 3:12-CV-00257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | * * | |
| | * | |
| DEFENDANTS. | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

\*   \*   \*   \*   \*   \*   \*   \*

### AGREED PROTECTIVE ORDER AND ORDER GOVERNING ELECTRONIC DISCOVERY

A.  **Documents Disclosed Pursuant To The Protective Order In The *REC v. Shaw* Action.**

1.  The parties shall be bound to the Protective Order entered in the case *REC Solar Grade Silicon, LLC v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc.*, United States District Court for the Eastern District of Washington, cause no. CV-09-188-RMP (the "Underlying Action"), **a copy of which was filed as an attachment to the joint consent motion for an agreed protective order and order governing electronic discovery (rec. doc. 161-1), but only (1)** to the extent that documents used or disclosed in this insurance action are documents that were designated in the Underlying Action as "Confidential Information" or "Highly Confidential Information," and which retained that designation through the Notice of Settlement of the Underlying Action**; and (2) that the Protective Order in the Underlying Action is not inconsistent with this Order.**

2. All documents designated as "Confidential Information" or "Highly Confidential Information" in the Underlying Action will be preserved for the pendency of, and may be used for purposes of, preparation (including but not limited to all fact and expert discovery and all pre-trial motions), trial, and appeal of this insurance action subject to any and all objections under the law, equity, or court rules.

3. In the event a non-producing party challenges a producing party's designation of documents as "Confidential" or "Highly Confidential," the non-producing party will provide notice of any motion to all parties and to the underlying plaintiff REC Solar Grade Silicon, LLC ("REC") and allow the parties and/or REC a reasonable opportunity to intervene and/or respond to such a motion if one is filed.

4. It is understood that NAS and Zurich may have legal and contractual obligations under State Insurance laws and regulations, and to reinsurers, to preserve documents that are subject to this Order for the purposes of audits or other investigations into their claims files. It is agreed that NAS and Zurich are exempt from the destruction of documents provisions contained at subheading "10. Conclusions of Litigation" in the Protective Order at Addendum A **(as modified by this Order)** to the extent that NAS and Zurich are required by applicable laws, regulations, or reinsurance agreements to preserve documents that are subject to this Order in order to allow audits or investigations into their claims files. In the event of such audit or investigation into their claims files, NAS and Zurich will use their best efforts to maintain the confidentiality and privileged/protected nature of all "Confidential Information" and "Highly Confidential Information."

5. Any document to be filed under seal with the court shall be filed in accordance with the court's Administrative Procedures. (See page 10).[1]

---

[1] The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "CM/ECF," "Information," "Procedures."

6. Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.[2]

**B.    Confidential Documents Produced In This Action.**

1. The parties agree that certain claims, underwriting, and other documents produced in this action may contain confidential commercial information, proprietary information, trade secrets, and/or other sensitive business information. It is the intent of the parties that such documents remain confidential and are not disclosed to the public.

2. The parties agree that confidential documents produced in discovery will be individually marked "CONFIDENTIAL." A privilege log will also be produced identifying all documents that are designated as confidential.

3. For deposition testimony and exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "CONFIDENTIAL" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition, or within fourteen days of the deposition. During that fourteen days, the deposition transcript and exhibits are presumed to be confidential.

4. The inadvertent failure to designate a document, testimony, or exhibits as "CONFIDENTIAL" will not be a waiver that the document contains confidential information, and will not prevent the producing party from designating the document, testimony, or exhibit as confidential at a later date in writing, so long as the designation is done with particularity.

5. Any party may challenge a "CONFIDENTIAL" designation. If a designation is challenged, then all parties shall meet and confer regarding the challenge to see if an out-of-court agreement can be reached concerning the designation. If an agreement cannot be

---

[2] Under the court's General Order No. 93-1, "Pleadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion, orders that the pleading or other paper be maintained under seal."

reached, then the party may file a motion with the Court challenging the designation. Until the presiding judge has ruled on the dispute, the "CONFIDENTIAL" designation will remain in full force and effect.

6. Documents, testimony, and exhibits designated as "CONFIDENTIAL" may only be used for purposes of this action by the parties and their counsel. Confidential documents, testimony, and exhibits may be disclosed to fact witnesses or expert witnesses so long as they sign a copy of the Confidentiality Agreement in the form attached as Exhibit A.

7. The existence of this Protective Order must be disclosed to any person producing documents, testimony, or exhibits in this action that may reasonably expect or desire confidential treatment for such documents, testimony, or exhibits. Any such person may designate documents, testimony, or exhibits pursuant to this Protective Order.

8. **Any document to be filed under seal with the court shall be filed in accordance with the court's Administrative Procedures. (See page 10).**[3]

9. Any documents, testimony, or exhibits designated as "CONFIDENTIAL" will maintain their confidentiality after final judgment, including any appeals. However, by entering this Protective Order the Court does not intend to preclude another court from finding that documents, testimony, or exhibits designated as "CONFIDENTIAL" are relevant and subject to disclosure in another case.

10. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's documents, testimony, or exhibits designated as "CONFIDENTIAL" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

---

[3] The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "CM/ECF," "Information," "Procedures."

11.     It is understood that NAS and Zurich may have legal and contractual obligations under State Insurance laws and regulations, and to reinsurers, to preserve documents that are subject to this Order for the purposes of audits or other investigations into their claims files.  In the event of such audit or investigation into their claims files, NAS and Zurich will use their best efforts to maintain the confidentiality and privileged/protected nature of all documents, testimony, and exhibits designated as "CONFIDENTIAL."

**12.     Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.**[4]

**C.     Electronic Documents.**

1.     The parties agree to preserve electronically stored documents in their possession, custody or control from the following sources (a) the insurer's claims files, (b) the insurer's underwriting files, (c) Shaw's claims files, (d) Shaw's insurance placement and broker files, (e) any other files Shaw maintains concerning the placement of the insurance policies and claims arising under them, (f) Shaw's defense attorney files and its in-house files pertaining to the underlying *REC v. Shaw* suit, (g) correspondence between the insurers and Shaw's defense attorneys and/or Shaw's officers, directors, or employees relating to the claim, and (h) correspondence among and within the insurers and insurance brokers regarding Shaw's policies.  By identifying these sources of documents the parties are not intending to waive any objection with respect to their production.

2.     Only electronically stored documents created or received since September 1, 2005 must be preserved pursuant to this agreement.  This agreement does not supersede any obligations the parties may otherwise owe under the court rules or case law to preserve

---

[4] **Under the court's General Order No. 93-1, "Pleadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action.  After that time, all sealed pleadings and other papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion, orders that the pleading or other paper be maintained under seal."**

evidence.  If not already notified, each party will identify the custodian(s) of the above-referenced documents and notify them of their duty to preserve electronically stored documents pursuant to this Order.  The parties will endeavor to agree on search terms to be utilized in the search for the above-referenced documents.  The parties represent to one another that they have used their best efforts to preserve electronically stored documents from the date that this lawsuit was filed on July 30, 2011.

3. The parties agree to produce documents in ".PDF" format.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  A party may also request that any document be produced in its native format.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on September 24, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

## Exhibit A

CONFIDENTIALITY AGREEMENT

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of *The Shaw Group, Inc. et al v. Zurich American Ins. Co. et al*, Case Number 3:12-CV-00257. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. I understand that, by executing this Confidentiality Agreement, I submit to the jurisdiction of the United States District Court for the Middle District of Louisiana for enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____