UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 12-CV-257-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO WESTCHESTER FIRE INSURANCE COMPANY**

INTRODUCTION AND RELIEF REQUESTED

This is an insurance coverage dispute arising out of an underlying lawsuit against The Shaw Group Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw"). In this lawsuit, Shaw alleges—among other things—that its insurers unreasonably breached their coverage obligations to Shaw in the Underlying Action.

Shaw recently served one of those insurers, former defendant Westchester Fire Insurance Company, with document and deposition subpoenas. After Shaw granted Westchester the courtesy of an extension of the deadline to produce documents, Westchester refused to produce any. Westchester instead served belated objections in violation of Rule 45 ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Westchester likewise objected to the deposition subpoena and stated it would not produce a witness. Westchester objected to both subpoenas

on the grounds that they are not reasonably calculated to lead to the production of admissible evidence.

Yet the information sought is relevant because (a) one of the parties still in this lawsuit, North American Specialty Insurance Company, issued a policy that "follows form" to Westchester's; and (b) the discovery that Shaw seeks tends to show that the parties understood the Westchester policy—and thus the North American policy—affords the kind of coverage that Shaw alleges. Westchester's objections are therefore unwarranted. Shaw thus respectfully requests that the Court compel Westchester to comply with Shaw's subpoenas. Additionally, because Westchester's objections to the document subpoena are untimely under Rule 45, Shaw requests that the Court order Westchester has waived objections to that subpoena.

## STATEMENT OF FACTS

On November 13, 2013, Shaw served Westchester with a subpoena duces tecum, requesting the documents by November 27, 2013. *Declaration of Todd C. Hayes in Support of Motion to Compel Compliance with Subpoenas ("Hayes Decl.")*, ¶ 3, Ex. A. The subpoena requested Westchester's "Underwriting File for the Umbrella Policy issued to Plaintiffs for the 2011-2012 Policy Year." *Hayes Decl.*, Ex. A. On November 25, 2013, counsel for Westchester requested that Shaw agree to extend the deadline to produce documents until December 6, 2013. *Declaration of Charles K. Davis in Support of Motion to Compel Compliance with Subpoenas ("Davis Decl.")*, ¶ 3. Shaw's counsel granted Westchester's request. *Davis Decl.*, ¶ 4, Ex. A. On December 6, 2013, Westchester objected to the subpoena and refused to produce documents. *Hayes Decl.*, ¶ 4, Ex. B.

Westchester objected on three grounds:

(1) the request is not reasonably calculated to lead to the production of admissible evidence;

(2) the request encompasses material that is or may be proprietary, privileged or otherwise not properly subject to discovery; and

(3) the request is unduly burdensome in that (a) it requests irrelevant and proprietary information, and (b) is the second subpoena issued to this non-party in the same lawsuit and [Westchester] should not be required to be subject to the burden and expense of retrieving irrelevant and proprietary documents and screen them for responsiveness and privilege.

*Hayes Decl.*, Ex. B.  On Monday December 9, 2013, counsel for Shaw telephoned counsel for Westchester to discuss Westchester's objection. *Davis Decl.*, ¶ 5. Counsel for Westchester did not answer or return the call prior to Shaw filing this motion. *Davis Decl.*, ¶ 5.

Shaw served Westchester with a deposition subpoena on November 26, 2013. *Hayes Decl.*, ¶ 5, Ex. C. The deposition was scheduled to occur December 20, 2013. *Hayes Decl.*, Ex. C. The subpoena required Westchester to designate a witness pursuant to Fed. R. Civ. P. 30(b)(6) to testify about what the parties have colloquially referred to as a "spool endorsement"—an endorsement that is in all of the policies at issue in this case that modifies the standardized "your product" endorsement:

The matters upon which the deponent is requested to testify concerning are as follows:

1. All aspects of the "Amendatory Endorsement – Property Damage to Your Product" endorsement (examples attached) included in the Westchester policies issued to Plaintiffs The Shaw Group, Inc. or Shaw Process Fabricators ("Plaintiffs") including (a) the origin and intended construction, interpretation, or effect of the language used in the endorsement in any policy year; (b) the purpose and intended effect of changes to the language of that endorsement in any policy year, including but not limited to the change made for the 2011-12 policy period; and (c)

3

       any communications between Westchester and Shaw or any insurer regarding the endorsements.

