## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 12-CV-257-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

---

### DECLARATION OF TODD C. HAYES IN SUPPORT OF
### PLAINTIFFS' MOTION TO COMPEL WESTCHESTER FIRE INSURANCE COMPANY'S RESPONSE TO SUBPOENAS

---

I, Todd C. Hayes, declare as follows:

1.      I am over the age of 18 and am competent to testify to the facts and opinions stated in this declaration.  I have personal knowledge of all facts stated in this declaration unless indicated otherwise.

2.      I am one of the attorneys of record for Plaintiff Shaw Process Fabricators, Inc.

3.      On November 13, 2013, Shaw served Westchester with a subpoena duces tecum, requiring Westchester to produce the requested documents by November 27, 2013. Attached at **Exhibit A** is a true and correct copy of the subpoena.

4.      Attached as **Exhibit B** is a true and correct copy of Westchester's December 6, 2013 letter to Shaw, objecting to the subpoena and stating Westchester's refusal to produce documents.

5.      Attached as **Exhibit C** is a true and correct copy of Shaw's Subpoena to Testify at a Deposition in a Civil Action, served on Westchester on November 26, 2013.

6.      Attached as **Exhibit D** is a true and correct copy of Westchester's December 9, 2013 letter to Shaw, objecting to the deposition subpoena and stating Westchester's refusal to produce a witness to testify.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 10th day of December, 2013, in Seattle, Washington.

Todd C. Hayes

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served via the Court's electronic filing system on December 10, 2013.

By /s/ Todd C. Hayes_____

Todd C. Hayes [WSBA No. 26361]

# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
## MIDDLE DISTRICT OF LOUISIANA

SERVED ON
TOM SCHEDLER

NOV 13 2013

SECRETARY OF STATE
COMMERCIAL DIVISION

THE SHAW GROUP, INC., et al.
*Plaintiff*

v.                                                          Civil Action No.    **12-CV-257-JJB-RLB**

ZURICH AMERICAN INSURANCE CO, ET AL.
*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Westchester Fire Insurance Company
       c/o Louisiana Secretary of State
       8585 Archives Ave.
       Baton Rouge, Louisiana  70809

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**Entire Westchester Fire Insurance Company Underwriting File for the Umbrella Policy issued to Plaintiffs for the 2011-2012 Policy Year**

| Place:  Jones Walker<br>Four United Plaza<br>8555 United Plaza Boulevard<br>Baton Rouge, Louisiana 70809 | Date and Time:    November 27, 2013 at 9 am |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    November 13, 2013

CLERK OF COURT                                          HARPER | HAYES PLLC

                                OR    s/Todd C. Hayes
_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Shaw Process Fabricators, Inc. _____ who issues this subpoena are:

Todd C. Hayes, Harper | Hayes PLLC
600 University Street, Suite 2420, Seattle, WA 98101
**Phone:** (206) 340-8010    **Email:**    todd@harperhayes.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.:   **12-CV-257-JJB-RLB**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

This subpoena for *(name of individual and title, if any)* Westchester Fire Insurance Company

was received by me on (date) Nov. 13, 2013

☑ I served the subpoena by delivering a copy to the named person as follows: Westchester Fire Insurance Company through Tom Schedler, Secretary of State for Louisiana _____ on (date) 11-13-13 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its corporate officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____

I declare under penalty of perjury that this information is true.

Date: Nov. 13, 2013

_____
*Server's signature*

Susan T. Major
Paralegal
_____
*Printed name and title*

8555 United Plaza Blvd.
Baton Rouge, LA 70809
_____
*Server's address*

Additional information regarding attempted service, etc.:

# Exhibit B



# COZEN
# O'CONNOR.

A  PROFESSIONAL  CORPORATION

LYONDELLBASELL TOWER    1221 MCKINNEY    SUITE 2900    HOUSTON, TX 77010

832.214.3900    1.800.448.8502    832.214.3905 FAX    www.cozen.com

## FACSIMILE

| | | | |
|---|---|---|---|
| FROM: | Martin, Helen J. | RECIPIENT: | Todd Hayes |
| SENDER'S FAX: | 866-433-4009 | RECIPIENT FAX: | 2062602852 |
| SENDER'S PHONE: | 832-214-3912 | | |

DATE:                    December 06, 2013
SUBJECT:                 NO. 12-CV-257-JJB-RLB; The Shaw Group, Inc., et al. v. Zurich American Insurance Company,
TOTAL PAGES              3 et al.

