UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., et al.                              CIVIL ACTION

VERSUS                                                     NO. 12-257-JJB-RLB

ZURICH AMERICAN
INSURANCE COMPANY, et al.

### ORDER

Before the Court is Plaintiffs' Motion to Compel (R. Doc. 173), filed on December 10, 2013. In their Motion, Plaintiffs ask the Court to compel a non-party, Westchester Fire Insurance Company, to produce documents and witnesses for depositions in compliance with Rule 45 subpoenas issued by Plaintiffs (R. Doc. 173). Plaintiffs have advised the Court that Westchester served objections to the subpoenas on December 6, 2013 (R. Doc. 173-2 at 2). Therefore, Plaintiffs now seek a Court order compelling production.

Rule 45(d)(2)(B)(i)[1] of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." (emphasis added). In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See Beare v. Millington*, No. 07-3391, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("there is no indication that plaintiffs served the motion to compel upon [the non-parties]. Thus,

---

[1] Under the version of Rule 45 of the Federal Rules of Civil Procedure effective at the time the subpoenas at issue appear to have been served, this portion of the rule was found at Rule 45(c)(2)(B)(i).

the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, No. 12-1906, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying pro se plaintiffs Rule 45 motion to compel against non-party because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does 34-51*, No. 11-2143, 2012 WL 993379, at *1-2 (S.D. Ca. March 23, 2012) (noting that Rule 45(c)(2)(B)(i) requires notice to the responsive party of the motion to compel); Advisory Committee Note to Rule 45 ("Subdivision (c)(2)(B) . . . is designed to assure that a nonparty servee be notified; it does not dispense with service of the notice of motion on the parties as well").

Here, the record does not indicate that the non-party, Westchester Fire Insurance Company, has been served with a copy of Plaintiffs' Motion to Compel, as required by Rule 45(d)(2)(B)(i).[2]  Therefore,

**IT IS ORDERED** that Plaintiffs shall serve Westchester Fire Insurance Company with a copy of the Motion to Compel (R. Doc. 173) and shall **file proof of service** with the Court no later than **December 20, 2013**.

Signed in Baton Rouge, Louisiana, on December 13, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Westchester Fire Insurance Company is a former Defendant in this litigation, but was terminated as a party on October 26, 2012. (R. Doc. 121).  While Westchester's former counsel of record is currently representing another party to the litigation, this is insufficient to ensure service has been made on Westchester.