**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 12-CV-257-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

---

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE ORDER, COMPEL DEPOSITION TESTIMONY, QUASH UNTIMELY DISCOVERY REQUESTS, AND FOR SANCTIONS

---

## INTRODUCTION AND RELIEF REQUESTED

This is an insurance bad faith and coverage dispute arising out of a $100 million lawsuit filed by REC Solar Grade Silicon, LLC (the "Underlying Action") against The Shaw Group Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw"). In the current litigation, Shaw alleges, among other things, that its primary carrier Defendant Zurich American Insurance Company ("Zurich") unreasonably breached its coverage obligations to Shaw and acted in bad faith by failing to comply with its obligations to timely investigate, administer and settle Shaw's claim for coverage of the Underlying Action.

Zurich has similarly repeatedly failed to uphold its obligations as a litigant in this case by refusing and failing to respond to Shaw's requests for discovery. Despite Shaw's repeated good faith efforts to seek discovery from Zurich, Shaw has been denied that right and is now faced with a looming discovery cut-off without much of the discovery it seeks.

Specifically, Zurich has refused to produce witnesses for depositions within the discovery period, including Zurich's Rule 30(b)(6) designees or any of the six Zurich witnesses whom Shaw has noticed for depositions. Zurich has also refused to (despite being ordered to make such production by the Court) produce all documents without objections, which necessarily include electronic discovery documents in response to search terms proposed by Shaw months ago pursuant to the Court's September 24, 2013 Agreed Protective Order and Order Governing Electronic Discovery. Further, Zurich has refused to address numerous deficiencies in its previous document productions, including its failure to produce underwriting files, documents it initially listed on its privilege log which the Court ordered Zurich to produce months ago, and various other documents, including claims handling guidelines specifically requested in Shaw's discovery and relevant to its claims in the lawsuit.

In addition, Zurich has served untimely interrogatories and document requests on Shaw in violation of the Court's Scheduling Order. Zurich's requests, served on December 6, 2013--only 25 days before the discovery cutoff date--are clearly improper. The Court's Scheduling Order expressly indicates all discovery shall be **completed** by no later than December 31, 2013. Because Shaw has at least 30 days to respond under Rules 33 and 34, and because that time period runs afoul of the Scheduling Order, Shaw moves the Court to quash Zurich's untimely discovery requests and to grant a protective order forbidding Zurich from adducing evidence relating to its discovery requests.

Finally, Zurich's repeated abuses of the discovery process warrant an additional award of sanctions. Zurich initially failed to respond to Shaw's discovery requests, then failed to respond to Shaw's motion to compel discovery, resulting in this Court's Order on October 10,

2013 that required Zurich to produce documents without objection or redaction. *See Docket 165*. Zurich continues to flaunt the Court's Order by refusing to produce responsive documents and it continues to abuse the discovery process by failing to make any of its witnesses available for deposition within the discovery period. None of Zurich's obstructive discovery tactics is justified and warrant severe sanctions.

## STATEMENT OF FACTS

### A. Zurich Fails to Produce Documents Pursuant to the Court's Discovery Orders

On June 26, 2013, Shaw served its First Set of Interrogatories and Requests for Production of Documents upon Defendant Zurich. *See Docket No. 163* at 1, ¶ 3, 5-12 of 16. Having received no responses, Shaw filed a motion to compel their production on September 13, 2013. *See Docket No. 162*. The motion requested the Court to compel Zurich to respond to Shaw's interrogatories and production of documents, and to require Zurich to make such responses without any objections, which Shaw argued had been waived. *See id.* at 5.

On October 10, 2013, the Court granted Shaw's motion and ordered Zurich to submit complete responses, without objections, to Shaw's First Set of Interrogatories and Requests for Production by no later than October 17, 2013. *See Docket No. 165*. On October 18, 2013, Zurich produced its written responses with objections and a privilege log in violation of the Court's October 10, 2013 Order. *See Docket No. 170* at 2. As a result, Shaw filed a second motion on October 23, 2013 to enforce the Court's October 10th Order and for sanctions against Zurich. *See Docket No. 166*. On November 4, 2013, Zurich represented to the Court that it produced amended responses and documents to Shaw previously withheld as privileged. *See Docket No. 169*. On November 6, 2013, the Court granted Shaw's motion and noted that

Zurich appeared to produce responses and documents based on the representation made by Zurich's counsel. *See Docket No. 170* at 3 n. 1.

