UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 12-CV-257-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

### DECLARATION OF JASON A. LIEN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE ORDER, COMPEL DEPOSITION TESTIMONY, QUASH UNTIMELY DISCOVERY REQUESTS, AND FOR SANCTIONS

I, Jason A. Lien, declare as follows:

1.  I am over the age of 18 and am competent to testify to the facts and opinions stated in this declaration. I have personal knowledge of all facts stated in this declaration unless indicated otherwise.

2.  I am one of the attorneys of record for Plaintiff The Shaw Group Inc.

3.  On November 4, 2013, Zurich represented to the Court that it produced amended responses and documents to Shaw previously withheld as privileged. *See Docket No. 169*.

4.  Upon reviewing Zurich's documents, it appeared that Zurich made no search for electronically stored information (ESI) in Zurich custodian email accounts in response to search terms provided by Shaw pursuant to the Court's October 10, 2013 Agreed Protective Order and Order Governing Electronic Discovery. On September 27, 2013, I provided Thom Darling,

counsel for Zurich, with a proposed list of search terms and custodians to collect and produce emails responsive to Shaw's First Set of Document Requests. Attached hereto as **Exhibit A** is a true and correct copy of my September, 27, 2013 email to Mr. Darling, which provided the requested custodians, search terms and date range for the ESI search. Also attached hereto as **Exhibit B** is a true and correct copy of a October 30, 2013 email from counsel for Shaw Process Fabricators, Todd Hayes, to Mr. Darling that reminded him to respond to my September 27, 2013 request for the production of ESI. Mr. Darling never objected to Shaw's ESI search request or otherwise informed me or any other counsel for Shaw that Zurich would not be producing the requested ESI.

5.  Zurich's document production also contained other apparent deficiencies, including the failure to produce: the complete underwriting file for the Zurich policy year 2007-08, certain documents without missing lines and redactions, Zurich's Unbundled TPA Guidelines, all documents in Zurich's "separate DJ file," all documents noted on its privileged log, and Zurich's claim handling guidelines. Attached hereto as **Exhibit C** is a true and correct copy of my December 2, 2013 letter to Thom Darling that encloses deposition notices and outlines these apparent deficiencies with Zurich's document production.

6.  On October 3, 2013, Shaw served Zurich with deposition notices for a Zurich corporate representative under Rule 30(b)(6), and for individual depositions of Zurich officers/employees Joseph Kostkowski, Leo Bigley, and Rose Marie Orcino Madruga in New Orleans, Louisiana during the week of November 4, 2013. Attached hereto as **Exhibit D** is a true and correct copy of my letter to Mr. Darling and counsel for North American Specialty Insurance Company serving these deposition notices of Zurich.

7. On October 10, 2013, counsel for Shaw, Zurich, and NAS had a telephone conference to, among other things, discuss potential dates for the Zurich depositions and other depositions. During that telephone call, all counsel discussed holding some of the Zurich depositions while the parties were in Louisiana for a mediation during the week of November 18, 2013. Mr. Darling represented that he would talk to his client to confirm Shaw's proposal or propose alternative dates and/or locations for the Zurich depositions.

8. After receiving no response from Mr. Darling, Shaw served amended deposition notices on November 4, 2013 for all Zurich depositions to occur during the week of December 16, 2013 in Louisiana. Attached hereto as **Exhibit E** is a true and correct copy of my letter to Mr. Darling and counsel for North American Specialty Insurance Company serving these amended deposition notices of Zurich. Shaw sought to move the depositions to December in order to have sufficient time to first review the documents Zurich produced in November, 2013 in response to the Court's Order.

9. On November 22, 2013, I called Mr. Darling to confirm the depositions noticed for the week of December 16, 2013 in Louisiana. Attached hereto as **Exhibit F** is a true and correct copy of my November 22, 2013 email to Mr. Darling that documents my call and asks him to call me to confirm the depositions as soon as possible. I never received a call from Mr. Darling in response to my voicemail or this email.

