UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. 3:12-cv-257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE RICHARD L. |
| COMPANY, ET AL | * | BOURGEOIS, JR. |

**************************************************

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

TO:     The Shaw Group, Inc. and Shaw Process Fabricators, Inc.

Through their counsel of record:

Mr. James D. O'Connor
MASLON, EDELMAN, BORMAN &
BRAND, L.L.P.
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402

Mr. Todd C. Hayes
Harper Hayes, P.L.L.C.
One Union Square
600 University, Suite 2420
Seattle, Washington  98101

Mr. William L. Schuette, Jr.
Jones Walker, L.L.P. – B.R.
8555 United Plaza Boulevard, Suite 500
Baton Rouge, Louisiana  70809

Defendant, Zurich American Insurance Company ("Zurich"), requests that plaintiffs respond to the following Requests for Production of Documents and Things within thirty (30) days, under oath or, if any objection is made, that the reason for such objection be given and that said responses be sworn to and signed by the person(s) making them, and further that any objection be signed by the attorney making them (if applicable), all in accordance with Rule 34 of the *Federal Rules of Civil Procedure*.  Defendant requests that the original of the following items be made available for review and copying at the offices of undersigned counsel.

EXHIBIT H

## INSTRUCTIONS

1. Please answer each Request for documents and/or things separately by listing the documents and/or things and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document, thing and/or other requested information that you assert is privileged or is not discoverable, identify that document, thing and/or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document and/or thing you claim is not discoverable, state the information required by the definition of "documents" below, and in addition state: (a) the author's name, job title and address; (b) the recipient's name, job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title and address of the person(s) now in possession of the document; and (e) the document's present location.

4. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

In the following requests:

a. The terms "Shaw", "you" or "your" mean and include The Shaw Group, Inc.

and/or Shaw Process Fabricators, Inc., and, as the context indicates, your attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on your behalf.

b.  The term "REC" means REC Solar Grade Silicon, L.L.C., and, as the context indicates, its attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on its behalf.

c.  The term "REC suit" means the lawsuit filed in the U.S. District Court for the Eastern District of Washington on behalf of REC Solar Grade Silicon, L.L.C., and entitled *"REC Solar Grade Silicon, L.L.C. v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc."*, and assigned docket number CV-09-188-RMP. It also includes any Reconventional Demands, Cross-Claims, Third Party Claims/Impleader, or any other related demand filed in the suit.

d.  The term "identify" means:

(1)  in the case of a natural person, to state the full name, last known residence address and telephone number, last known business address and telephone number, the last known occupation and business position or title held;

(2)  in the case of any other person, to state the name, the address, the place of incorporation or organization, and the principal place of business; and

(3)  in the case of a document, whether or not privilege is claimed, to state (i) the kind of document (e.g., letter, memorandum, telegram, etc.); (ii) the number of pages comprising the document; (iii) the present identity and location of the document; (iv) the date it bears, if any; (v) the date the document was prepared; (vi) whether the document was sent and, if so, the date it was sent; and (vii) the identity of the author, originator,

sender, each person who received the document (whether or not named as an addressee), and each person known to have read the document.

 e. The terms "pertaining" or "regarding" shall mean commenting on, including, concerning, containing, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, in whole or in part, and should be construed in the broadest sense of the word.

 f. In case of doubt as to the scope of a clause including "and," "or," "all," "any," "each," or "every," the intended meaning is inclusive rather than exclusive.

 g. If you find the meaning of any term in these Requests for Production of Documents and Things to be unclear, then you should assume a reasonable meaning.

 h. The singular includes the plural and vice versa; masculine, feminine and neuter are to be interchangeable as the context requires.

Defendant specifically requests ongoing supplementation of your answers in accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure.

**REQUEST NO. 1:**

Please produce any and all documents you used or referenced in answering Zurich's Interrogatories.

**REQUEST NO. 2:**

Please produce all settlement demands received from REC in the underlying claim, and Shaw's response to each demand.

**REQUEST NO. 3**

Please produce all correspondence between Shaw and any attorney representing Shaw in the underlying REC litigation.

**REQUEST NO. 4:**

Please produce any and all documents regarding your evaluation of the validity of REC's claims made in the REC suit.

**REQUEST NO. 5:**

Please produce any and all documents which support REC's claim for damages against Shaw arising out of the REC suit.

**REQUEST NO. 6:**

Please produce any and all documents which support Shaw's Counterclaim asserted in the REC suit.

