UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., et al.                                   CIVIL ACTION

VERSUS                                                          NO. 12-257-JJB-RLB

ZURICH AMERICAN INSURANCE
COMPANY, et al.

---

# ORDER

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") Motion to Compel (R. Doc. 206) and Zurich's Ex Parte Motion for Expedited Hearing (R. Doc. 207), filed on January 2, 2014. The deadline for filing all discovery motions and completing all discovery except experts was December 31, 2013.[1]

In their Motion, Zurich asks the Court to compel a non-party, the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), to produce certain documents requested in a subpoena duces tecum. According to Zurich, this subpoena was served on Baker Donelson on December 10, 2013. Also according to Zurich, Baker Donelson opposed the subpoena on the basis that it called for privileged information, that the time for compliance was unreasonable, and that compliance imposed an undue burden. (R. Doc. 206-1).

Rule 45 of the Federal Rules of Civil Procedure sets forth the process for a party to obtain certain information from non-parties. It also sets forth certain provisions for protecting a person subject to a subpoena, including the grounds for quashing or modifying a subpoena. Fed. R. Civ. P. 45(d).

---

[1] This deadline has been extended for certain limited purposes. (R. Docs. 193 and 195). Zurich has also asked that this deadline be extended without limitation. (R. Doc. 178). The Court has not ruled on that request.

The Memorandum in Support of the Motion to Compel indicates that the subpoena at issue is "attached as Exhibit 'A'", however no attachment was included. (R. Doc. 206-1).[2] Without a copy of the subpoena, the Court is unable to determine whether it was properly issued and served on Baker Donelson. In addition, without the content of the subpoena or the time allotted for compliance, the Court is unable to evaluate any of the arguments set forth in the Motion to Compel.

Rule 45 also sets forth the authority for a party, such as Zurich, to seek an order of compliance from a non-party. Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, *on notice to the commanded person*, the serving party may move the issuing court for an order compelling production or inspection." (emphasis added). In other words, a court may not order compliance with a subpoena under Rule 45, unless the subpoenaed party and the parties to the action have first been provided notice that the party has moved the Court for an order to compel. *See Beare v. Millington*, No. 07-3391, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010) ("there is no indication that plaintiffs served the motion to compel upon [the non-parties]. Thus, the motion to compel is denied without prejudice to renewal."); *Davis v. Brown*, No. 12-1906, 2013 WL 1933850, at *2 (E.D.N.Y. May 9, 2013) (denying pro se plaintiffs Rule 45 motion to compel against non-party because "there is no proof that the [non-party] was ever served with this motion."); *Patrick Collins, Inc. v. Joan Does 34-51*, No. 11-2143, 2012 WL 993379, at *1-2 (S.D. Ca. March 23, 2012) (noting that Rule 45(c)(2)(B)(i) requires notice to the responsive party of the motion to compel); *see also Andrade v. Cooper/T. Smith Stevedoring Co.*, No. 06-907, 2009 WL 5178301 (M.D. La. Dec. 15, 2009) (confirming that non-party had been served with a copy of the motion to compel prior to ordering production).

---

[2] There is also a reference to a portion of "Shaw's Second Amended Complaint and Jury Demand" that is "attached as Exhibit 'B'". As with Exhibit A, this exhibit has not been attached.

Here, the record does not indicate that the non-party, Baker Donelson, has been served with a copy of Zurich's Motion to Compel or is otherwise on notice of arguments advanced against its objections to the subpoena.

Finally, the deadline for filing discovery related motions was December 31, 2013. The Motion to Compel is untimely. Other than stating that the documents responsive to the outstanding subpoena would assist in preparation for certain depositions, the Court is provided with no explanation as to why the Motion was filed after the deadline to file discovery related motions.

Because the Court has not been provided with a copy of the subpoena at issue, there is nothing to indicate that Baker Donelson has been provided notice of the Motion to Compel, and the Motion is untimely, **IT IS ORDERED** that Zurich's Motion to Compel (R. Doc. 206) is **DENIED**. For these same reasons, Zurich's Ex Parte Motion for Expedited Hearing (R. Doc. 207) is **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on January 8, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**