# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE SHAW GROUP, INC., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-257-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, et al.** | |

---

## ORDER

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") Motion for Reconsideration of Motion to Compel Production Requested in Subpoena Duces Tecum (R. Doc. 220), filed on January 9, 2014.  The Motion for Reconsideration is opposed by the plaintiffs (R. Doc. 232).

The Court previously denied Zurich's Motion to Compel (R. Docs. 206 and 215) and now Zurich asks the Court to reconsider that denial based on steps taken to address the deficiencies noted by the Court.  In the Motion to Compel, Zurich asked the Court to compel a non-party, the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), to produce certain documents requested in a subpoena duces tecum.  As set forth in more detail in the Court's order, the Motion to Compel was denied because (1) the subpoena at issue was not provided to the Court in order to confirm it was properly issued, served, and not improper for any other reason; (2) there was no evidence that Baker Donelson was provided notice of Zurich's request for compelled production as required by Rule 45 of the Federal Rules of Civil Procedure; and (3) the Motion to Compel was filed beyond the existing deadline to file all discovery related motions and Zurich did not set forth good cause to explain why it was filed untimely.

In its Motion for Reconsideration, Zurich has now remedied the deficiencies outlined above.  Zurich has provided the Court with a copy of the subpoena (R. Doc. 220-2) and also confirmed that Baker Donelson has been served with a copy of the Motion to Compel (R. Doc. 220-7).  With respect to the timing of the filing of the Motion to Compel, Zurich has likewise provided an explanation to the Court for why it was filed on the first business day after the deadline.[1]  The Court is also aware of the circumstances regarding Zurich's previous lead attorney as set forth by Zurich in its request to extend the discovery deadlines.  That request was pending at the time the Motion to Compel was filed.  The Court has now ruled on that request and granted an extension (R. Doc. 236) further supporting a conclusion that the Motion to Compel should be reconsidered on its merits.[2]

Unfortunately, while the previous deficiencies may have been remedied, now that the Court has a copy of the subpoena, a new issue has arisen requiring the Court to deny the Motion for Reconsideration.

Subpoena Issued to Baker Donelson

Rule 45 of the Federal Rules of Civil Procedure sets forth the process for a party to obtain certain information from non-parties.  The subpoena to Baker Donelson was issued from the United States District Court for the Middle District of Louisiana on December 6, 2013.  Pursuant to the version of Rule 45 of the Federal Rules of Civil Procedure effective as of December 1, 2013, subpoenas "must issue from the court where the action is pending."  The subpoena, therefore, was issued from the proper court.

---

[1] The Motion to Compel was filed on January 2, 2014 (R. Doc. 206) and the deadline to file discovery related motions was December 31, 2013.

[2] In its opposition, the plaintiffs question whether a Motion for Reconsideration is proper under these circumstances. The Court agrees that a motion for reconsideration that merely presents the same arguments could be construed as a waste of judicial time and resources.  *See Burnett v. State Farm Fire & Cas. Co.*, Civ. A. 09-166-JJB, 2012 WL 716032 (M.D. La. March 5, 2012).  In this case, however, some of the deficiencies noted by the Court were easily remedied and the Motion to Compel could have simply been refiled once those deficiencies were corrected.  The Court considers the request for reconsideration properly brought before it.

The subpoena commands production at a law office located in Gretna, Louisiana.  Gretna is located in the Eastern District of Louisiana.  Assuming that this location in Gretna is within the geographic restrictions of Rule 45(c), the place of compliance would also be proper.

Finally, Rule 45 also sets forth the authority for a party, such as Zurich, to seek an order of compliance from a non-party.  Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."[3] Similarly, Rule 37 of the Federal Rules of Civil Procedure provides that a Motion for an Order Compelling Discovery from a nonparty "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).  The new version of Rule 45 likewise provides for a finding of contempt for failure to comply with such subpoena in the "court for the district where compliance is required" unless a motion is transferred to the issuing court.[4]

The December 1, 2013 amendments to Rule 45 allow litigants to have Rule 45 subpoenas issued from one court – the court where the action is pending.  The amendments also provide for nationwide service.  Both of these changes are undoubtedly more convenient to the parties in any civil litigation.

Those conveniences are still balanced by safeguards against undue burden on the non-parties subject to such subpoenas.  Those safeguards include geographic restrictions on place of compliance, imposition of a duty to take reasonable steps to avoid undue burden or expense, as well as the ability to move the court to quash or modify a subpoena in the district where

---

[3] The Court's prior order mistakenly cited the version of Rule 45 in effect prior to December 1, 2013.  Because the Court did not have a copy of the subpoena and was not aware that the place of compliance was outside of this district, it was unable to identify that the Motion to Compel was filed in the wrong district.

[4] A transfer requires consent by the person subject to the subpoena or "exceptional circumstances."  The Advisory Committee Notes identify certain circumstances that may give rise to such a finding as well as who bears the burden of showing that such circumstances exist.  This is a finding ultimately made by the compliance district.

compliance is required.  Consistent with those protections, enforcement of subpoenas to non-parties is still directed to the district court of the place of compliance.[5]  This ensures that the non-party is not subject to the burden and expense of enforcing its rights and interests in every state and federal district merely because a party to a lawsuit in that state or district wants records in the non-party's possession.

While those concerns may not be as significant for a law firm that actually has an office in the Middle District of Louisiana, because the place of compliance for the subpoenas at issue is not in the Middle District of Louisiana, this Court cannot compel compliance with such subpoena or otherwise provide the relief requested by Zurich.  As such, Defendant's Motion for Reconsideration is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Given that under the revised rule the issuing court will now always be the court where the action is pending, the terminology has been changed to reflect that the court for the district where compliance is required is to handle these disputes.