2.     How Westchester calculated the premiums it charged to Plaintiff for the 2009-10, 2010-11, and 2011-12 policy periods.

*Hayes Decl.*, Ex. C.

On December 9, 2013, Westchester informed Shaw it would refuse to produce a witness. *Hayes Decl.*, ¶ 6, Ex. D. Westchester objected on grounds similar to the document subpoena:

(1)     the deposition subpoena is not reasonably calculated to lead to the production of admissible evidence;

(2)     the deposition subpoena encompasses information that is or may be proprietary, privileged or otherwise not properly subject to discovery;

(3)     the deposition subpoena is unduly burdensome in that (a) it requests irrelevant and proprietary information, and (b) is the third subpoena issued to this non-party in the same lawsuit (the prior two subpoenas having been for records) and [Westchester] should not be required to be subject to the burden and expense of retrieving irrelevant and proprietary documents and information and screen them for responsiveness and privilege, or of preparing a witness to testify as to the information; and

(4)     the deposition date is not convenient.

*Hayes Decl.*, Ex. D.

The damage at issue in this case did not occur during 2010-11 or 2011-12 policy periods, and Shaw is not seeking coverage under any policy issued during those years. *See generally, Docket No. 156* (Second Amended Complaint). Rather, Shaw is seeking discovery regarding the 2010 and 2011 Westchester policies because (a) one of the issues in this case is whether the 2008 North American "spool endorsement" affords the same coverage as the 2008 Zurich "spool endorsement"; (b) the North American policies "follow form" to the Westchester

policies; and (c) between 2010 and 2011, Westchester amended its policy (and thus North American's) to add the 2008 Zurich spool endorsement language, apparently without charging additional premium. Shaw contends that the 2011 change supports its contention that the parties intended the 2008 Westchester/North American spool endorsement to afford the same coverage as the 2008 Zurich spool endorsement (because if the Westchester/NAS endorsement afforded lesser coverage, then Westchester would have charged Shaw a higher premium when it added the Zurich language to its policy in 2011). This is why Shaw sought to conduct the very limited discovery that it did regarding the 2011 Westchester policy change.

## ARGUMENT

**A.    THE COURT SHOULD COMPEL WESTCHESTER TO COMPLY WITH SHAW'S SUBPOENAS**

The Court should compel Westchester to comply with Shaw's subpoenas for at least four reasons: (1) the documents and testimony Shaw seeks are relevant and well within the broad scope of discovery contemplated by the federal rules; (2) Westchester failed to support its claim that the materials and testimony sought are or may be proprietary or otherwise privileged; (3) Westchester's "burdensome" objection is bootstrapped on its unsupported claim that the documents are irrelevant and proprietary; and (4) Westchester never offered a deposition date that it contends is convenient. Rule 45 allows the serving party, on notice to the commanded person, to move the court at any time for an order compelling production. Fed. R. Civ. P. 45(c)(2)(B)(i).[1]

---

[1]    Amendments to Rule 45 took effect December 1, 2013—after the subpoenas that are the subjects of this motion were served. Under the new version of the Rule, the identical requirement is found at Fed. R. Civ. P. 45(d)(2)(B)(i). Because Shaw served its subpoenas prior to the rule change, citations in this memorandum are to the pre-December 1, 2013 version of Rule 45.

5

**1.      Shaw's Document and Deposition Requests Fall Within the Broad Scope of Allowable Discovery**

The scope of discovery allowed in federal court is very broad. Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982) ("Discovery under the Federal Rules of Civil Procedure is broad in scope."). Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 820 (5th Cir. 2004). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," provided the "fact is of consequence in determining the action." Fed. R. Evid. 401.

Shaw's document subpoena seeks Westchester's underwriting file for the 2011-12 policy year. These documents are relevant and reasonably calculated to lead to the discovery of admissible evidence because (1) defendant North American's policies follow form to Westchester's policies and therefore the Westchester policies are necessary in determining North American's coverage obligations;[2] and (2) the "spool endorsement" (that North American is using to deny coverage) changed for the 2011-12 policy year, and understanding the circumstances surrounding that change is vital to understanding the language as it appeared in the policy under which Shaw seeks coverage.