MESSAGE:
Please see attached Non-Party Westchester Fire Insurance Company's Response to Shaw Process
Fabricator, Inc.'s Second Subpoena to Produce Documents, Information or Objects or to Permit Inspection
of Premises in a Civil Action.


Helen J. Martin | Cozen O'Connor
Assistant to Joseph A. Ziemianski, Bryan P. Vezey and Jennifer B. LeMaster
1221 McKinney Street, Suite 2900 | Houston, TX 77010 | P: 832.214.3912 | F: 832.214.3905
hmartin@cozen.com<mailto:hmartin@cozen.com> | www.cozen.com<http://www.cozen.com/>
P Please consider the environment before printing this email

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL THE SENDER or 1.800.448.8502 IMMEDIATELY.

**NOTICE**

*The information contained in this transmission is privileged and confidential.  It is intended for the use of the individual or entity named above.  If the reader
of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is
strictly prohibited.  If the addressee has received this communication in error, please return this transmission to us at the above address by mail.  We will
reimburse you for postage.  In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL. | § | |
| | § | |
| V. | § | C.A. NO. 12-CV-257-JJB-RLB |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, ET AL. | § | |

**NON-PARTY WESTCHESTER FIRE INSURANCE COMPANY'S
RESPONSE TO SHAW PROCESS FABRICATOR, INC.'S SECOND SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION**

TO:    Plaintiff, Shaw Process Fabricators, Inc., by and through its attorney of record, Todd C. Hayes, Harper Hayes, PLLC, 600 University Street, Suite 2420, Seattle, WA 98101.

Non-Party Westchester Fire Insurance Company ("WFIC") serves this response to

Plaintiff, Shaw Process Fabricators, Inc.'s second subpoena to produce documents, information

or objects or to permit inspection of premises in a civil action.

### RESPONSE

1.    Entire Westchester Fire Insurance Company Underwriting File for the Umbrella Policy issued to Plaintiffs for the 2011-2012 Policy Year.

**RESPONSE**:

WFIC objects to this request on the following grounds:

(1)    the request is not reasonably calculated to lead to the production of admissible evidence;

(2)    the request encompasses material that is or may be proprietary, privileged or otherwise not properly subject to discovery; and

(3)    the request is unduly burdensome in that (a) it requests irrelevant and proprietary information, and (b) is the second subpoena issued to this non-party in the same lawsuit and WFIC should not be required to be subject to the burden and expense of retrieving irrelevant and proprietary documents and screen them for responsiveness and privilege.

Respectfully submitted,

COZEN O'CONNOR


Joseph A. Ziemianski
Texas State Bar No. 00797732
Bryan P. Vezey
Texas State Bar No. 00788583
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
E-mail: jziemianski@cozen.com
E-mail: bvezey@cozen.com

ATTORNEYS FOR NON-PARTY,
WESTCHESTER FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true copy of this response was served the following counsel by fax and electronic mail on December 6, 2013.

Todd C. Hayes
Harper | Hayes PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Email: todd@harperhayes.com

Thomas W. Darling
Gaudry, Ranson, Higgins & Gremillion
2223 Quail Run, Suite C-2
Baton Rouge, LA 70808
Email: tdarling@grhg.net


Bryan P. Vezey

# Exhibit C

AO 88B (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THE SHAW GROUP, INC., ET AL. | |
| *Plaintiff* | |
| v. | Civil Action No.    12-CV-257-JJB-RLB |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | Middle District of Louisiana |
| *Defendant* | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Westchester Fire Insurance Company
c/o Mark G. Irwin
Registered Agent
500 Colonial Ct. Pkwy, #200
Roswell, GA 30076

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, set forth in **Exhibit A**, attached.

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the documents related to **(1)(c) of Exhibit A.**

| Place: | Huseby Inc.<br>555 North Point Center East<br>Alpharetta, GA 30022 | Date and Time:<br>**Friday, December 20, 2013 at 9 am.** |
|---|---|---|
| | The deposition will be recorded by this method:    Stenographic | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    November 25, 2013

| CLERK OF COURT | | HARPER | HAYES PLLC |
|---|---|---|
| | OR | s/ Todd C. Hayes |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Shaw
Process Fabricators, Inc.                                who issues this subpoena are:

Todd C. Hayes
Harper | Hayes PLLC
600 University Street, Suite 2420, Seattle, WA 98101
**Phone**: (206) 340-8010        **Email**:

AO 88B (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.:    12-CV-257-JJB-RLB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

This subpoena for *(name of individual and title, if any)*    WESTCHESTER FIRE INSURANCE COMPANY

was received by me on (date)    11-26-2013

☒ I served the subpoena by delivering a copy to the named person as follows: I SERVED MARK IRWIN AS REGISTERED AGENT OF WESTCHESTER FIRE INSURANCE COMPANY

_____ on (date) 11 26 2013 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its corporate officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: 12-3-2013

Rod McClell
*Server's signature*

RODNEY J. McCLELLAN - PROCESS SERVER
*Printed name and title*

4895 ROSEWOOD LAKE DR. CUMMING GA 30040
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rules of Civil Procedure 45 (c)(d) and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing  electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably Compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 4)

# EXHIBIT A

The matters upon which the deponent is requested to testify concerning are as follows:

1.      All aspects of the "Amendatory Endorsement – Property Damage to Your Product" endorsement (examples attached) included in the Westchester policies issued to Plaintiffs The Shaw Group, Inc. or Shaw Process Fabricators ("Plaintiffs") including (a) the origin and intended construction, interpretation, or effect of the language used in the endorsement in any policy year; (b) the purpose and intended effect of changes to the language of that endorsement in any policy year, including but not limited to the change made for the 2011-12 policy period; and (c) any communications between Westchester and Shaw or any insurer regarding the endorsements.

2.      How Westchester calculated the premiums it charged to Plaintiff for the 2009-10, 2010-11, and 2011-12 policy periods.

*Westchester*
SPECIALTY GROUP

THIS ENDORSEMENT EFFECTIVE SEPTEMBER 1, 1998
FORMS PART OF POLICY NUMBER  CUA-104158-O
ISSUED TO  THE SHAW GROUP, INC.
          (SEE FORM #M12 (12-89)
BY  WESTCHESTER FIRE INSURANCE CO.


          AMENDATORY ENDORSEMENT - PROPERTY DAMAGE TO YOUR PRODUCT


EXCLUSION E. OF THIS POLICY IS DELETED IN ITS ENTIRETY AND REPLACED BY THE
FOLLOWING:

E.  "PROPERTY DAMAGE" TO "YOUR PRODUCT" ARISING OUT OF IT OR ANY PART OF
    IT.

    WITH REGARD TO FABRICATED PIPE, THIS EXCLUSION WILL ONLY APPLY TO
    "PROPERTY DAMAGE" TO ANY SPOOL OF FABRICATED PIPE IF THE "PROPERTY
    DAMAGE" ARISES OUT OF THAT SPOOL OR ANY PART OF THAT SPOOL.


                              _____
                              AUTHORIZED REPRESENTATIVE


UM05527


ENDORSEMENT NO. 21
T44                    (10-98)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.


AMENDATORY ENDORSEMENT - PROPERTY DAMAGE TO YOUR PRODUCT


EXCLUSION E. OF THIS POLICY IS DELETED IN ITS ENTIRETY AND REPLACED BY THE FOLLOWING:

E.    "PROPERTY DAMAGE" TO "YOUR PRODUCT" ARISING OUT OF IT OR ANY PART OF IT.

      WITH REGARD TO FABRICATED PIPE, THIS EXCLUSION WILL ONLY APPLY TO "PROPERTY DAMAGE" TO ANY SPOOL OF FABRICATED PIPE IF THE "PROPERTY DAMAGE" ARISES OUT OF THAT SPOOL OR ANY PART OF THAT SPOOL.


UM05674 (09/00)


_____
AUTHORIZED REPRESENTATIVE

| Named Insured<br>The Shaw Group, Inc. | | | Endorsement Number | |
|---|---|---|---|---|
| Policy Symbol<br>CUW | Policy Number<br>G2205367A 006 | Policy Period<br>09/01/2011  TO  09/01/2012 | Effective Date of Endorsement<br>09/01/2011 | |
| Issued By (Name of Insurance Company)<br>Westchester Fire Insurance Company | | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

# PROPERTY DAMAGE TO YOUR PRODUCT AMENDMENT – FABRICATED PIPE

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

## COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

**Exclusion 2 n. Damage To Your Product under SECTION I – COVERAGES COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY is deleted and replaced by the following.**

n. "Property damage" to "your product" arising out of it or any part of it.