Upon reviewing the documents produced by Zurich, counsel for Shaw observed various apparent deficiencies in the production. *Declaration of Jason A. Lien dated December 13, 2013 ("Lien Declaration")* ¶¶ 4-5. It appeared that Zurich made no search for electronically stored information (ESI) in Zurich custodian email accounts in response to search terms provided by Shaw pursuant to the Court's October 10, 2013 Agreed Protective Order and Order Governing Electronic Discovery. *Lien Declaration* ¶ 4; *see Docket No. 164*. On September 27, 2013, counsel for Shaw provided counsel for Zurich a proposed list of search terms and custodians to collect and produce emails responsive to Shaw's First Set of Document Requests. *Lien Declaration* ¶ 4, Ex. A (9/27/12 email). Counsel for Zurich never objected to Shaw's ESI search request or otherwise informed counsel for Shaw that Zurich would not be producing the requested ESI despite follow-up requests. *Lien Declaration* ¶ 4; Ex. B (10/31/13 email).

In addition, counsel for Shaw also observed other apparent deficiencies with the documents produced by Zurich, which included the failure to produce: the complete underwriting file for the Zurich policy year 2007-08, certain documents without missing lines and redactions, Zurich's Unbundled TPA Guidelines, all documents in Zurich's "separate DJ file," all documents noted on its privileged log, and Zurich's claim handling guidelines. *Lien Declaration* ¶ 5; Ex. C (12/2/13 letter).

**B.    Zurich Fails to Produce Witnesses for Properly Noticed Depositions**

On October 3, 2013, Shaw served Zurich with deposition notices for a Zurich corporate representative under Rule 30(b)(6), and for individual depositions of Zurich officers/employees

Joseph Kostkowski, Leo Bigley, and Rose Marie Orcino Madruga in New Orleans, Louisiana during the week of November 4, 2013. *Lien Declaration* ¶ 6; Ex. D (10/3/13 letter and deposition notices). On October 10, 2013, counsel for Shaw, Zurich, and NAS had a telephone conference to discuss potential dates for the Zurich depositions and other depositions. *Lien Declaration* ¶ 7; Ex. B (10/30/13 email). During that telephone call, all counsel discussed holding some of the Zurich depositions while the parties were in Louisiana for a mediation during the week of November 18, 2013. *Lien Declaration* ¶ 7; Ex. B (10/30/13 email). Counsel for Zurich represented that he would talk to his client to confirm Shaw's proposal or propose alternative dates and/or locations for the Zurich depositions. *Lien Declaration* ¶ 7.

After receiving no response from counsel for Zurich, Shaw served amended deposition notices on November 4, 2013 for all Zurich depositions to occur during the week of December 16, 2013 in Louisiana. *Lien Declaration* ¶ 8; Ex. E (11/4/13 letter and deposition notices). Shaw sought to move the depositions to December in order to have sufficient time to first review the numerous documents Zurich produced on November 4, 2013 in response to the Court's Order. *Lien Declaration* ¶ 8. Counsel for Shaw again asked counsel for Zurich to contact him to confirm the depositions for scheduling purposes. *Id.*; Ex. E at 1.

On November 22, 2013, counsel for Shaw requested counsel for Zurich to confirm the depositions noticed for the week of December 16, 2013 in Louisiana. *Lien Declaration* ¶ 9; Ex. F (11/22/13 email). Again, counsel for Zurich failed to confirm the depositions or otherwise respond. *Lien Declaration* ¶ 9. As a result, on December 2, 2013 Shaw served second amended depositions for the Zurich depositions for the week of December 16, 2013 in Louisiana, which

included three additional Zurich officers/employees Robert Boehning, Todd Schweitzer, and Ken Ford.  *Lien Declaration* ¶ 11; Ex. C (12/2/13 letter with deposition notices).

**C.     Zurich Serves Shaw With Untimely Interrogatories and Document Requests**

On April 25, 2103, the Court entered a scheduling order establishing a deadline of December 31, 2013 for "**[f]iling** all discovery motions and **completing** all discovery except experts."  *See Docket No. 149* at 2 (emphasis in original).  The Court's Scheduling Order further notes that "[t]he time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause."  *See id*.