10. Despite the Court's Scheduling Order requiring discovery to be completed by December 31, 2013, Mr. Darling served Shaw with interrogatories and document requests on December 6, 2013. Attached hereto as **Exhibits G and H** are true and correct copies of Zurich's interrogatories and document requests served on December 6, 2013 by email. On December

3

11, 2013, I informed Mr. Darling that Shaw objected to Zurich's December 6, 2013 interrogatories and document requests as untimely and requested that they be withdrawn by the end of the day. Attached hereto as **Exhibit I** is a true and correct copy of my December 11, 2013 email to Mr. Darling objecting to the untimely discovery requests. Zurich has not withdrawn this discovery or otherwise responded to Shaw's objection.

11. On December 2, 2013, I served Mr. Darling with second amended depositions for the Zurich depositions for the week of December 16, 2013 in Louisiana, which included three additional Zurich officers/employees Robert Boehning, Todd Schweitzer, and Ken Ford. *See* **Exhibit C, attached hereto.** In my December 2nd letter to Mr. Darling, I also requested that he provide a written response to my letter by December 4th given that the discovery cutoff was quickly approaching and that we have a meet a confer telephone conference on December 5th to resolve any issues that still remained. *See* **Exhibit C, attached hereto.**

12. I did not receive a letter from Mr. Darling on December 4th, but he did call me on December 5th to discuss the issues raised in my December 2nd letter. In that call, Mr. Darling agreed to: 1) confirm Shaw's noticed depositions of Zurich and/or provide alternative dates by no later than December 10th and 2) provide a written response to the ESI and document issues raised in my December 2nd letter by no later than end of day on December 9th. Attached hereto as **Exhibit J** is a true and correct copy of my December 5, 2013 email to Mr. Darling documenting our call that day and agreement as to how we would attempt to resolve the issues outlined in my December 2nd letter.

13. Mr. Darling did not respond to my December 2nd letter by December 9th as he had agreed to. On December 10, 2013 at 10:00 AM, Mr. Darling, I and Todd Hayes had a

4

telephone conference during which time Mr. Darling advised that he would be sending us his letter by 3:00 PM that day.  Mr. Darling also told us that Zurich would not be producing witnesses in Louisiana for the week of December 16th as Shaw noticed, and proposed to conduct the depositions in California and Pennsylvania sometime in January 2014.  Mr. Hayes and I told Mr. Darling that we needed specific dates and locations in order to consider his proposal.  Mr. Darling agreed and said he would provide a specific proposal by the end of the day.  As a result, we agreed to have another call at 3:00 PM that day.  Ultimately, Mr. Darling failed to call into the scheduled 3:00 PM telephone conference and has never otherwise provided me or Mr. Hayes with any alternative dates for the depositions.  Attached hereto as **Exhibit K** is a true and correct copy of my December 10, 2013 email to Mr. Darling documenting our planned call at 3:00 PM.

14.    To prepare this motion, associate David Suchar from my office spent 4.5 hours researching and drafting the memorandum of law, motion, motion for expedited relief, and proposed order in support of this motion.  Mr. Suchar's hourly rate is $355.  I spent 7.8 hours drafting and editing the memorandum of law, drafting this affidavit and assembling the exhibits for this affidavit, and directing the filing of this motion.  My hourly rate is $430. Combined, Shaw incurred a total of $4,951.50 in attorneys' fees related to the preparation and filing of this motion and supporting papers.  The work set forth above was actually performed for the benefit of Shaw and was necessary for the proper representation of Shaw.  Charges for any unnecessary or duplicative work have been eliminated from this calculation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 13th day of December, 2013, in Minneapolis, Minnesota.

<u>/s/ Jason A. Lien</u>
Jason A. Lien

**CERTIFICATE OF SERVICE**

    I certify that a true copy of this document was served via the Court's electronic filing system on December 13, 2013.

                      By /s/ Jason A. Lien
                        Jason A. Lien [MN No. #028936X]