**REQUEST NO. 7:**

Please produce any and all documents regarding the settlement negotiations and the settlement reached between Shaw and REC. This Request includes without limitation, written correspondence or e-mails discussing or negotiating the settlement between Shaw and its counsel and/or Shaw's counsel and REC's counsel, as well as the settlement agreement itself.

**REQUEST NO. 8:**

Please produce any and all documents regarding the settlement negotiations and the settlement reached between Shaw and Westchester Fire Insurance Company. This Request includes, without limitation, written correspondence or e-mails between Shaw's counsel and Westchester Fire Insurance Company's counsel, as well as the settlement agreement itself.

**REQUEST NO. 9:**

Please produce any and all documents regarding Shaw's attempts (if any) to remediate the damages caused by the allegedly defective pipe spools at REC's facility.

**REQUEST NO. 10:**

Please produce any and all documents relating to Shaw's employment/use of a third party administrator in this matter and any communications with a third party administrator arising out of the REC suit, including:

a. Agreements between Shaw and the third party administrator regarding handling of claims; and

b. Any communications between Shaw (or its attorneys) and the third party administrator regarding or arising out of the REC suit or Shaw's suit against Zurich.

**REQUEST NO. 11:**

Please produce any and all documents that support your claim for damages and penalties under any insurer bad faith statute, whether in Washington, Louisiana, or any other state which you may claim had insurer bad faith statutes which bear upon the relationship between Shaw and defendants in this suit.

**REQUEST NO. 12:**

Please produce any and all documents that support or tend to prove your allegations of bad faith, improper claim handling, lies, deceit, and/or misrepresentations against Zurich.

**REQUEST NO. 13:**

Please produce any and all documents evidencing your retention and/or payment for any services (whether they be for legal services, digital document services, expert

services, discovery related services, i.e., depositions transcripts, etc., or any other type of service) or any expenses you claim were reasonably necessary to defend yourself in the REC suit. This Request includes, without limitation, retention agreements, bids, proposals, fee schedules or receipts for:

a.  Professional legal services;

b.  Expert services;

c.  Digital/copying/file management services;

d.  Deposition transcription services;

e.  Travel, food, and/or lodging expenses; and

f.  any other services or expenses you content were reasonably necessary to defend yourself in the REC suit.

**REQUEST NO. 14:**

Please produce copies of any and all retention/fee agreements between you and your attorneys in your suit against Zurich.

**REQUEST NO. 15:**

Please produce any and all documents which support your assertion that the settlement between Shaw and REC which resolved the REC suit was reasonable.

**REQUEST NO. 16:**

Please produce any and all witness statements in any way pertaining to or regarding your claim of bad faith/improper claim handling against Zurich or the damages you allege to have suffered as a result of same.

**REQUEST NO. 17:**

For each expert witness you intend to call at trial, please provide:

    a.    Their resume;

    b.    All drafts and the final version of any reports or written opinions they have provided;

    c.    All documents or things which (i) you have provided to them and/or (ii) they have otherwise obtained and/or reviewed in evaluating the issues on which they opine.

    d.    All of their notes and working papers;

    e.    Any learned treaties or authorities on which they rely in any respect;

    f.    Any retainer agreements and other documents relating to or describing the expert's compensation in this matter; and

    g.    Any invoices or fee statements rendered by the expert.

**REQUEST NO. 18:**

Please produce any and all documents or things that you may seek to introduce into evidence at the trial of this matter.

**REQUEST NO. 19:**

Please produce any and all documents that you identified in response to Zurich's Interrogatories.

**REQUEST NO. 20:**

Please produce any and all documents you reviewed, referenced, or reviewed or used in preparation for your deposition pursuant to *Federal Rule of Civil Procedure* 30(b)(6).

**REQUEST NO. 21:**

Please produce any and all demand letters and/or Complaints (or other pleading

initiating a lawsuit), including any amendments thereto, you have made against any insurer for alleged bad faith and/or improper claims handling within the past ten years.

**REQUEST NO. 22**

Please produce all agreements, contracts or operating agreement between any Shaw entitiy, including but not limited to The Shaw Group, Inc. and Shaw Process Fabricators, Inc. and FARA or York Claim Services, Inc.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS
& GREMILLION, L.L.C.

_____
THOMAS W. DARLING, T.A. (#23020)
2223 Quail Run, Suite C-2
Baton Rouge, LA 70808
Telephone: (225) 663-6101
Facsimile: (225) 663-6102
tdarling@grhg.net
*Attorneys for Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December ___, 2013, a copy of the foregoing was transmitted to all counsel of record via facsimile, electronic mail, or by U.S. Mail, properly addressed, and First-Class postage prepaid.

_____