---

[2]  *See* Newmont USA Ltd. v. Am. Home Assur. Co., 795 F. Supp. 2d 1150, 1168 (E.D. Wash. 2011) ("A following form excess policy incorporates by reference the terms, conditions, and exclusions of the underlying policy.") (*quoting* Douglas R. Richmond, Rights and Responsibilities of Excess Insurers, 78 Denv. U. L. Rev. 29, 30-31 (2000)).

Moreover, Shaw's deposition subpoena requests—among other things—testimony regarding the "spool endorsement" as it appeared *in* the 2008 policy at issue in this case. This is relevant to coverage under North American's following form policy. It is also relevant to the reasonableness of North American and Zurich's actions and thus Shaw's bad faith claims.

### 2. Westchester Failed to Support its Claim that the Materials and Testimony Sought Are Proprietary or Otherwise Privileged

Rule 45 requires a person withholding subpoenaed information under a claim of privilege or other protection to "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A). The burden of establishing the privilege rests with the person invoking it. United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983) ("The party seeking to invoke the privilege has the burden of establishing all of its essential elements."). Privilege claims "must be specifically asserted with respect to particular documents" and not "tossed as a blanket over an undifferentiated group of documents." United States v. El Paso Co., 682 F.2d 530, 539 (5th Cir. 1982); United States v. Davis, 636 F.2d 1028, 1044 (5th Cir. 1981) ("Blanket assertions of privilege before a district court are usually unacceptable.").

Here, in response to both subpoenas, Westchester merely stated that the requests "encompass[] information that is or may be proprietary, privileged or otherwise not properly the subject of discovery." *See Hayes Decl.*, Exs B, D.[3] Such a blanket assertion of privilege is insufficient to protect the documents or information from discovery. *See*, *e.g.*, Towers Fin.

---

[3] The objection to the document subpoena substitutes the word "material" for "information," but is in relevant part identical.

Corp. v. Solomon, 89 C 0913, 1991 WL 192211, *3 (N.D. Ill. Sept. 26, 1991) ("In this case, MB & C has merely made an unsupported, blanket assertion of the privilege as to the documents at issue and has done no more.  Such a tactic is insufficient to protect the documents in question from discovery.").

> **3.     Westchester's "Burdensome" Objection Simply Repeats the Unsupported Claim that the Documents are Irrelevant and Proprietary**

As with claims of privilege, a person objecting on the ground of undue burden must support the objection with specifics.  *See*, *e.g.*, In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) ("When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome."); Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one.").

Here Westchester makes no particularized showing of how Shaw's document request is overbroad or oppressive.  Instead, Westchester simply repeats in conclusory fashion that the documents are (a) irrelevant (which, as explained above, they are not), and (b) "[Westchester] should not be required to be subject to the burden and expense of retrieving irrelevant and proprietary documents and screen them for responsiveness and privilege."  *Hayes Decl.*, Ex. B.  Westchester's objection to the deposition subpoena is generally the same:   "[Westchester] should not be required to be subject to the burden and expense of . . . preparing a witness to testify as to the information."  *Hayes Decl.*, Ex. D.

Westchester has not demonstrated (or even really argued) any *actual* undue burden in responding to Shaw's document request. *See* Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996) ("Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"). In fact, Westchester's argument that it should not be required to review documents for privilege undermines its objection that the documents are privileged or proprietary. Either it has already reviewed the documents to know whether they are privileged, in which case there is no undue burden because the review is already done, or Westchester is claiming privilege over documents it has not yet reviewed. Either way, Westchester has failed in its burden to support the objections.

### 4. **Westchester Never Provided a Convenient Date for Deposition**

Westchester's final objection to Shaw's deposition subpoena is that the date scheduled is not convenient. However, Westchester's objection letter neither provided dates that are convenient nor invited Shaw to work with Westchester to choose one that is. *See Hayes Decl.*, Ex. D. Instead Westchester offered only two options: "voluntarily withdraw the subpoena" or Westchester will "file a motion for a protective order." *Hayes Decl.*, Ex. D. Westchester gave no indication in its objection letter that an alternative, more convenient date would be considered.