With regard to "your product" which is fabricated pipe, this exclusion will only apply to "property damage" to any spool of fabricated pipe if the "property damage" arises out of that spool or any part of that spool. In addition this exclusion will only apply to the one spool of fabricated pipe that is first damaged because of "property damage". Any further "property damage" to other piping assembly within which the damaged spool of pipe is integrated will not be subject to this exclusion.

Includes copyrighted material of Insurance Services Office, Inc with its permission



| Named Insured The Shaw Group, Inc. | | | Endorsement Number |
|---|---|---|---|
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| CUW | G2205367A005 | 09/01/2010    TO    09/01/2011 | 09/01/2010 |
| Insured By (Name of Insurance Company) Westchester Fire Insurance Company | | | |

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# Amendatory Endorsement - Property Damage To Your Product

EXCLUSION E. OF THIS POLICY IS DELETED IN ITS ENTIRETY AND REPLACED WITH THE FOLLOWING:

N.   "PROPERTY DAMAGE" TO  "YOUR PRODUCT" ARISING OUT OF IT OR ANY PART OF IT.

WITH REGARD TO FABRICATED PIPE, THIS EXCLUSION WILL ONLY APPLY TO "PROPERTY DAMAGE" TO ANY SPOOL OF FABRICATED PIPE IF THE "PROPERTY DAMAGE" ARISES OUT OF THAT SPOOL OR ANY PART OF THAT SPOOL.

_____
Authorized Representative

# Exhibit D



Joseph A. Ziemianski
Member
Direct Dial: (832) 214-3920
jziemianski@cozen.com

December 9, 2013

**VIA E-MAIL AND TELECOPY:**

Todd C. Hayes
HARPER | HAYES PLLC
600 University Street, Suite 2420
Seattle, WA 98101-1129

James Duffy O'Connor
Jason A. Lien
David E. Suchar
MASLON EDELMAN BORMAN & BRAND, LLP
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota 55402-4140

William Schuette
JONES WALKER
8555 United Plaza Blvd.
Baton Rouge LA 70809

> Re:    No. 12-CV-257-JJB-RLB; *The Shaw Group, Inc., et al. v. Zurich American Insurance Company, et al.*; In the United States District Court for the Middle District of Louisiana

Dear Counsel:

We are in receipt of your deposition subpoena to "Westchester Insurance Company," which directs the deponent to appear on Friday, December 20, 2013 at 9:00 a.m. in Alpharetta, Georgia. Your prior subpoenas (for records) have been directed to Westchester Fire Insurance Company, and we presume that you intended to direct your deposition subpoena to that company. The topics of testimony in the new subpoena are described as follows:

> 1.    All aspects of the "Amendatory Endorsement – Property Damage to Your Product" endorsement included in the Westchester policies issued to Plaintiffs The Shaw Group, Inc. or Shaw Process Fabricators ("Plaintiffs") including (a) the origin and intended construction, interpretation, or effect of the language used in the endorsement in any policy year; (b) the purpose and intended effect of changes to the language of that endorsement in any policy year,

Shaw Process Fabricators, Inc.,
December 9, 2013
Page 2
_____

> including but not limited to the change made for the 2011-12 policy period; and (c) any communications between Westchester and Shaw or any insurer regarding the endorsements.

> 2.  How Westchester calculated the premiums it charged to Plaintiff for the 2009-10, 2010-11, and 2011-12 policy periods.

Westchester Fire Insurance Company objects to the deposition subpoena on the following grounds:

> (1)  the deposition subpoena is not reasonably calculated to lead to the production of admissible evidence;

> (2)  the deposition subpoena encompasses information that is or may be proprietary, privileged or otherwise not properly subject to discovery;

> (3)  the deposition subpoena is unduly burdensome in that (a) it requests irrelevant and proprietary information, and (b) is the third subpoena issued to this non-party in the same lawsuit (the prior two subpoenas having been for records) and WFIC should not be required to be subject to the burden and expense of retrieving irrelevant and proprietary documents and information and screen them for responsiveness and privilege, or of preparing a witness to testify as to the information; and

> (4)  the deposition date is not convenient.

Based on these objections, Westchester Fire Insurance Company does not intend to produce a witness on December 20, 2013. Please let me know if you will voluntarily withdraw the subpoena, or if it will be necessary to file a motion for protective order. This letter is intended to fulfill all requirements under the Federal Rules of Civil Procedure and the local rules for a conference before such a motion is filed, so we would appreciate you earliest possible response.

With best regards, I am

Sincerely yours,

COZEN O'CONNOR

Joseph A. Ziemianski

JAZ/hm