Despite the Court's Scheduling Order requiring discovery to be completed by December 31, 2013, Zurich served Shaw with interrogatories and document requests on December 6, 2013.  *Lien Declaration* ¶ 10; Exs. G and H (12/6/13 Zurich discovery requests).  Shaw subsequently informed Zurich that Shaw objected to Zurich's December 6, 2013 interrogatories and document requests as untimely and requested that they be withdrawn.  *Lien Declaration* ¶ 10; Ex. I (12/11/13 email).  Zurich has not withdrawn the discovery or otherwise responded to Shaw's objection.  *Lien Declaration* ¶ 10.

**D.     Shaw's Attempt to Resolve Deposition and Document Production Issues With Zurich**

On December 2, 2013, Shaw wrote counsel for Zurich in one final attempt to resolve the scheduling of Zurich's depositions, Zurich's apparent failure to produce ESI requested by Shaw, and the other miscellaneous deficiencies concerning Zurich's document production.  *Lien Declaration* ¶ 11; Ex. C (12/2/13 letter).  In the December 2nd letter, counsel for Shaw requested that counsel for Zurich provide a written response by December 4, 2013 and that

they schedule a meet a confer telephone conference on December 5, 2013 to resolve any issues that still remained. *See id*.

Counsel for Zurich failed to provide a written response by December 4th, but did call counsel for Shaw on December 5th to discuss the December 2nd letter. *Lien Declaration* ¶ 12. In that call, counsel for Zurich agreed to: 1) confirm Shaw's noticed depositions of Zurich and/or provide alternative dates by no later than December 10th and 2) provide a written response to the ESI and document issues raised in Shaw by no later than end of day on December 9th. *Lien Declaration* ¶ 12; Ex. J (12/5/13 email). Counsel for Zurich also agreed to have a final meet and confer call on Tuesday, December 10th at 10:00 AM to resolve any remaining issues with the depositions and document production. *See id.*

Counsel for Zurich did not respond to counsel for Shaw's December 2nd letter by December 9th as he had agreed to. *Lien Declaration* ¶ 13. On December 10, 2013 at 10:00 AM, counsel for Shaw and Zurich had a telephone conference, during which time counsel for Zurich counsel stated he would be providing a letter responding to Shaw's December 2nd letter by 3:00 PM that day. *Lien Declaration* ¶ 13. Counsel for Zurich also advised that his client would not be producing witnesses in Louisiana for the week of December 16th as noticed by Shaw, and proposed to conduct the depositions in California and Pennsylvania sometime in January 2014. *Lien Declaration* ¶ 13. Counsel for Shaw advised counsel for Zurich that they needed specific dates and locations in order to consider the proposal. *Lien Declaration* ¶ 13. Counsel for Zurich agreed and said he would provide a specific proposal by the end of the day. *Lien Declaration* ¶ 13. As a result, counsel for Shaw and Zurich agreed to have another call at 3:00 PM that day. *Lien Declaration* ¶ 13. Ultimately, counsel for Zurich failed to call into the

scheduled 3:00 PM telephone conference and has never otherwise provided any alternative dates for the depositions. *Lien Declaration* ¶13; Ex. K (12/10/13 email).

**ARGUMENT**

Rule 37 of the Federal Rules of Civil Procedure allows for the filing of a motion to compel when a party fails to comply with the requirements of discovery. Further, under Rule 37(d), the court has discretion to make such orders that are just and may impose various sanctions upon a party who fails to produce documents, fails to present a designated corporate representative at its properly noticed deposition, or who fails to otherwise cooperate in discovery, including dismissal of the parties claims, awarding expenses and attorneys' fees incurred as a result of the offending party's failure to cooperate in discovery. *See* Rule 37(d)(1)(A). A violation of Rule 37(d)(1)(A) is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *See* Rule 37(d)(2), F.R.C.P.

Violating a court order is sanctionable, including treating the violation as contempt of court. Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."). An order of civil contempt merely requires clear and convincing evidence that "(1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order." Daggs v. Lexington Ins. Co., CIV.A. 07-7991, 2009 WL 3353226, *2 (E.D. La. Oct. 15, 2009).