### B.  WESTCHESTER'S OBJECTIONS TO SHAW'S DOCUMENT SUBPOENA ARE UNTIMELY AND THEREFORE WAIVED

In addition to being substantively meritless, Westchester's objections to Shaw's November 13 document subpoena are also procedurally flawed because they are untimely.

9

Rule 45 requires a person to object to a subpoena for the production of documents no later than "14 days after the subpoena is served":

> A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials . . . . The objection ***must be served before the earlier of*** the time specified for compliance ***or 14 days after the subpoena is served***.

Fed. R. Civ. P. 45(c)(2)(B) (emphasis added).

In this case, Shaw served its subpoena on November 13. The "time specified for compliance" was November 27 (later extended, upon Westchester's request, to December 6). Thus, any *objection* by Westchester was due within 14 days of service, November 27—the "*earlier* of the time specified for compliance *or* 14 days after the subpoena is served." See McCoy v. Sw. Airlines Co., Inc., 211 F.R.D. 381, 384 (C.D. Cal. 2002) ("Under Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days."); First Nat. Bank of Louisville v. Lustig, CIV.A. 87-5488, 1993 WL 414640, *1 (E.D. La. Oct. 7, 1993) ("Because the subpoena was issued more than three months before the compliance date, defendants should have objected within 14 days as specified by the rule."). The 14-day deadline is definitive, and applies no matter how many documents are at issue:

> While we are mindful that "the investment of time necessary to review all responsive documents for privileged material . . . does not lend itself to the limited fourteen (14) day time period . . . ," a person responding to a subpoena should at least assert any privileges within the 14 days provided in Rule 45(c)(2)(B). A full privilege log may follow "within a reasonable time," or if more time is needed an extension may be sought from the trial court.

In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998) (citations omitted). Thus, because Westchester failed to object to Shaw's subpoena by November 27, Westchester waived any

10

right to object.  See McCoy, 211 F.R.D. at 385 ("Failure to serve timely objections waives all grounds for objection, including privilege."); *see also* Lustig, 1993 WL 414640 at *1 ("Failure to object within the 14 days specified may result in a waiver of objections."); McCabe v. Ernst & Young, LLP, 221 F.R.D. 423, 426 (D.N.J. 2004) ("The 1991 Amendment extends the 10–day deadline to object to a subpoena to 14 days . . . .  Consequently, the Amendment 'make[s] it reasonable to *construe the new time limits more strictly* so that **failure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena** and of the right to recover costs of production.") (emphasis added).

## CONCLUSION

Shaw respectfully requests that this Court order Westchester to comply with Shaw's subpoenas by (1) producing responsive documents and (2) producing a witness for deposition.  Shaw further requests the Court to order that Westchester has waived any objections to Shaw's November 13, 2013 subpoena for documents by failing to timely assert them.

    Respectfully Submitted,

    HARPER | HAYES PLLC

    By  s/Todd C. Hayes
    Todd C. Hayes (WSBA No. 26361)
    todd@harperhayes.com
    600 University Street, Suite 2420
    Seattle, WA 98101-1129
    Telephone: (206) 340-8010

MASLON EDELMAN BORMAN & BRAND, LLP

By s/Jason A. Lien
James Duffy O'Connor (MN #80780)
Jason A. Lien (MN #028936)
David E. Suchar (MN # 392583)
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota  55402-4140
612-672-8200

and

JONES WALKER

By s/William Schuette
William Schuette
wschuette@joneswalker.com
8555 United Plaza Blvd.
Baton Rouge  LA 70809
Telephone: (225) 248-2056

Attorneys for Plaintiffs The Shaw Group Inc. and Shaw Process Fabricators, Inc.

**CERTIFICATE OF SERVICE**

    I certify that a true copy of this document was served via the Court's electronic filing system on December 10, 2013.

                                        By/s/ Todd C. Hayes
                                          Todd C. Hayes [WSBA No. 26361]