In this case, Zurich has abused the discovery process by failing and/or refusing to search for and produce responsive documents, by failing to present a designated corporate representative to testify at the duly noticed Rule 30(b)(6) deposition of Zurich scheduled well within the discovery period, and by failing to produce the other six Zurich witnesses Shaw duly noticed for depositions. Zurich's failure and/or refusal to produce deponents is further compounded by its excessive delay in providing available dates for depositions from the outset and its most recent failure and refusal to provide concrete, alternative dates for depositions within the Court-ordered time period for discovery. Zurich has also violated the Court's Scheduling Order by serving untimely discovery requests.

**A. The Court Should Hold Zurich in Contempt and Order it to Produce the Requested ESI and Documents**

Based on the fact Zurich has simply ignored Shaw's requests regarding the production of ESI and document deficiencies noted in Shaw's December 2, 2013 letter, the only reasonable conclusion to draw from its silence is that Zurich has once again failed to comply with the Court's discovery order dated October 10, 2013. *See Lien Declaration*. Zurich's conduct is sanctionable as contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii). Shaw thus requests that the Court hold Zurich in contempt and order it to comply with the Court's October 10 Order by producing (or confirming that it has produced) the ESI and remaining documents requested in Shaw's December 2, 2013 letter without objections.

**B. THE COURT SHOULD COMPEL ZURICH TO PRODUCE ITS WITNESSES FOR DEPOSITIONS**

In addition, Zurich has also refused to produce its witnesses for depositions within the discovery period or otherwise cooperate with Shaw to schedule the depositions on dates convenient for all counsel and its own witnesses. *See Lien Declaration*. Shaw was amenable to

scheduling the Zurich depositions in January 2014 provided that Zurich offered a specific proposal and the Court agreed to extend the discovery deadline for the limited purpose of completing the depositions. *See Lien Declaration*. Because Zurich has informed Shaw that it will not be producing its witnesses during the week of December 16 in Louisiana as noticed and has not provided any specific alternative proposal, Shaw respectfully requests that the Court compel Zurich to produce its witnesses for depositions in Louisiana by no later than January 31, 2014. In addition, Shaw requests that the Court extend the discovery deadline as to discovery against Zurich for the limited purpose of completing these depositions. Zurich's failure to comply with basic discovery obligations constitutes good cause to justify an extension for this limited purpose.

**C. THE COURT SHOULD QUASH ZURICH'S UNTIMELY DISCOVERY REQUESTS AND ENTER A PROTECTIVE ORDER**

The Court's scheduling Order required the parties to **complete** all fact discovery by December 31, 2013. *Docket No. 149* at 2. Yet, despite the Court's Order and ample opportunity to seek discovery from Shaw, Zurich did not serve any discovery on Shaw until it served Requests for Production and Interrogatories on December 6, 2013. *See Lien Declaration*, Exs . G and H. Zurich failed to timely serve its discovery requests on Plaintiffs, and as such, this Court should enter an Order quashing Zurich's discovery requests. *See* Front-Line Promotions & Mktg., Inc., Mayweather Promotions, LLC, No. 08-3208, 2009 U.S. Dist. LEXIS 129777 (E.D. La. April 2, 2009) (granting motion to quash discovery requests served 18 days before the discovery deadline where the "Scheduling Order expressly indicates that 'all discovery shall be ***completed*** no later than'" [the discovery cutoff) (emphasis in original); Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC, 2008 U.S. Dist. LEXIS 108363, 2, 2008 WL 4186989 (M.D. Fla.

Sept. 8, 2008) (denying motion to compel and finding document requests untimely because they were not served with sufficient time to respond prior to the discovery deadline).[1]

In addition to quashing the untimely discovery requests, Shaw also requests an order preventing Zurich from adducing evidence relating to the Interrogatories and Request for Production. In re Skyport Global Communs., Inc., 408 B.R. 687, 693 (Bankr. S.D. Tex. 2009) ("Despite this deadline, the Defendant served its discovery requests at a time when the Debtor could not have responded without running afoul of the Scheduling Order...[t]o the extent that the Debtor requests the Court to quash the Defendant's untimely discovery, such request is granted in the form of a protective order forbidding the Defendant from adducing evidence relating to the Interrogatories and Request for Production, which it failed to timely serve").

**D. SANCTIONS ARE WARRANTED AS A RESULT OF ZURICH'S MISCONDUCT**

Under Rule 37(d), the court has discretion to make such orders that are just and may impose various sanctions upon a party who fails to cooperate in discovery. Given Zurich's continued pattern of discovery misconduct, Shaw hereby moves for entry of default judgment as to Shaw's claims against Zurich in the Second Amended Complaint and dismissal of Zurich's

[1] Some federal courts have held that discovery requests must be served 33 days before the discovery cutoff (not 30 days before the close of discovery) as a result of the provisions in Fed. R. Civ. P. 6(d) which provide the responding party an additional 3 days to respond under the federal rules. *See* Gott v. The Raymond Corp., No. 3:07-CV-145, 2008 U.S. Dist. LEXIS 92970, 2008 WL 4911879, at *2 (N.D. W.Va. Nov. 14, 2008) (denying motion to compel because discovery requests were not timely in that they were not served 33 days before the discovery completion date); Visser v. Miller Dev. Co., Inc., No. 2:07CV319, 2008 U.S. Dist. LEXIS 50793, 2008 WL 2620105, at *1 (D. Utah July 2, 2008) (finding discovery requests untimely because propounding party failed to serve them 33 days before discovery deadline). Zurich's requests remain untimely under either a 30-day or 33-day response period because Zurich's discovery was served on Shaw only 25 days before the discovery cutoff.

counterclaim in Zurich's Answer and Counterclaim. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (court may render default judgment against the disobedient party); Smith v. Smith, 145 F.3d 335, 344 (5th Cir. 1998) (default judgment appropriate when the "failure to comply with the court's order results from willfulness or bad faith . . . [and] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions"). Zurich's rampant abuse of the discovery process over the last four months warrants such sanctions.

At a minimum, Shaw requests that the Court order Zurich to pay Shaw's reasonable attorney's fees incurred in the filing this motion and supporting papers in the amount of $4,951.50. *Lien Declaration* ¶ 14; *see* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the *court must order* the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).

**CONCLUSION**

Shaw respectfully requests that the Court order Zurich to comply with the Court's October 10, 2013 Order by (1) performing an e-discovery search of its files per the search terms proposed by Shaw and producing all resulting documents without redaction or objection; and by (2) producing responsive documents as described above, including all documents uncovered as a result of its e-discovery search, and various other documents, including claims handling guidelines specifically requested in Shaw's December 2, 2013 letter to counsel for Zurich. Shaw further requests the Court to order Zurich to produce its witnesses for depositions, including its Rule 30(b)(6) designee(s), and the six additional witnesses Shaw has properly noticed for

depositions by no later than January 31, 2014 in Louisiana and extend the discovery deadline for the limited purpose of completing these depositions.  Shaw further requests that the Court enter an Order quashing Zurich's late-served discovery requests and enter a protective order forbidding Zurich from adducing evidence relating to its discovery requests.  Last, Shaw requests sanctions against Zurich for its discovery misconduct including Shaw's costs and fees for preparing the instant motion in the amount of $4,951.50 and for such other relief as warranted under Rule 37, including default judgment against Zurich of Shaw's claims in the Second Amended Complaint and dismissal of Zurich's counterclaim.

Respectfully Submitted,

HARPER | HAYES PLLC

By  s/Todd C. Hayes
Todd C. Hayes (WSBA No. 26361)
todd@harperhayes.com
600 University Street, Suite 2420
Seattle, WA 98101-1129
Telephone: (206) 340-8010

MASLON EDELMAN BORMAN & BRAND, LLP

By s/Jason A. Lien
James Duffy O'Connor (MN #80780)
Jason A. Lien (MN #028936)
David E. Suchar (MN # 392583)
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota  55402-4140
612-672-8200

and

JONES WALKER

By s/William Schuette
William Schuette
wschuette@joneswalker.com

8555 United Plaza Blvd.
Baton Rouge LA 70809
Telephone: (225) 248-2056

Attorneys for Plaintiffs The Shaw Group Inc. and
Shaw Process Fabricators, Inc.

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served via the Court's electronic filing system on December 13, 2013.

By/s/ Jason Lien
Jason A. Lien (MN No. #028936X)