UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2014 JAN 21  PM 3: 32

WILLIAM W. BLEVINS
CLERK

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. **14-162** |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE **SECT. C MAG. 2** |
| COMPANY, ET AL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO COMPEL PRODUCTION REQUESTED IN *SUBPOENA DUCES TECUM*

**NOW COMES**, defendant, Zurich American Insurance Company ("Zurich"), and moves this Honorable Court for an Order compelling Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker") to produce all documents requested in a *subpoena duces tecum* served on it by Zurich on December 10, 2013.  This Motion arises out of a case currently pending in the U.S. District Court for the Middle District of Louisiana, bearing Civil Action No.:  3:12-cv-257 and heard by Judge James J. Brady, and Magistrate Judge Richard L. Bourgeois, Jr.

This Motion is being filed in this District pursuant to *Federal Rule of Civil Procedure 45*, as amended and effective December 1, 2013.

Baker's former client, Shaw, placed the work of its defense attorneys in the underlying suit at issue in the current lawsuit, and therefore, waived the protections of both the attorney-client privilege and the work-product immunity doctrine.

For this reason, and the reasons more fully set forth in its Memorandum in Support, Zurich requests the Court order Baker to produce the documents requested via *subpoena*.

Counsel for Zurich certifies that he has conferred with counsel for Baker and they were unable to resolve the dispute which is the subject of this motion.

Fee 40.00 pd
Process_____
X Dktd _____
CtRmDep_____
Doc. No._____

-1-

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS &
GREMILLION, L.L.C.

_____

MICHAEL D. PEYTAVIN (#14315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500 (70056)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
*Attorneys for Zurich American Insurance*
*Company*

## CERTIFICATE OF SERVICE

I, John J. Danna, Jr., certify that I have this day electronically served a true and
correct copy of the foregoing to:

Email:
james.oconnor@maslon.com
jason.lien@maslon.com
david.suchar@maslon.com
James Duffy O'Connor
Jason A. Lien
David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
   *Attorneys for The Shaw Group, Inc.*

Email:
wschuette@joneswalker.com
kainsworth@joneswalker.com
William L. Schuette, Jr.
Kevin O. Ainsworth
Jones Walker LLP - B.R.

8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000
   *Attorneys for Shaw Process*
   *Fabricators, Inc.*

Email:
grusso@joneswalker.com
Gary J. Russo
Jones Walker LLP - Lafayette
P. O. Drawer 3408
Lafayette, LA 70502-3408
   *Attorney for Shaw Process*
   *Fabricators, Inc.*

Email:
todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC

One Union Square
600 University, Suite 2420
Seattle, WA 98101
  *Attorney for Shaw Process*
  *Fabricators, Inc.*

Email:
parentoc@phelps.com
Caroline H. Parenton
Phelps Dunbar LLC
P. O. Box 4412
Baton Rouge, LA 70821-4412
  *Attorneys for Shaw Process*
  *Fabricators, Inc.*

Email:
jhite@shmnola.com
plambert@shmrlaw.com
mrutledge@shmrlaw.com
John W. Hite, III
Peyton C. Lambert
Michael W. Rutledge
Salley, Hite, Mercer & Resor, LLC
365 Canal Street
One Canal Place, Ste. 1710
New Orleans, LA 70130
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
bwinslow-nason@cozen.com
wknowles@cozen.com
Brendan Winslow-Nason
William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle WA 98101
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
tjones@cozen.com
Thomas M. Jones
Cozen and O'Connor - PA
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
jskaggs@cozen.com
Jake P. Skaggs
Cozen O'Connor
1221 McKinney, Suite 2900
Houston, TX 77010
  *Attorneys for North American*
  *Specialty Insurance Company*

    This 21 day of January, 2014.

                              JOHN J. DANNA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. **14-162** |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE **SECT. C MAG.2** |
| COMPANY, ET AL | * | |

************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION REQUESTED IN *SUBPOENA DUCES TECUM*

**MAY IT PLEASE THE COURT:**

This Motion arises out of a case currently pending in the U.S. District Court for the Middle District of Louisiana, bearing Civil Action No.: 3:12-cv-257 and heard by Judge James J. Brady, and Magistrate Judge Richard L. Bourgeois, Jr. It is being filed in this District pursuant to *Federal Rule of Civil Procedure 45*, as amended and effective December 1, 2013. Rule 45, as amended, now requires a subpoena duces tecum to issue from the Court in which the action is pending (in this case, M.D. La.). If the party served with the subpoena duces tecum refuses to respond, it permits the party demanding production to file a Motion to Compel in the district court in which the production is to be made (in this case, E.D. La.). *See FRCP* 45(d)(2)(B)(i).[1]

On December 10, 2013 Zurich American Insurance Company ("Zurich") served a *subpoena duces tecum* on Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker") requiring the production of certain documents in its possession relating to its

---

[1] The Rule also requires the party who has failed to comply with the *subpoena* be given notice of the Motion to Compel. The undersigned has complied with this requirement by having a copy of the Motion to Compel served on Baker's registered agent for service of process prior to the filing of this Motion. If the Court requires sworn proof of such service, Zurich will provide such proof immediately upon the Court's request.

representation of The Shaw Group, Inc. and/or Shaw Process Fabricators, Inc. (collectively, "Shaw") in the suit entitled *REC Solar Grade Silicon LLC v. The Shaw Group Inc. et al.*, No. 2:09-CV-188-LRS, filed in the U.S. District Court for the Eastern District of Washington (the "REC suit"). *See subpoena duces tecum*, attached as Exhibit "A", and return of service on *subpoena duces tecum*, attached as Exhibit "B".

Zurich requested such documents to properly defend itself against Shaw's allegations that Zurich breached duties owed to Shaw and otherwise failed to adequately defend Shaw in the REC suit. The allegations clearly put the file materials and communications between Baker and Shaw arising out of the REC suit "at issue" in this coverage action subjecting them to disclosure despite their ordinarily privileged status.

In response to the *subpoena*, Baker filed objections to the required production, without providing a privilege log, and asserting non-specific, "boiler-plate" objections to the *subpoena* based on the attorney-client privilege and the work product immunity doctrine. See Objections, attached as Exhibit "C".

Baker also alleges the *subpoena* did not give it a reasonable time to respond, and was harassing and unduly burdensome.

For the reasons set forth below, the Court should order Baker to comply with the *subpoena* served upon it by Zurich and be made to provide responsive documents.

A.    Shaw Waived Attorney-Client Privilege.

Under Louisiana law, the attorney-client privilege may be waived by placing the privileged-communication "at issue". Placing a privileged communication at issue means:

> that the waiving party 'pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privileged communication at trial in order to prevail.'

*Conoco, Inc. v. Boh Brothers Construction Co.*, 191 F.R.D. 107 (W.D. La. 1998) (citations

omitted); *see also, Consolidated Health Plans, Inc. v. Principal Performance Group, Inc.*, 2003 WL 1193663 (E.D. La. 2003), pp. 6-7.

In *Consolidated, supra*, Magistrate Judge Knowles held because of the claims plaintiff asserted in its suit, it waived the attorney-client privilege. Plaintiff was a third party health plan administrator. *Consolidated*, 2003 WL 1193663 at p. 1. It hired defendant to review bills submitted by healthcare providers for excessive or inaccurate charges. Numerous healthcare providers were dissatisfied with defendant's auditing practices, and in retaliation stopped accepting patients whose health coverage was administered by plaintiff. This caused plaintiff a substantial loss of revenue. *Id.*

Plaintiff sued defendant, alleging defendant misrepresented its prior, negative, bill review experiences with local healthcare providers and healthcare providers' similar retaliatory actions. *Consolidated*, 2003 WL 1193663 at pp. 1-2.

During plaintiff's corporate deposition, its representative refused to answer questions regarding essential elements of its claim based on the attorney-client privilege. Namely, plaintiff hid behind the attorney-client privilege and refused to discuss when it determined defendant had made misrepresentations to it. *Id.* at p. 2. Magistrate Knowles held, if the basis for plaintiff's failure to discuss essential elements of its claim was that such information was protected by the attorney-client privilege, plaintiff would be unable to prove its case without disclosing such communications. Id. at pp. 7-8.

Therefore, such communications fell squarely within the implicit waiver of the attorney-client privilege under Louisiana law. Plaintiff put its attorney-client communications at issue, which required disclosure of the privileged documents. *Id.*

In this case, Shaw has made a large number of allegations against Zurich arising out of its alleged bad faith handling of Shaw's defense in the REC suit. It will be impossible

for Shaw to successfully prove its claim without referring to allegedly privileged

communications between it and its defense counsel.

While most, if not all, of the allegations against Zurich put at issue its representation

by defense counsel (including Baker), Zurich specifically notes the following allegations:

> 16.    Since undertaking the defense of The Shaw Group and
> Shaw Process Fabricators in the Underlying Litigation under a
> reservation of rights, Zurich disputed the extent to which it was
> obligated to pay for defense costs.    Zurich unreasonably
> breached its duty to defend by failing to pay for the defense in
> a timely manner.

*See* Shaw's Second Amended Complaint and Jury Demand, p. 6, para. 16, attached as

Exhibit "D".

> 17.    Having undertaken to defend the [REC suit] under
> reservation of rights, Zurich was bound to comply with certain
> "enhanced obligations" of good faith . . . requiring that [it]
> "abstain from deception, and practice honesty and equity in all
> insurance matters" . . . Zurich violated these enhanced
> obligations of good faith by failing to recognize [Shaw] as
> [Baker's] sole client, and instead, directing such counsel to be
> its "partners" . . .

*Id.* at pp. 6-7, para. 17.

> 23.    Zurich controlled the defense of [Shaw] in the [REC
> suit].    Having done so, Zurich was obligated to exercise the
> degree of reasonable care applicable to the defense of actions
> pending in the Eastern District of Washington.    Zurich
> breached that duty, proximately causing damage to Plaintiffs
> herein in an amount to be proved at trial.

*Id.* at pp. 9, para. 23.

Shaw could only learn of the effect Zurich's acts or omissions had on its defense by

discussing such issues with Baker.  Additionally, only Baker's communications with Shaw

and its related file materials can prove the defense was handicapped or otherwise made

to suffer as a result of Zurich's alleged failures.  Shaw can not prove the control Zurich

inappropriately exercised over the defense of the REC suit or the degree of care it allegedly failed to exercise unless it references communications between itself and Baker.

Since Shaw can not prove its case without referencing or referring to communications between itself and Baker, such communications are "at issue" in this suit, and the attorney-client privilege is deemed waived.

If Baker's objection (which is presumptively made on behalf of its former client)[2] is allowed to stand, it will permit Shaw to use the attorney-client privilege as both a shield (protecting certain communications between itself and Baker from disclosure) and a sword (using knowledge gained in its communications with Baker as the basis for proving its claims against Zurich). The attorney-client privilege was designed to be used as a shield only. Such double use is not permitted, and must be rejected. See *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).

Alternatively, if Washington State law applies, the standard for determining whether the attorney-client privilege has been waived is even lower.[3]

Under Washington law, a party waives the attorney-client privilege when:

> 1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party;
>
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
>
> (3) application of the privilege would have denied the opposing party access to information vital to his defense.

___

[2] *La. Code of Evidence*, art. 501(D) states in pertinent part: "[T]he lawyer . . . at the time of the communication is presumed to have authority to claim the privilege on behalf of the client . . .

[3] The U.S. District Court for the Middle District of Louisiana has held that Washington State's substantive law regarding bad faith insurance claim handling is applicable to the case.

*Pappas v. Holloway*, 114 Wash. 2d 198, 207, 787 P.2d 30, 36 (Wash. 1990), *citing Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash 1975).

In *Pappas*, plaintiff filed suit against defendant to recover fees for his legal services in defending a suit. Defendant denied plaintiff's allegations and reconvened against him for malpractice allegedly committed in defending the lawsuit. Plaintiff filed third-party demands against all other attorneys who represented defendants in the lawsuit. *Pappas*, 114 Wash. 2d at 203.

Plaintiff demanded production of documents between third-party defendants' and defendants arising out of the lawsuit. Third-party defendants refused to produce documents based on the attorney-client privilege. Plaintiff filed a Motion to Compel. *Id.*

The Court held plaintiff was entitled to the documents because defendants, by filing their counter claim, made their legal representation throughout the case an issue. By asserting their claim, defendants made the issue relevant in the case, and by denying production, plaintiff would not be able to effectively defend himself. According to the Court the attorney-client privilege was intended to be used as a shield. To allow third-party defendants to assert it in this case would be tantamount to allowing it to be used as a sword. *Id.* at 207-208.

This is quite similar to the case now before the Court. In this case, Shaw has alleged certain acts or omissions of Zurich caused it damages as they relate to defense counsel. Shaw has made an affirmative act in this case by making the allegations. By doing this, they made their communications with defense counsel relevant in this case. Finally, to not allow Shaw to view defense counsel's files would frustrate Zurich's ability to adequately defend itself.

In *Bank of America v. Travelers Indem. Co.*, 2009 WL 2578966 (W.D. Wash.), the

district judge held the attorney-client privilege was waived by plaintiff. In *Bank of America*, plaintiff was a trustee of land which contaminated adjacent land. The adjacent landowner sued plaintiff, and plaintiff retained defense counsel which also represented plaintiff's co-defendants in unrelated matters. Plaintiff signed a waiver of conflicts, acknowledging defense counsel could not sue the co-defendants it represents in other matters. *Bank of America*, 2009 WL 2478966 at p. 2.

Plaintiff eventually settled with the adjacent landowner, and then tendered its claim to its own insurer demanding reimbursement for both amounts paid in settlement and its attorneys' fees. In response, its insurer filed a cross-claim for declaratory relief against plaintiff, arguing plaintiff breached the notice provision of the insurance policy and such breach caused it prejudice. *Id.*

Citing *Pappas*, *supra*, the Court identified the three factors which evidence a waiver of the attorney-client privilege. The Court held plaintiff had waived its attorney-client privilege first by filing its claim for coverage under the policy. Filing its claim was the affirmative act which placed late notice and prejudice to insurer at issue. Insurer alleged it would have hired different counsel for plaintiff who could have asserted cross-claims against defense counsel's clients. In order to prove its case, insurer needs to be able to evaluate attorney-client decisions made, the litigation strategy, whether certain defenses were considered, and the impact defense counsel's loyalty to its other clients affected the handling of plaintiff's case. *Id.*

This case is also similar to the case now before the Court. Again, Shaw has placed its defense in the underlying suit at issue by alleging Zurich's allegedly problematic payment of bills and control of the defense constituted bad faith which caused it damage. These issues were set forth affirmatively in plaintiff's Complaint (and amendments).

-7-

Absent reviewing defense counsel's file and communications with plaintiff, it is impossible for Zurich to know how its alleged acts or omissions affected Shaw's defense and how such acts rendered Zurich liable for bad faith.

B.    Baker/Shaw Cannot Hide Behind the Work-Product Immunity Doctrine.

Baker also objects to Zurich's *subpoena* because such documents were created in anticipation of litigation or in preparation for trial. Again, it provides no log or any similar means by which Zurich could evaluate whether responsive documents are protected from production.

*Federal Rule of Civil Procedure* 26(b)(3)(A) serves to protect documents, writings and other tangible things from production when such things were created in anticipation for litigation or for trial. It also recognizes a distinction between "ordinary" and "opinion" work product. *Sporck v. Peil*, 759 F.2d 312 (3rd Cir. 1985).

"Ordinary" work product will be ordered produced "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FRCP 26(b)(3); *Thomas v. Gen. Motors Corp.*, 174 F.R.D. 386, 388 (E.D. Tex. 1997).

"Opinion" work product, which conveys the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative," has been accorded almost absolute protection from discovery by some courts. *See Thomas*, 174 F.R.D. at 388; *Sporck*, 759 F.2d at 316; *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5 th Cir. 1982).

However, "opinion" work product is subject to disclosure in two instances: (1) when "mental impressions are at issue in a case and the need for the material is compelling."

*Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir.1992);

*Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 933 (N.D. Cal. 1976); *Biggers*

*v. State Farm Ins. Co.*, 1993 WL 408375 (E.D. La.1993); *Bird v. Penn Central Co.*, 61

F.R.D. 43 (E.D. Pa.1973); and (2) pursuant to the crime-fraud exception to discovery. *In*

*re Int'l Sys.*, 693 F.2d at 1242.

In *Conoco, supra*, the District Court held both ordinary and opinion work-product

discoverable. Plaintiff sued defendant for contractual indemnity and defendant's insurer

for coverage and defense costs, arising out of a claim for damages following defendant's

employees' exposure to a toxic substance. *Conoco*, 191 F.R.D. at 109.

Conoco settled with defendant's employees, and when asserting its claim for

indemnity, it alleged the settlements into which it entered with defendant's employees were

reasonable. This necessarily implicated the mental impressions of plaintiff's attorney with

respect to his analysis of the basis for liability and the reasonableness of the settlement

paid. *Id.* at 118-119. The Court held that since defendant showed a compelling need for

the information, and there was no other way for defendant to obtain the information, both

ordinary and opinion work-product were discoverable. *Id.*

Similarly, in this case, the mental impressions of Baker are important to a

determination of the issues. Shaw has alleged that payments to defense counsel were not

made in a timely fashion. The effect this had on the Baker's representation, if any, must

be ascertained in order to determine what damages, if any, Shaw sustained. The entire

file must be analyzed to determine whether Zurich's alleged failures caused any negative

impact on Shaw's defense. Furthermore, Shaw has alleged that Zurich interfered with its

defense by requesting defense counsel be its "partner". The basis for this allegation is

unknown to Zurich, so the only way it can learn how Shaw arrived at its conclusion is to

review Baker's file as requested in Zurich's *subpoena*.

Shaw has placed the mental impressions and opinions of counsel at issue in this suit. Zurich has no other way of learning about this information aside from reviewing the documents sought in its subpoena. Thus, Zurich has shown it has a compelling need for these documents.

Responsive documents must be produced.

C.    The Amount of Time to Respond to Zurich's *Subpoena* Was Not Unreasonable.

Baker alleges the amount of time it was given to respond to Zurich's *subpoena* was unreasonable. However, Baker never contacted the undersigned to discuss the reasonableness of the allotted time. It could have offered partial production; requested an extension; offered a more limited production; or even discussed ways that the same information may be produced in a more easily accessible format.

For instance, Zurich makes a number of requests regarding the time sheets of various attorneys working on the Shaw file. Rather than require production of the actual timesheets, handwritten and possibly archived, Zurich would accept computer print-outs of the various attorneys' time records for the relevant time periods. Further, Zurich would agree to not disclose the names of Baker's clients or use the information for any other purpose than the current litigation. Surely, a law firm with the technological wherewithal of Baker, has sufficiently advanced billing software that responsive time logs could be generated with a few keystrokes and clicks of a mouse.

However, rather than even attempt to comply, it filed boilerplate objections and did not even attempt to confer with Zurich's counsel for possible alternative, less time consuming ways of producing the same information. Neither it, nor Shaw requested a modification of the *subpoena*.

Regardless, three weeks to produce, or at least begin to produce, documents which are sufficiently limited was a reasonable time. Even excepting weekends and the Christmas holiday, Baker still had 14 business days to comply. However, it chose not to not do so.

Production of responsive documents must be compelled within a reasonable time frame established by the Court.

D. Zurich's *Subpoena* Does Not Harass or Impose an Undue Burden on Baker.

"When the burdensomeness of a subpoena is at issue, the onus is on the party alleging the burden, and assertions of a burden without 'specific estimates of staff hours needed to comply are typically rejected.'" *Thomas v. IEM, Inc.*, 2008 WL 695230 (M.D. La.) (citation omitted). In this case, such burden falls on Baker. Baker has not sufficiently alleged any valid basis for finding Zurich's *subpoena* was overly burdensome. It certainly did not allege the number of hours and related costs associated with responding to Zurich's *subpoena*.

However, more importantly, (like in its argument regarding lack of reasonable time in which to respond) its argument rests on vague generalizations regarding the size of its file and the difficulty it would have accumulating responsive documents. More than likely it had a "client correspondence file" that contained a large number of responsive documents. Baker can not seriously argue that correspondence between itself and its former client is randomly shuffled into the thousands of pages of documents contained in its file. At the very least it could have pulled its correspondence file and submitted it as a partial response to Zurich's *subpoena*.

It also could have offered Zurich the opportunity to retain a mutually agreeable company that specializes in ESI investigations. It could make its e-mail and

correspondence archives available for searching, allow the company to pull all potentially responsive documents, and then simply review those documents. In this way, Zurich would bear the majority of the cost of retrieving and producing responsive documents. Instead, Baker refused to even attempt to discuss the manner in which Zurich could bear the costs of potential production. It merely asserted run-of-the-mill objections, interspersed with overblown generalizations regarding how "burdensome" compliance with Zurich's *subpoena* would be.

The Court should not rely on such vagaries, and should compel legitimate responses to Zurich's *subpoena*.

## CONCLUSION

Baker has not asserted any valid objections to its duty to comply with Zurich's *subpoena duces tecum*. According to the relevant legal analysis, Shaw waived the protections of the attorney-client privilege and work-product immunity doctrines by putting Zurich's handling of its defense obligations and Zurich's good faith at issue in this suit. Its other arguments regarding reasonableness of time to respond to the *subpoena*, and whether responding to the *subpoena* was overly burdensome, are simply too vague to abrogate its duty to respond to Zurich's *subpoena duces tecum*. The Court should order Baker to respond to the *subpoena*, subject to any modifications set by the Court.[4]

---

[4]Generally, modification of a subpoena is preferable to quashing it outright. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th 2004).

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

_____

MICHAEL D. PEYTAVIN (#12315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500 (70056)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
*Attorneys for Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I, John J. Danna, Jr., certify that I have this day electronically served a true and correct copy of the foregoing to:

Email:
james.oconnor@maslon.com
jason.lien@maslon.com
david.suchar@maslon.com
James Duffy O'Connor
Jason A. Lien
David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
  *Attorneys for The Shaw Group, Inc.*

Email:
wschuette@joneswalker.com
kainsworth@joneswalker.com
William L. Schuette, Jr.
Kevin O. Ainsworth
Jones Walker LLP - B.R.
8555 United Plaza Blvd., Suite 500

Baton Rouge, LA 70809-7000
  *Attorneys for Shaw Process Fabricators, Inc.*

Email:
grusso@joneswalker.com
Gary J. Russo
Jones Walker LLP - Lafayette
P. O. Drawer 3408
Lafayette, LA 70502-3408
  *Attorney for Shaw Process Fabricators, Inc.*

Email:
todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420

Seattle, WA 98101
  *Attorney for Shaw Process
  Fabricators, Inc.*

Email:
parentoc@phelps.com
Caroline H. Parenton
Phelps Dunbar LLC
P. O. Box 4412
Baton Rouge, LA 70821-4412
  *Attorneys for Shaw Process
  Fabricators, Inc.*

Email:
jhite@shmnola.com
plambert@shmrlaw.com
mrutledge@shrmlaw.com
John W. Hite, III
Peyton C. Lambert
Michael W. Rutledge
Salley, Hite, Mercer & Resor, LLC
365 Canal Street
One Canal Place, Ste. 1710
New Orleans, LA 70130
  *Attorneys for North American
  Specialty Insurance Company*

Email:
bwinslow-nason@cozen.com
wknowles@cozen.com
Brendan Winslow-Nason
William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle WA 98101
  *Attorneys for North American
  Specialty Insurance Company*

Email:
tjones@cozen.com
Thomas M. Jones
Cozen and O'Connor - PA
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
  *Attorneys for North American
  Specialty Insurance Company*

Email:
jskaggs@cozen.com
Jake P. Skaggs
Cozen O'Connor
1221 McKinney, Suite 2900
Houston, TX 77010
  *Attorneys for North American
  Specialty Insurance Company*

This 21 day of January, 2014.

_____
JOHN J. DANNA, JR.

-14-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. **14-162** |
| | * | |
| VERSUS | * | JUDGE **SECT. C MAG. 2** |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE |
| COMPANY, ET AL | * | |

**************************************************

### NOTICE OF SUBMISSION OF
### MOTION TO COMPEL PRODUCTION REQUESTED IN *SUBPOENA DUCES TECUM*

PLEASE TAKE NOTICE that Zurich American Insurance Company's Motion to Compel Production Requested in *Subpoena Duces Tecum* is set for submission on February 12, 2014 at 1:00 a.m.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

MICHAEL D. PEYTAVIN (#14315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500 (70056)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
*Attorneys for Zurich American Insurance
Company*

## CERTIFICATE OF SERVICE

I, John J. Danna, Jr., certify that I have this day electronically served a true and correct copy of the foregoing to:

Email:
james.oconnor@maslon.com
jason.lien@maslon.com
david.suchar@maslon.com
James Duffy O'Connor
Jason A. Lien
David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
    Attorneys for The Shaw Group, Inc.

Email:
wschuette@joneswalker.com
kainsworth@joneswalker.com
William L. Schuette, Jr.
Kevin O. Ainsworth
Jones Walker LLP - B.R.
8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000
    Attorneys for Shaw Process
    Fabricators, Inc.

Email:
grusso@joneswalker.com
Gary J. Russo
Jones Walker LLP - Lafayette
P. O. Drawer 3408
Lafayette, LA 70502-3408
    Attorney for Shaw Process
    Fabricators, Inc.

Email:
todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101

Attorney for Shaw Process
Fabricators, Inc.

Email:
parentoc@phelps.com
Caroline H. Parenton
Phelps Dunbar LLC
P. O. Box 4412
Baton Rouge, LA 70821-4412
    Attorneys for Shaw Process
    Fabricators, Inc.

Email:
jhite@shmnola.com
plambert@shmrlaw.com
mrutledge@shrmlaw.com
John W. Hite, III
Peyton C. Lambert
Michael W. Rutledge
Salley, Hite, Mercer & Resor, LLC
365 Canal Street
One Canal Place, Ste. 1710
New Orleans, LA 70130
    Attorneys for North American
    Specialty Insurance Company

Email:
bwinslow-nason@cozen.com
wknowles@cozen.com
Brendan Winslow-Nason
William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle WA 98101
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
tjones@cozen.com
Thomas M. Jones
Cozen and O'Connor - PA
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
jskaggs@cozen.com
Jake P. Skaggs
Cozen O'Connor
1221 McKinney, Suite 2900
Houston, TX 77010
  *Attorneys for North American*
  *Specialty Insurance Company*

This 21 day of January, 2014.

_____
JOHN J. DANNA, JR.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Louisiana

| | | |
|---|---|---|
| The Shaw Group, Inc., et al | ) | |
| *Plaintiff* | ) | Civil Action No.   3:12-cv-257 |
| v. | ) | |
| Zurich American Insurance Company, et al | ) | *(If the action is pending in another district, state where:* |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., through its regsitered agent, DANIELLE TROSTORFF,
      201 Saint Charles Avenue, Suite 3600, New Orleans, Louisiana 70170.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See Exhibit "A", attached hereto.

| Place:  Law Offices of Gaudry, Ranson, Higgins & Gremillion, L.L.C., 401 Whitney Ave Suite 500 Gretna, LA 70056 | Date and Time: 12/31/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date: *12-6-2013*

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Zurich American____
__Insurance Company_____, who issues or requests this subpoena, are:
Thomas W. Darling (La. Bar No. 23020), Gaudry, Ranson, Higgins & Gremillion, L.L.C., 2223 Quail Run, Suite C-2,
Baton Rouge, Louisiana 70808

**EXHIBIT**

A

ALL STATE LEGAL®

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:12-cv-257

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., ET AL     *     CIVIL ACTION NO. 3:12-cv-257
    *
VERSUS     *     JUDGE JAMES J. BRADY
    *
ZURICH AMERICAN INSURANCE     *     MAGISTRATE RICHARD L.
COMPANY, ET AL     *     BOURGEOIS, JR.
************************************************

## EXHIBIT "A" TO *SUBPOENA DUCES TECUM*

Zurich American Insurance Company ("Zurich") requests Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker") to produce the documents identified below as directed in the *subpoena duces tecum*. Zurich only seeks documents arising out of Baker's representation of The Shaw Group, Inc. and/or Shaw Process Fabricators, Inc. in the REC suit (as identified in the definition below).

### INSTRUCTIONS AND DEFINITIONS

1.     All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

2.     The terms "you" or "your" mean and include Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., and, as the context indicates, your attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on your behalf.

3.     The term "REC" means REC Solar Grade Silicon, L.L.C., and, as the context indicates, its attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on its behalf.

4.     The term "REC suit" means the lawsuit filed in the U.S. District Court for the

Eastern District of Washington on behalf of REC Solar Grade Silicon, L.L.C., and entitled *"REC Solar Grade Silicon, L.L.C. v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc."*, and assigned docket number CV-09-188-RMP. It also includes any Counterclaims, Cross-Claims, Third Party Claims/Impleader, or any other related demand filed in the suit.

<u>DOCUMENTS TO BE PRODUCED</u>

1.    Any and all correspondence/communications between you and Shaw regarding Shaw's solicitation of your services, your retention, the fees you agreed upon, or file management/handling procedures regarding the REC suit.

2.    Any and all correspondence/communications between you and Shaw regarding your assessment of the merits of REC's claims against Shaw.

3.    Any and all correspondence/communications between you and Shaw regarding your prosecution of Shaw's Counterclaim against REC.

4.    Any and all correspondence/communications between you and Shaw or you and opposing counsel regarding settlement negotiations or settlement of the REC suit in general.

5.    Any and all documents/bills regarding the professional services you rendered to Shaw and arising out of the REC suit. This request includes any and all supporting documents for costs you may have advanced or services you may have retained on behalf of Shaw in the defense of the REC suit.

6.    Any and all correspondence/communications between you and Zurich and/or any third party administrator regarding the handling, settlement, or defense of the REC suit.

7.    Any and all agreements between you and Zurich and/or any third party administrator as to fees you charged arising out of the REC suit.

8.    Any and all documents/correspondence/communications regarding Zurich's evaluation of your bills, your response to Zurich's evaluation, and Zurich's response to your response.

9.    Any and all documents which may substantiate or relate to a claim for bad faith or improper claims handling by Zurich in the REC suit.

10.    Any and all invoices submitted reflecting your work on the REC claim.

11.    Evidence of payment on all invoices for your work on the REC claim.

12.    Copy of Zurich Guidelines regarding your work on the REC claim.

13    Timesheets indicating any work performed by any Baker Donaldson employee reflecting work on the REC claim.

14.    Any document reflecting the total monthly hours billed by any Baker Donaldson employee who billed more than 50 hours on the REC claim.

G:\0262\2118\DISCOVERY\Responses to Interrogatories and Req for Prod.wpd

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action                    *Return*

# UNITED STATES DISTRICT COURT
### for the
Middle District of Louisiana

| | |
|---|---|
| The Shaw Group, Inc., et al | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   3:12-cv-257 |
| Zurich American Insurance Company, et al | ) |
| | )     (If the action is pending in another district, state where: |
| *Defendant* | )                                  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., through its regsitered agent, DANIELLE TROSTORFF, 201 Saint Charles Avenue, Suite 3600, New Orleans, Louisiana 70170.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit "A", attached hereto.

| Place:   Law Offices of Gaudry, Ranson, Higgins & Gremillion, L.L.C., 401 Whitney Ave Suite 500 Gretna, LA 70056 | Date and Time:<br><br>      12/31/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *12-6-2013*

               *CLERK OF COURT*

                                          OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Zurich American Insurance Company _____ , who issues or requests this subpoena, are:
Thomas W. Darling (La. Bar No. 23020), Gaudry, Ranson, Higgins & Gremillion, L.L.C., 2223 Quail Run, Suite C-2, Baton Rouge, Louisiana 70808

**EXHIBIT**

B

ALL-STATE LEGAL®

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:12-cv-257

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Baker, Donelson

was received by me on *(date)* 12/10/13 .

☑ I served the subpoena by delivering a copy to the named person as follows: Danielle

_____ on *(date)* 12/10/13 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: 12/10/13

_____
Server's signature

Michael Porteous / Process Server
Printed name and title

858 Camp St. NOLA 70119
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC. et al. | * | CIVIL ACTION |
| | * | |
| Plaintiffs, | * | NO. 3:12-cv-257 |
| | * | |
| v. | * | |
| | * | JUDGE JAMES J. BRADY |
| ZURICH AMERICAN INSURANCE | * | |
| COMPANY, et al. | * | |
| | * | MAGISTRATE RICHARD L. |
| | * | BOURGEOIS, JR. |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## OBJECTIONS TO SUBPOENA DUCES TECUM ISSUED
## BY ZURICH AMERICAN INSURANCE COMPANY

non-party Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"),
hereby respectfully objects to the subpoena *duces tecum* served upon it on December 10, 2013,
by defendant, Zurich American Insurance Company ("Zurich"), under Rule 45(d) of the Federal
Rules of Civil Procedure because the subpoena, seeking fourteen broad categories of
documentation and records, requires the disclosure of protected attorney-client communications
and work-product, fails to allow a reasonable time to comply and/or imposes undue burden upon
Baker Donelson, offends the court-imposed deadline for the completion of discovery and all
related motions in this case, and is otherwise harassing.

1



I.    **The Subpoena Seeks Documents Protected by the Attorney-Client Privilege and Work Product Doctrine.**

Baker Donelson objects to the subpoena because it requires the disclosure of privileged information.[1]  Most overtly, the subpoena seeks production by Baker Donelson of attorney-client communications between it and its clients, The Shaw Group, Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw"), related to the prior representation of those parties in the matter *REC Solar Grade Silicon, L.L.C. v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc.* ("REC Suit").  Thus, for example, the subpoena seeks "correspondence/communications" between Baker Donelson and its client reflecting Baker Donelson's assessment of the merit of the claims asserted against its clients in the REC suit;[2] "correspondence/communications" between Baker Donelson and its client related to Baker Donelson's "prosecution of Shaw's Counterclaim against REC";[3] "correspondence/communications" between Baker Donelson and its client related to settlement negotiations conducted with REC in the course of the REC Suit;[4] "correspondence/communications between [Baker Donelson] and Shaw" related to the engagement and retention of Baker Donelson and its "management/handling" of the REC Suit on its client's behalf;[5] and "[a]ny and all documents which may substantiate or relate to a claim for bad faith or improper claims handling by Zurich n the REC suit."[6]  In addition, the subpoena further purports to seek, without any limitation or restriction whatsoever, "[a]ny and all documents ... regarding the professional services [Baker Donelson] rendered to Shaw and [sic] arising out of the REC suit" and other entries and descriptions "indicating any work performed

---

[1]  Although Baker Donelson is not currently filing a motion to quash, under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), the subpoena would be required to be quashed because it requires disclosure of privileged matter.
[2]  *See* Subpoena Duces Tecum issued by counsel for Zurich to Baker Donelson, at Item 2, p. 2.
[3]  *Id.*, at Item 3, p. 2.
[4]  *Id.*, at Item 4, p. 2.
[5]  *Id.*, at Item 1, p. 2.
[6]  *Id.*, at Item 9, p. 3.

by any Baker Donelson employee reflecting work on the REC [Suit]."[7]   Further, and even more troubling, the subpoena even seeks documents related to work for other clients aside from Shaw -- records with no possible relevance to this proceeding that implicate Baker Donelson's legal and ethical obligations to clients with no interest or connection with this case *at all*.[8]

All of the foregoing requests directly and explicitly implicate privileged attorney-client communications protected against discovery by Louisiana Rule of Evidence 506 as "confidential communication[s] . . . made for the purpose of facilitating the rendition of professional legal services to the client." LA. CODE OF EVID. art. 506. *Cf.* La. R. Prof. Cond. 1.6. No exception to the privilege is implicated in the context of this discovery, nor is Baker Donelson aware that there has been any waiver of the privilege by Shaw and indeed, it is Baker Donelson's understanding from its clients that they have and continue to invoke the privilege to shield these protected communications from discovery by and/or disclosure to Zurich.

In addition, all of the foregoing materials requested in Zurich's subpoena are protected under the work product doctrine, as documents and tangible things prepared in anticipation of litigation or for trial, and indeed, as described in Zurich's subpoena, as materials reflecting "the mental impressions, conclusions, opinions, or legal theories of a parties' attorney or other representative concerning the litigation." *See* Fed. R. Civ. Proc. 26(b)(3)(A). *Cf.* LA. CODE CIV. PROC. art. 1424(A). Baker Donelson should not be required to produce any privileged communication or work product arising out of the REC Suit.

---

[7] *Id.* at Items 5 and 13, pp. 2-3.
[8] *Id.*, at Item 14, p. 3.

II.    **The Subpoena Fails to Allow Reasonable Time to Comply.**

Baker Donelson was served with the subpoena on December 10, 2013. The return date is December 31, 2013.[9] Zurich requests fourteen categories of documents in the subpoena, including all of the above-described privileged communications and attorney work product, as well as voluminous fee records and invoices[10] such as "[t]imesheets indicating any work performed by any Baker Donelson employee reflecting work on the REC claim";[11] "{a}ny and all invoices submitted *reflecting your work on the REC [Suit]*";[12] "any and all supporting documents for costs you may have advanced or services you may have retained on behalf of Shaw in defense of the REC suit";[13] "[a]ny and all correspondence/communication between [Baker Donelson] and [Shaw] regarding Shaw's solicitation of [Baker Donelson's] services, [Baker Donelson's] retention, the fees [Baker Donelson] agreed upon, or file management/handling procedures regarding the REC suit";[14] and even "[a]ny document reflecting the total monthly hours billed by any Baker Donelson employee who billed more than 50 hours on the REC [Suit]."[15]

To whatever extent even some subset of the requested records (redacted or otherwise) might ultimately be found not to be privileged, they still implicate a wide variety of attorney records and files likely to encompass thousands of pages, all of which will have to be reviewed carefully for privileged or otherwise protected client confidences and likely will have to be heavily redacted. Simply allowing for a reasonable period of time to collect, review, redact, and produce this subset of the requested documents will require well in excess of the twenty-one

---

[9] *Id.*
[10] *Id.* at items 1, 5, 10, 13 and 14, pp. 2-3.
[11] *Id.*, at Item 13, p. 3.
[12] *Id.*, at Item 10, p. 3.
[13] *Id.*, at Item 5, p. 2.
[14] *Id.*, at Item 1, p. 2.
[15] *Id.*, at Item 14, p. 3.

4

days allowed, particularly given that the time period encompasses both the Christmas and New Year's holidays.  It is not realistic or reasonable to expect Baker Donelson to make any production, much less a complete one, in this limited time frame.[16]

Further, it is Baker Donelson's understanding that the Court has set a December 31, 2013 discovery deadline in this case.  Baker Donelson is unable, as explained above, to produce any subset of the requested documents (to the extent any of the requested documents are properly subject to discovery in the first instance) prior to this discovery deadline. More, because the vast majority of the requests are facially overbroad, irrelevant and subject to challenge on grounds of privilege, *additional time to allow for appropriate objections and the resolution thereof ought also to have been allowed.*  It was not.  In this regard, Baker Donelson has a clear ethical and professional obligation to safeguard the confidentiality of all information related to its representation of these clients, and in particular to safeguard the confidences and privileged communications and work product arising out of that representation.  Zurich's attempt to impede the discharge of these obligations by way of a last minute subpoena demanding expeditious responses to discovery that could (and should) have been propounded months ago to whatever extent it may be appropriate in the first instance is inappropriate and objectionable on its face.

### III.    The Subpoena Is Harassing and Subjects Baker Donelson to Undue Burden.

As stated above, the subpoena seeks the production of fourteen categories of documents from Baker Donelson, a non-party to this litigation, directly related to its prior representation of Shaw -- discovery that on its face offends Baker Donelson's ethical obligations under La. R. Prof. Cond. 1.6 *et seq.*, as well as the firm's attendant obligations to police and assert attorney-client privilege and work product protections, the discovery is particularly and uniquely

---

[16] Although Baker Donelson is not currently filing a motion to quash, under Rule 45(d)(3)(A)(i), the subpoena would be required to be quashed because it fails to allow a reasonable time to respond.

problematic.  *See generally, e.g.*, Fed. R. Evid. 501; La. Code Evid. 506; Fed. R. Civ. Proc. 26(b)(3).  Attempting to comply with these obligations in the course of the collection and review of the requested records for possible redaction and production would require Baker Donelson to devote significant professional time and resources and otherwise to incur significant expense -- all for no clear (much less appropriate) purpose.[17]

Baker Donelson's involvement as counsel for Shaw in the REC suit began in May 2011 (in the context of litigation that had already been pending for an extended period of time) and spanned almost a year of intense and document-heavy litigation in a case implicating demands running well into the tens of millions of dollars.  Locating the records from that time period, including original timekeeper entries and notes, engaging in the necessarily detailed review to safeguard client confidences, and carefully vetting every client communication to ensure it is properly withheld and/or redacted to protect its clients will obviously take a great deal of time and resources.

In the face of this extraordinary burden, Zurich for the most part seeks records it either already has, does not need, or can readily obtain from parties to the subject litigation.  Certainly, the discovery lacks any clear basis in the issues that Baker Donelson understands are properly presented in the subject litigation.  Indeed, the subpoena seems intended for little purpose other than to impose needless burden and expense on the part of Baker Donelson to address discovery Zurich plainly knows to be grossly overreaching and improper in order to assert legal protections that are obviously implicated on the face of the discovery requests themselves.

Likewise, it cannot be overlooked that Zurich is not without options to obtain various portions of the information it purports to need from other sources aside from Shaw's legal counsel.  Baker Donelson in fact understands that certain of the non-objectionable records sought

---

[17] Rule 45(d)(3)(A)(iv) requires the quashing of a subpoena when it subjects a person to undue burden.

by Zurich have, in fact, already been produced to it, included copies of fee invoices, and communications the Baker Donelson firm and Shaw's other outside counsel had with the carriers and FARA relating to the REC Suit. There is no reasonable justification for seeking this discovery, already available from alternative sources, from Baker Donelson. *See generally, e.g.,* La. Code Evid. art. 508.

Indeed, at least eight of the categories are documents in the possession of Baker Donelson's clients who are parties to this proceeding. These include correspondence between Shaw and Baker Donelson, bills and invoices sent to Shaw by Baker Donelson, evidence of payment of invoices, and documents which may substantiate a claim for bad faith by Zurich.[18] There is nothing preventing Zurich from requesting this information directly from its adversary party, Shaw, through the ordinary means of discovery. Indeed, it is Baker Donelson's understanding that some of these records, including the requested fee invoices, in fact already have been sought from and produced by Shaw. Further, given that the fees at issue have long since been paid, Zurich could simply request basic accounting records and invoice coversheets reflecting the fees invoiced and paid without any gratuitous intrusion upon Shaw's client confidences, privileged communications, and the protected work product of Baker Donelson. At the very least, the necessity of the breadth of documents requested by Zurich is patently unclear and unsubstantiated. As Article 508 of the Louisiana Code of Evidence illustrates, out of deference to attorneys' ethical obligations to preserve and protect client confidentiality, whenever information is available from an alternative source apart from legal counsel for a party, those alternative sources should be exhausted before resort to discovery to the attorneys themselves.

Four of the remaining categories include documents, to the extent they may exist, that have been in the possession of Zurich all along. These include correspondence and agreements

---

[18] *Id.* at Items 1-5 and 9-11, pp. 2-3.

between Baker Donelson and Zurich and a copy of Zurich's Guidelines.[19]  There is no obvious

reason for Zurich's attempt to discovery *its own records* from Baker Donelson -- especially since

Baker Donelson understands that Shaw itself has already provided these records to Zurich.

The final two categories of documents sought by Zurich, while in the sole possession of

Baker Donelson, are at best ambiguously worded, over-broad, and irrelevant to this litigation,

and in all events implicate an extremely difficult collection effort in and of themselves.  These

categories encompass "[t]imesheets indicating any work performed by any Baker Donelson

employee reflecting work on the REC claim" and "[a]ny document reflecting the total monthly

hours billed by an Baker Donelson employee who billed more than 50 hours on the REC

claim."[20] These documents would require extensive redaction so as to not implicate other clients,

and what is more, are completely irrelevant to any insurance coverage issue.  Indeed, the latter

request appears *intended* to implicate time entries and work descriptions pertaining to Baker

Donelson clients *other than* Shaw, and as such appear calculated to do little more than cause

Baker Donelson embarrassment before its other clients and/or otherwise to harass Baker

Donelson and, by extension, its other clients.

---

[19] *Id.* at Items 6-8 and 12, pp. 2-3.
[20] *Id.* at Items 13-14, p. 3.

8

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By:        _s/ Sarah K. Casey_
ROY C. CHEATWOOD, T.A. (04010)
KENT A. LAMBERT (22458)
SARAH K. CASEY (32385)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR BAKER, DONELSON,
BEARMAN, CALDWELL & BERKOWITZ,
PC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of December, 2013, I sent the foregoing to counsel of

record for Zurich American Insurance Company via electronic mail.

_s/ Sarah K. Casey_
SARAH K. CASEY

9

MASLON EDELMAN BORMAN & BRAND, LLP
James Duffy O'Connor
Jason A. Lien
David E. Suchar
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota 55402-4140
Telephone: (612) 672-8200

HARPER | HAYES PLLC
Todd C. Hayes
600 University Street, Suite 2420
Seattle, WA 98101-1129
Telephone: (206) 340-8010

JONES WALKER
William Schuette
8555 United Plaza Blvd.
Baton Rouge, LA 70809
Telephone: (225) 248-2056

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SHAW GROUP INC., a Louisiana corporation; and SHAW PROCESS FABRICATORS, INC., a Louisiana corporation, Plaintiffs, v. ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation, Defendants. | No. 12-00257-JJB-RLB SECOND AMENDED COMPLAINT AND JURY DEMAND |

Plaintiffs The Shaw Group Inc. ("The Shaw Group") and Shaw Process Fabricators, Inc.

("Shaw Process Fabricators") (collectively referred to herein as "Plaintiffs"), as and for their

Second Amended Complaint against Defendants Zurich American Insurance Company

("Zurich"), and North American Specialty Insurance Company ("North American"), state and

allege as follows:

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB



EXHIBIT

D

ALL-STATE LEGAL®

## PARTIES, JURISDICTION AND VENUE

1.     The Shaw Group is a Louisiana corporation that maintains its principal place of business in Baton Rouge, Louisiana. The Shaw Group, through its operating subsidiaries, is a provider of technology, engineering, procurement, construction, maintenance, fabrication, manufacturing, consulting, remediation, and facilities management services for government and private sector clients in the power, process, environmental, infrastructure and emergency response markets.

2.     Shaw Process Fabricators is a Louisiana corporation that maintains its principal place of business in Baton Rouge, Louisiana. Shaw Process Fabricators is a wholly owned subsidiary of The Shaw Group that fabricates pipe spools used for the construction of complex industrial piping systems in power plants and manufacturing facilities. Zurich is a New York corporation that maintains its principal place of business in Schaumburg, Illinois. Zurich is an insurance company that is licensed to do business as an insurance carrier in every state, including the states of Washington and Louisiana. Zurich issued a primary insurance policy applicable to the underlying lawsuit that is the subject of this insurance coverage action, *REC Solar Grade Silicon LLC v. The Shaw Group Inc. et al.*, No. 2:09-CV-188-LRS (the "Underlying Litigation").

3.     Westchester is a New York corporation that maintains its principal place of business in Philadelphia, Pennsylvania. Westchester is an insurance company that is licensed to do business as an insurance carrier in every state, including the states of Washington and Louisiana. Westchester issued multiple excess insurance policies applicable to the Underlying Litigation. Westchester was previously a Defendant in this lawsuit, however the claims against Westchester have been settled and Westchester was dismissed as a party on October 25, 2012.

4.     North American is a New Hampshire corporation that maintains its principal place of business in Manchester, New Hampshire. North American is an insurance company that

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

is licensed to do business as an insurance carrier in every state, including the states of

Washington and Louisiana. North American issued multiple excess insurance policies applicable

to the Underlying Litigation.

5.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because

the parties are citizens of different states and the matter in controversy exceeds $75,000.00,

exclusive of interest and costs.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a

substantial part of the events or omissions giving rise to Plaintiffs' claims against Defendants

Zurich and North American occurred in this District. In addition, venue is proper pursuant to a

transfer order issued by the United States District Court for the Eastern District of Washington

upon the motion of the Defendants.

### FACTUAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

**A.    The Purchase Orders and Construction Projects**

7.    REC Solar Grade Silicon LLC ("REC") is the owner of polysilicon manufacturing

facilities located in Moses Lake, Washington that were the subject of two large construction

expansion projects known as "Project 3.0" and "Project 4.0." In connection with these projects,

REC executed two Purchase Orders with Shaw Process Fabricators, referred to herein as

Purchase Order 3.0 and Purchase Order 4.0 (collectively, "the Purchase Orders").

8.    Under the Purchase Orders, Shaw Process Fabricators agreed to fabricate and

supply to REC large quantities of fabricated and welded pipe spools for the construction of

Projects 3.0 and 4.0. REC and Shaw Process Fabricators entered into Purchase Order 3.0 on

April 17, 2007, and Purchase Order 4.0 on February 19, 2008.

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

**B.**    **The Underlying Litigation**

9.    On June 22, 2009, REC filed suit against The Shaw Group and Shaw Process Fabricators in the United States District Court, Eastern District of Washington, asserting numerous claims arising out of alleged damages caused by the pipe spools supplied by Shaw Process Fabricators. As damages, REC sought in excess of $59,200,000.00 for Project 3.0 and $48,200,000.00 for Project 4.0, respectively, together with attorneys' fees, punitive damages, and other remedies, including pre- and post-judgment interest. These claims were set forth in the Second Amended Complaint, 2:09-cv-00188-RMP, filed on May 16, 2011.

10.    REC alleged that the pipe spools were rendered defective as a consequence of certain welds that did not conform to specifications. As a result, REC claimed it had incurred damages for, among other things, remediation costs for repairing the pipe spools, remediation costs for repairing damage caused to other property and components, losses for impacted costs related to the completion of the Projects including extended and additional construction costs and overhead costs, lost profits from delayed openings, loss of use, expected future inspection and repairs costs, diminution in value of the facilities arising from defects incorporated into the operating systems, and shortened operating life of components in the Projects.

11.    The REC Complaint alleged an "occurrence" within the meaning of Defendants' policies, which one or more occurrences took place in the state of Washington. The alleged liability of the insureds involves a subject (the Moses Lake REC facility) located in Washington State.

12.    The duty of Defendant Zurich to provide a defense is a duty to be performed in Washington state. Defendant Zurich is a "person[ ] having to do therewith" within the meaning of RCW 48.01.020, the Washington statute governing all insurance and insurance transactions in Washington, or affecting subjects located wholly or in part or to be performed within

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

Washington. Accordingly, RCW Chapter 48 applies to Defendant Zurich in the performance of its obligations of defense, indemnity and investigation, including but not limited to Defendant Zurich's obligations under RCW 48.01.030, the public interest Washington insurance statute, as construed in *Tank v. State Farm*, 105 Wn.2d 381 (1986). Defendant Zurich was obligated by Washington's Insurance Fair Conduct Act, as codified in RCW 48.30.015.

13.    Pursuant to the Court's February 7, 2013 Order, Louisiana law applies to extra-contractual duties Defendant North American owed to Plaintiffs as their insurer. Under Louisiana law, the statutory bases for Defendant North American's obligations to handle and pay claims in good faith, including the duties to investigate, reasonably interpret policy provisions, make reasonable efforts to settle claims, and fund settlements, are set forth in Louisiana Revised Statutes §§ 22:1973 and 22:1892.

C.    **The Insurance Policies and Insurers' Investigation and Handling of Claims and Damages Asserted in the Underlying Litigation**

14.    At all relevant times alleged in the Complaint, The Shaw Group and its subsidiaries, including Shaw Process Fabricators, were insured by commercial insurance policies (the "Policies") issued by Defendant Zurich, former Defendant Westchester, and Defendant North American (collectively referred to herein as the "Insurers").

15.    After being tendered with copies of the Complaint, the Insurers informed The Shaw Group and Shaw Process Fabricators that there was no insurance coverage for various of the damages alleged by REC in the Underlying Litigation. Zurich also informed The Shaw Group and Shaw Process Fabricators that it would accept and undertake the defense of the Underlying Litigation under a full reservation of rights. Following Zurich's letter, the excess insurers Westchester and North American followed suit and sent reservation of rights letters declaring that coverage did not exist under the excess policies as well for various of the claims

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

made. True and correct copies of letters from the Insurers are attached hereto as Appendices B, C, D, and E.

16.    Since undertaking the defense of The Shaw Group and Shaw Process Fabricators in the Underlying Litigation under a reservation of rights, Zurich disputed the extent to which it was obligated to pay for defense costs. Zurich unreasonably breached its duty to defend by failing to pay for the defense in a timely manner. Such failure to pay by Zurich constitutes an unreasonable denial of benefits within the meaning of RCW 48.30.015, the Washington statute covering the unreasonable denial of a claim for coverage or payment of benefits, and under *American Best Foods v. ALEA*, 168 Wn.2d 398 (2010). As a result, Zurich is no longer entitled to its insureds' compliance with policy conditions, and is liable for the reasonable settlement reached in the Underlying Litigation. Alternatively, Zurich is liable for the settlement in the underlying matter through coverage by estoppel.

17.    Having undertaken to defend the Underlying Litigation in the Eastern District of Washington under reservation of rights, Zurich was bound to comply with certain "enhanced obligations" of good faith under RCW 48.01.030, the Washington statute requiring that insurers "abstain from deception, and practice honesty and equity in all insurance matters" as construed by the Washington Supreme Court in *Tank*. Zurich violated these enhanced obligations of good faith by failing to recognize the insureds as assigned counsel's sole client, and instead, directing such counsel to be its "partners." By way of example only, Zurich preferred its own economic interests to those of its policyholders by failing to pay defense invoices in a timely manner, by failing to conduct and conclude a proper investigation before refusing indemnity prior to and/or at mediation of the Underlying Litigation, by failing to provide coverage updates as required by

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

*Tank*, and by engaging in the same type of conduct it was found liable for in *Aecon Buildings v. Zurich American*, 572 F. Supp. 2d 1227 (W.D.Wash. 2008).

18.    Zurich was obligated to comply with WAC 284-30-330 through 380 with respect to the investigation of each claim. North American was required to comply with Louisiana Revised Statutes §§ 22:1973 and 22:1892 with respect to the investigation of each claim. Neither Zurich nor North American conducted a reasonable investigation into the insureds' claims for coverage prior to denying indemnity coverage for various of the underlying claims. Neither Zurich nor North American provided a reasonable explanation of the basis in the policy in relation to facts or applicable law in support of the declination of coverage. The denial of indemnity by Zurich was unreasonable within the meaning of RCW 48.30.015, the Washington statute covering the unreasonable denial of a claim for coverage or payment of benefits, and the actions by North American were arbitrary, capricious, or without probable cause in violation of Louisiana Revised Statutes §§ 22:1973 and 22:1892.

19.    Westchester and North American issued coverage position letters in May 2011 and July 2011 respectively. These letters misrepresented that the policies contained an exclusion in the Westchester policy (Exclusion E) which in fact had been replaced at the time of policy issuance by a special endorsement. The letters also failed even to reserve rights under Endorsement E made a part of both policies. Westchester and North American denied that various of the REC damage claims in the Underlying Litigation were covered under the policy, having conducted virtually no investigation into the actual facts of the occurrences at the REC facility in Moses Lake and in so doing, North American violated Louisiana Revised Statutes §§ 22:1973 and 22:1892.

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

20.    Westchester and North American compounded their respective commission of per se unfair and deceptive acts and practices by engaging in the conduct described in Paragraph 21 below.

21.    On or about August 8, 2011, Westchester's and North American's agent and counsel Joseph Ziemianski took the written position Plaintiffs herein had violated Rule 11 by claiming that either insurer had "denied coverage" for various of the Plaintiffs' claims, and that "the only justiciable dispute, if any, is between Shaw and Zurich over payment of defense costs." The very same day, Westchester and North American made the following judicial representations in a Complaint each filed in this District: **"There Is No Coverage Under The Westchester and North American Policies"** (emphasis in original). The false written representation in their Rule 11 communication, that there was no justiciable controversy in the instant suit because neither excess insurer had "denied coverage," violated Louisiana Revised Statutes §§ 22:1973 and 22:1892 in light of the judicial statements made in the Louisiana Complaint the same day. The Louisiana Complaint is attached as Appendix A hereto.

22.    One business day after the conflict between the Louisiana judicial statements and their written position was brought to the attention of Westchester and NAS, those Defendants filed an amended complaint in Louisiana removing the judicial admissions made in the initial complaint that **"There is no coverage..."** and removing the contention that the claims were not covered because of five specific provisions in the policy. The amendment of its judicial statements that there was no coverage did not change the fact that Westchester and North American had, in fact, determined there was no coverage based on the "investigation" conducted up through May 2011 in the case of Westchester, and July 2011 in the case of North American. The attempt by Westchester and North American to conceal the fact each had denied coverage

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

for various of Plaintiffs' claims was itself a violation of Louisiana Revised Statutes §§ 22:1973 and 22:1892.

23.    Zurich controlled the defense of Plaintiffs in the Underlying Litigation in the Eastern District of Washington. Having done so, Zurich was obligated to exercise the degree of reasonable care applicable to the defense of actions pending in the Eastern District of Washington. Zurich breached that duty, proximately causing damage to Plaintiffs herein in an amount to be proved at trial.

24.    The violation by Defendant Zurich of WAC 284-30-330, which defines specific unfair claims settlement practices, as promulgated by the Washington Insurance Commissioner pursuant to authority granted under RCW Chapter 48, constitutes per se unfair and deceptive trade practices pursuant to RCW 19.86. With respect to North American, this same conduct also violated Louisiana Revised Statutes §§ 22:1973 and 22:1892. As a result, Defendants Zurich and North American have each violated the Washington Consumer Protection Act and Louisiana Revised Statutes §§ 22:1973 and 22:1892, respectively, and Plaintiffs are entitled to recover damages thereunder in an amount to be proven at time of trial.

25.    Zurich and North American violated their respective duties to engage in good faith settlement negotiations of the Underlying Litigation by refusing indemnity to Plaintiffs herein prior to the July 2011 mediation between Plaintiff herein and REC. Subsequently, Defendant Zurich tendered what it described as its limits towards settlement of the REC claims without explaining any basis for why it failed to do so prior to the July 2011 mediation of the Underlying Litigation. Subsequent to receipt of Zurich's tender, Westchester and North American denied coverage for any indemnity benefits under either of their policies. In doing so, each effectively deprived Plaintiffs of any realistic chance of resolving REC's claims with

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

indemnity benefits Westchester and North American were obligated under their policies and Louisiana Revised Statutes §§ 22:1973 and 22:1892 to make available. Westchester and NAS compounded their bad faith conduct by failing to provide a reasonable basis in the policy in relation to the facts or applicable law in support of their ongoing declination of indemnity benefits under their policies, now that Zurich has made its tender. All conduct described in the preceding paragraphs subject Defendants Zurich and NAS jointly and severally to the full sum of the $24,554,520.50 settlement entered in the Underlying Litigation against Plaintiff herein, plus applicable special damages, penalties and attorneys' fees as permitted by Washington and Louisiana law.

### D.   Factual Allegations Specific to Claims Against Zurich

26.   Shaw's relationship with Zurich as its primary carrier dated back to 2005 when it procured a CGL from that carrier whose coverages were specific to bodily injury and property damage claims arising from Shaw's various operating businesses. Shaw renewed that form of CGL yearly thereafter, including for the policy period September 1, 2008 – September 1, 2009: GLO 3866607-03.

27.   REC commenced its action against Shaw in June 2009, whereupon Shaw notified Zurich of the action and tendered it to Zurich for defense and indemnity. Zurich began defending, coordinating its reporting and investigation needs through third-party claims administrator, FARA, and defense counsel.

28.   REC's original Complaint alleged an occurrence within the meaning of Zurich's CGL policy, which took place in the state of Washington. Shaw's alleged liability related to property damage to a manufacturing facility in Washington state. Shaw was compelled to defend against a lawsuit filed in a federal court in Washington state. Zurich's duty to defend required a

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

defense in Washington state. Zurich undertook its duty to defend in accordance with RCW Chapter 48, which required Zurich to:

    a.    Pay promptly defense costs and expenses reasonably incurred in the defense of an arguably covered claim; and

    b.    Independently investigate claims asserted against its insured, including facts and circumstances that may affect coverage under the policy, as well as the insured's likely exposure to liability and the reasonable value of the claims against the insured.

    29.    Zurich failed to perform these defense obligations in accordance with the requirements of Chapter 48 of the RCW.

    30.    In December 2009, REC filed a First Amended Complaint alleging multiple additional legal theories to support its position that it suffered $27,300,000 in damages, including property damage to its facilities and consequential damages flowing from the incorporation of Shaw's pipe spools into REC's facilities.

    31.    On September 9, 2010, Zurich delivered a "coverage opinion" to Shaw in which Zurich concluded that there was no coverage for 10 of the 12 causes of action stated in REC's Amended Complaint. Zurich continued to defend the case under a reservation of rights.

    32.    RCW Chapter 48 required Zurich to:

    a.    Conduct an independent investigation of the facts and circumstances of the insured's liability exposure and base its "coverage option" upon "facts and applicable law," and not solely on its conclusions relating to potential coverage;

    b.    Truthfully represent the contents of the policy upon which it concluded that coverage is lacking;

c.    Timely determine coverage status and provide the insured recurring updates relating to its coverage position;

d.    Direct and approve the scope of defense efforts that protected the interests of the insured and not Zurich's own economic interest in minimizing defense costs; and

e.    Treat both the Shaw defendants as independent insureds whose coverages under the policy were separate and distinct.

33.    Zurich failed to perform these defense obligations in accordance with the requirements of Chapter 48 of the RCW.

34.    After REC filed its Second Amended Complaint in May 2011, and during the time period when Shaw sought Zurich's meaningful participation in the settlement efforts relating to the REC claims, RCW Chapter 48 required Zurich to:

a.    Make good faith efforts to settle the claim, including the obligation to make good faith settlement negotiations sufficient to ascertain the most favorable terms available; and

b.    Pay the reasonable defense costs of Baker Donelson whose efforts were reasonably necessary to protect the interests of Zurich's insured.

35.    Zurich failed to perform these defense obligations in accordance with the requirements of Chapter 48 of the RCW including the following:

a    Zurich unreasonably refused all settlement authority to Shaw before and during the mediation of the REC-Shaw matter in San Francisco in July 2011;

b.    At no point during its investigation of the claims in the REC action did Zurich make any attempts to conduct good faith settlement negotiations sufficient to ascertain the most favorable terms available to its insured;

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

c.       While Zurich refused to help fund a settlement of the REC matter, it never provided an explanation for the basis of its refusal to do so that was based on "facts and applicable law";

d.       Zurich's refusal to contribute a single limit contribution under its policy of $2,000,000 contributed to the excess carriers' refusal to contribute to a settlement in which the primary policy was not exhausted;

e.       Zurich's unilateral payment of $4,000,000 long after Shaw settled the REC action with its own money did not cure Zurich's earlier breaches of duties owed to Shaw pursuant to RCW Chapter 48. Instead, the payment indicates that Zurich had, long earlier, all the information it needed to determine that its insured was defending itself against a covered claim of property damage with a reasonable value in excess of $24,000,000; and

f.       Zurich's unilateral payment of Baker Donelson's bills and its reimbursement of Shaw for the payments it made directly to Baker Donelson during the REC action, long after settlement of the REC-Shaw settlement, did not cure Zurich's earlier breaches of duties owed to Shaw.

**E.    Factual Allegations Specific to Claims Against North American**

36.     North American issued its coverage position letter in July 2011, more than two years after commencement of the REC action. That letter misrepresented that its policy contained an exclusion from the Westchester policy (Exclusion E), which in fact had been replaced at the time of the policy issuance by a special endorsement. The letter also failed to reserve rights under Endorsement E, which was made a part of both the Westchester and North American policies. North American denied that various of the REC damage claims in the Underlying

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

Litigation were covered under its policy, even though it conducted virtually no investigation into the actual facts of the occurrences at the REC facility in Moses Lake, Washington.

37.     On August 9, 2011, North American made a judicial representation by filing an action in this Court stating as a matter of fact that "**There is No Coverage Under the Westchester and NAS policies**," yet again with virtually no investigation into the actual facts of the loss and without a good faith analysis of the actual policy language including the "follow-form" provisions contained in the North American and Westchester policies.

38.     North American had a duty to conduct good faith settlement negotiations to ascertain the most favorable terms available for its insured. North American deliberately elected not to perform this duty, prolonging the REC action and costs associated with it, and forcing Shaw to incur more than $24,000,000 in damages, representing the amount it was compelled to pay to REC to settle that action.

39.     After Shaw settled the REC action and demonstrated its payment of the settled amount, North American failed to pay any portion of the settlement amount.

40.     North American failed to adjust the REC claim against its insured fairly and promptly, and as a consequence was substantially uninformed about the REC claim, its reasonable value and its insured's potential liability to REC for damages alleged to be in excess of $100,000,000.

41.     North American acted to protect its own interests over the interests of its insured by failing to promptly and fairly adjust the claim; by refusing to conduct good faith settlement negotiations prior to Shaw's self-financed settlement of the REC claims; and by misrepresenting the terms of the policy. These actions and omissions were arbitrary, capricious, or without

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

probable cause in violation of North American's duty of good faith and fair dealing as mandated by Louisiana Revised Statutes §§ 22:1973 and 22:1892.

### F.    Reasonableness Hearing For The Underlying Litigation Settlement

42.    In August, 2013, the United States District Court for the Eastern District of Washington considered the reasonableness of the settlement in the Underlying Litigation. On August 22, 2012, Judge Peterson granted Plaintiffs' motion on the reasonableness of the settlement and ruled that the settlement was reasonable. The Settlement Agreement required Plaintiffs to not only pay REC $20,750,000 in cash, but to also give up an uncontested $3,804,520.50 counterclaim. Therefore, Plaintiffs allege for purposes of this case that the total REC/Shaw settlement was $24,554,520.50.

### G.    Settlement Of Claims Against Westchester

43.    On October 24, 2012, Plaintiffs informed this Court that they had settled all claims against Defendant Westchester. On October 25, 2012, Judge Brady entered an Order dismissing all such claims against Defendant Westchester with prejudice.

### H.    Transfer and Consolidation History

44.    Since the Plaintiffs filed the Complaint in the Washington Action, this case has been transferred and consolidated with the case originally filed by the Insurers in this District. In November 2011, this Court ordered that the Insurers' original suit be transferred to the Eastern District of Washington. In April of 2012, the Eastern District of Washington consolidated the actions and granted the Insurers' motion for transfer of venue to the Middle District of Louisiana. The consolidated dispute was then transferred back to this Court. On October 17, 2012, this Court granted Shaw's motion for partial summary judgment on choice of law issues. After hearing motions for reconsideration, this Court granted on February 7, 2013, North American's

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

motion for reconsideration in part and denied it in part, and denied entirely Zurich's motion for reconsideration.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

45.    Plaintiffs repeat the allegations of all preceding paragraphs of this Second Amended Complaint and incorporate the same by reference.

46.    An actual controversy exists between Plaintiffs and Defendants Zurich and North American as to the existence of coverage under the Policies and the Defendants' obligations to defend Plaintiffs in the Underlying Litigation and to indemnify Plaintiff for the alleged claims and damages set forth in that Complaint.

47.    Accordingly, Plaintiffs seek a determination, pursuant to 28 U.S.C. § 2201, of the parties' rights, duties and obligations under the Policies, statutes and regulations described herein.

## SECOND CAUSE OF ACTION

### Monetary Damages Under Washington Law

48.    Plaintiffs repeat the allegations of all preceding paragraphs of this Second Amended Complaint and incorporate the same by reference.

49.    Plaintiffs have been damaged by Defendant Zurich and North American's breach of contract, Defendant Zurich's breach of RCW 48.01.030, Defendant Zurich's breach of the Washington Insurance Fair Conduct Act, Defendant Zurich's breach of the Washington Uniform Fair Claim Practice Regulations, Defendant Zurich's breach of enhanced obligations for insurers under *Tank v. State Farm*, Defendant Zurich's breach of RCW 48.30.015, the Washington statute covering the unreasonable denial of a claim for coverage or payment of benefits, Defendant Zurich's breach of RCW 19.86, the Washington Unfair Business Practices-Consumer Protection

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

statute, and Defendant Zurich's breaches of its duties of reasonable care. Plaintiffs have been damaged in an amount to be proven at time of trial, including up to treble damages as provided by RCW 19.86.090 and RCW 48.30.015(1) through (5). More than 23 days before suing Defendant Zurich for violating RCW 48.30.015, Plaintiffs sent to Zurich the notice required by RCW 48.30.015(8) in the manner required and Zurich failed to resolve the claims made against it in the notice. Accordingly Plaintiffs' claims under RCW 48.30.015 made in this Second Amended Complaint are ripe.

### THIRD CAUSE OF ACTION
### Monetary Damages Under Louisiana Law[1]

50.    Plaintiffs repeat the allegations of all preceding paragraphs of this Second Amended Complaint and incorporate the same by reference.

51.    Plaintiffs have been damaged by Defendant North American's violations of the Louisiana bad faith statutory requirements contained in Louisiana Revised Statutes §§ 22:1973 and 22:1892. Plaintiffs have been damaged in an amount to be proven at trial including (1) general and special damages, and attorneys' fees, pursuant to §§ 22:1793 and 22:1892, plus (2) a penalty equal to an additional 100% of Plaintiffs' damages pursuant to Louisiana Revised Statute § 22:1973; or in the alternative a penalty equal to an additional 50% of Plaintiffs' damages pursuant to Louisiana Revised Statute § 22:1892.

---

[1]    Because the Court's February 13, 2013 Order on choice of law as to claims against North American is an interlocutory order and not a final judgment, further investigation and discovery may provide the legal basis to request that the Court apply Washington law to some or all of Plaintiffs' extra-contractual claims against North American. Accordingly, Plaintiffs reserve the right to seek further amendment of the Complaint in accordance with the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having asserted claims for relief, now pray for judgment against Defendants Zurich and North American, and each of them, jointly and severally, as follows:

A.    Declaring that Defendants Zurich American Insurance Company and North American Specialty Insurance Company are under a duty and obligation to indemnify Plaintiffs for the reasonable settlement entered into with REC in the Underlying Litigation;

B.    Declaring that Defendant Zurich American Insurance Company was under a duty and obligation to timely pay Plaintiffs' defense costs for the Underlying Litigation and is in breach of that obligation;

C.    Declaring that Defendants and/or each of them are estopped to deny coverage;

D.    Declaring that Defendant Zurich American Insurance Company violated statutory obligations under RCW Chapter 48 and regulatory obligations under WAC 284-30 et. seq.;

E.    Declaring that Defendant North American Specialty Insurance Company violated statutory obligations under Louisiana Revised Statutes §§ 22:1973 and 22:1892;

F.    Declaring that Defendants' breaches relieve Plaintiffs of the obligation of further compliance with policy conditions;

G.    Awarding Plaintiffs money damages in an amount to be proven at trial;

H.    Awarding Plaintiffs up to and including treble damages as authorized under RCW 48.30.015(1) through (5), and or under RCW 19.86.090;

I.    Awarding Plaintiffs statutory penalties as allowed under Louisiana Revised Statute §§ 22:1973 and/or 22:1892;

J.    Awarding Plaintiffs pre-Judgment and post-Judgment interest, reasonable attorneys' fees, and costs and disbursements, as provided by law; and

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

K.    Awarding such other and further relief as the Court may deem just, proper and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated:  June 27, 2013

MASLON EDELMAN BORMAN & BRAND, LLP

James Duffy O'Connor (MN #80780)
james.oconnor@maslon.com
Jason A. Lien (MN #028936)
David E. Suchar (MN # 392583)
90 South Seventh Street, Suite 3300
Minneapolis, Minnesota  55402-4140
612-672-8200

and

HARPER | HAYES PLLC

Todd C. Hayes (WSBA No. 26361)
todd@harperhayes.com
600 University Street, Suite 2420
Seattle, WA 98101-1129
Telephone: (206) 340-8010

and

JONES WALKER

By ____s/William L. Schuette____
William Schuette
wschuette@joneswalker.com
8555 United Plaza Blvd.
Baton Rouge  LA 70809
Telephone: (225) 248-2056

Attorneys for Plaintiffs The Shaw Group Inc. and
Shaw Process Fabricators, Inc.

SECOND AMENDED COMPLAINT AND JURY DEMAND - NO. 12-00257-JJB-RLB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE |
| COMPANY, ET AL | * | |

**14-162**

**SECT. C MAG. 2**

***************************************************

### *EX PARTE* MOTION FOR EXPEDITED SUBMISSION

**NOW COMES** defendant, Zurich American Insurance Company, and moves this

Honorable Court to schedule the Motion to Compel Responses to *Subpoena Duces Tecum*

for expedited submission. The discovery deadline in this matter is February 28, 2014.

Responsive documents would assist Zurich in preparing its defense and in completing

remaining discovery. Therefore, it is necessary for Zurich to request that its motion be

accepted for submission on an expedited basis.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS &
GREMILLION, L.L.C.

MICHAEL D. PEYTAVIN (#14315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500 (70056)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
*Attorneys for Zurich American Insurance
Company*

**CERTIFICATE OF SERVICE**

I, John J. Danna, Jr., certify that I have this day electronically served a true and correct copy of the foregoing to:

Email:
james.oconnor@maslon.com
jason.lien@maslon.com
david.suchar@maslon.com
James Duffy O'Connor
Jason A. Lien
David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
   *Attorneys for The Shaw Group, Inc.*

Email:
wschuette@joneswalker.com
kainsworth@joneswalker.com
William L. Schuette, Jr.
Kevin O. Ainsworth
Jones Walker LLP - B.R.
8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000
   *Attorneys for Shaw Process
   Fabricators, Inc.*

Email:
grusso@joneswalker.com
Gary J. Russo
Jones Walker LLP - Lafayette
P. O. Drawer 3408
Lafayette, LA 70502-3408
   *Attorney for Shaw Process
   Fabricators, Inc.*

Email:
todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101

*Attorney for Shaw Process
Fabricators, Inc.*

Email:
parentoc@phelps.com
Caroline H. Parenton
Phelps Dunbar LLC
P. O. Box 4412
Baton Rouge, LA 70821-4412
   *Attorneys for Shaw Process
   Fabricators, Inc.*

Email:
jhite@shmnola.com
plambert@shmrlaw.com
mrutledge@shrmlaw.com
John W. Hite, III
Peyton C. Lambert
Michael W. Rutledge
Salley, Hite, Mercer & Resor, LLC
365 Canal Street
One Canal Place, Ste. 1710
New Orleans, LA 70130
   *Attorneys for North American
   Specialty Insurance Company*

Email:
bwinslow-nason@cozen.com
wknowles@cozen.com
Brendan Winslow-Nason
William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle WA 98101
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
tjones@cozen.com
Thomas M. Jones
Cozen and O'Connor - PA
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
jskaggs@cozen.com
Jake P. Skaggs
Cozen O'Connor
1221 McKinney, Suite 2900
Houston, TX 77010
  *Attorneys for North American*
  *Specialty Insurance Company*

This 21 day of January, 2014.

JOHN J. DANNA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. **14 - 162** |
| | * | |
| VERSUS | * | JUDGE **SECT. C MAG. 2** |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE |
| COMPANY, ET AL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## *EX PARTE* MOTION FOR EXPEDITED SUBMISSION

**MAY IT PLEASE THE COURT:**

Zurich American Insurance Company has filed a Motion to Compel Responses to *Subpoena Duces Tecum*. The discovery deadline in this matter is February 28, 2014, and responsive documents would assist Zurich in preparation of its defense and in remaining discovery. Defendant submits the issues involved and documents requested in its *subpoena duces tecum* are serious in nature, as they revolve around the ultimate issues in this suit. Therefore, it is necessary for the Court to accept this Motion for Submission on an expedited basis.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS &
GREMILLION, L.L.C.

MICHAEL D. PEYTAVIN (#14315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500 (70056)
P.O. Box 1910
Gretna, Louisiana 70054-1910
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
*Attorneys for Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I, John J. Danna, Jr., certify that I have this day electronically served a true and correct copy of the foregoing to:

Email:
james.oconnor@maslon.com
jason.lien@maslon.com
david.suchar@maslon.com
James Duffy O'Connor
Jason A. Lien
David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
   *Attorneys for The Shaw Group, Inc.*

Email:

wschuette@joneswalker.com
kainsworth@joneswalker.com
William L. Schuette, Jr.
Kevin O. Ainsworth
Jones Walker LLP - B.R.
8555 United Plaza Blvd., Suite 500
Baton Rouge, LA 70809-7000
   *Attorneys for Shaw Process Fabricators, Inc.*

Email:
grusso@joneswalker.com
Gary J. Russo
Jones Walker LLP - Lafayette

P. O. Drawer 3408
Lafayette, LA 70502-3408
  *Attorney for Shaw Process*
  *Fabricators, Inc.*


Email:
todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101
  *Attorney for Shaw Process*
  *Fabricators, Inc.*


Email:
parentoc@phelps.com
Caroline H. Parenton
Phelps Dunbar LLC
P. O. Box 4412
Baton Rouge, LA 70821-4412
  *Attorneys for Shaw Process*
  *Fabricators, Inc.*


Email:
jhite@shmnola.com
plambert@shmrlaw.com
mrutledge@shrmlaw.com
John W. Hite, III
Peyton C. Lambert
Michael W. Rutledge
Salley, Hite, Mercer & Resor, LLC
365 Canal Street
One Canal Place, Ste. 1710
New Orleans, LA 70130
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
bwinslow-nason@cozen.com
wknowles@cozen.com
Brendan Winslow-Nason
William F. Knowles
Cozen O'Connor
1201 Third Avenue, Suite 5200
Seattle WA 98101
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
tjones@cozen.com
Thomas M. Jones
Cozen and O'Connor - PA
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
  *Attorneys for North American*
  *Specialty Insurance Company*

Email:
jskaggs@cozen.com
Jake P. Skaggs
Cozen O'Connor
1221 McKinney, Suite 2900
Houston, TX 77010
  *Attorneys for North American*
  *Specialty Insurance Company*

    This ___21___ day of January, 2014.

                                 JOHN J. DANNA, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. **14-162** |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE **SECT. C MAG.2** |
| COMPANY, ET AL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering Zurich American Insurance Company's *Ex Parte* Motion for Expedited Hearing;

IT IS ORDERED the Motion is hereby granted and Zurich's Motion to Compel Responses to *Subpoena Duces Tecum* shall be accepted for submission on the _____ day of _____, 2014, at \_\_\_\_ o'clock \_\_.m.

Any opposition memoranda to Zurich's Motion to Compel Responses to *Subpoena Duces Tecum* shall be filed no later than the _____ day of _____, 2014.

New Orleans, Louisiana, this \_\_\_\_\_ day of _____, 2014.

_____
JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. | **14-162** |
| | * | | |
| VERSUS | * | JUDGE | |
| | * | | **SECT. C MAG. 2** |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE | |
| COMPANY, ET AL | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering Zurich American Insurance Company's *Ex Parte* Motion for Expedited Hearing;

IT IS ORDERED the Motion is hereby granted and Zurich's Motion to Compel Responses to *Subpoena Duces Tecum* shall be accepted for submission on the _____ day of _____, 2014, at \_\_\_\_\_ o'clock \_\_\_\_ m.

**DENIED**

Any opposition memoranda to Zurich's Motion to Compel Responses to *Subpoena Duces Tecum* shall be filed no later than the _____ day of _____, 2014.

New Orleans, Louisiana, this \_\_\_\_\_ day of _____, 2014.

1/24/14

_____

JUDGE

\_\_\_Fee _____
\_\_\_Process _____
**X** Dktd _____
\_\_\_CtRmDep _____
\_\_\_Doc. No. _____

MINUTE ENTRY
WILKINSON, M.J.
JANUARY 24, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE SHAW GROUP, INC. ET AL.                    MISC. ACTION

VERSUS                                         NO. 14-162

ZURICH AMERICAN                                SECTION "C"(2)
INSURANCE CO. ET AL.

 

     In response to the Motion for Expedited Submission filed by defendant Zurich,

Record Doc. No. 2, concerning its Motion to Compel Production Requested in Subpoena

Duces Tecum, Record Doc. No. 1, I conducted a telephone conference in this matter.

Participating were: John Danna, Jr., representing defendant; Kent A. Lambert, representing

movant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

     Counsel for the subpoena recipient confirmed with his client and orally advised me

that the subpoena recipient consents to transfer of this matter pursuant to Fed. R. Civ. P.

45(f) (amended version effective December 1, 2013) to the subpoena issuing court, where

the underlying case is also pending, and where both the subpoena recipient and its client

also have offices. Counsel for the subpoena recipient was directed to provide me with

**MJSTAR:  0 : 25**

confirmation in writing of the subpoena recipient's consent to transfer.  Upon receipt of

written consent, I will separately issue a transfer order.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE


**CLERK TO NOTIFY ALL PARTIES <u>AND</u>**

MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.
777 FLORIDA STREET, SUITE 278
BATON ROUGE, LA 70801

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE SHAW GROUP, INC. ET AL.                    MISC. ACTION

VERSUS                                         NO. 14-162

ZURICH AMERICAN                                SECTION "C"(2)
INSURANCE CO. ET AL.

## ORDER

Counsel for the subpoena recipient has now provided me with confirmation in writing (by letter filed separately in the record) of the subpoena recipient's consent to transfer. Accordingly,

**IT IS ORDERED** that the Motion to Compel Production Requested in Subpoena Duces Tecum, Record Doc. No. 1, is hereby TRANSFERRED to the United States District Court for the Middle District of Louisiana in Baton Rouge. Fed. R. Civ. P. 45(f). By copy of this order, Magistrate Judge Richard L. Bourgeois, Jr., is hereby notified.

New Orleans, Louisiana, this ___24th___ day of January, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY ALL PARTIES AND**

MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.
777 FLORIDA STREET, SUITE 278
BATON ROUGE, LA 70801

# BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:    504.566.5200
FAX:        504.636.4000

www.bakerdonelson.com

KENT A. LAMBERT, SHAREHOLDER
Direct Dial: 504.566.5252
Direct Fax: 504.636.3952
E-Mail Address: klambert@bakerdonelson.com

January 24, 2014



**VIA U.S. MAIL**

Honorable Joseph C. Wilkinson, Jr.
Chief Magistrate Judge
U.S. District Court, Eastern District of La.
500 Poydras Street
Room B409
New Orleans, Louisiana  70130

Re:    *Shaw Group, Inc. et al v. Zurich American Insurance Company, et al*
        USDC EDLA NO. 2:14-mc-00162-HGB-JWC

Dear Judge Wilkinson:

I write in furtherance of the telephone conference held earlier this morning, attended myself and Mr. John Danna, wherein I confirmed our firm's consent to the transfer of the above-captioned matter (instituted by Zurich American Insurance Company to compel the production of documents requested in a subpoena duces tecum issued in furtherance of related litigation pending as Civil Action No. 3:12-cv-257 before the Middle District of Louisiana) to the Middle District.

As ever, the courtesies and attention of your office are greatly appreciated.

With kind regards, I remain

Very truly yours,

Kent A. Lambert

KAL:phs

cc:    William L. Schuette, Jr. (via electronic mail)

NO KAL 524507 v1
2900197-000115

ALABAMA      FLORIDA      GEORGIA      LOUISIANA      MISSISSIPPI      TENNESSEE      TEXAS      WASHINGTON, D.C.

Chief Magistrate Joseph C. Wilkinson, Jr.
January 24, 2014
Page 2

      Wade A. Langlois, III (via electronic mail)
      Roy C. Cheatwood (via electronic mail)
      Sarah K. Casey (via electronic mail)

CLOSED,TRANSFER

# U. S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:14−mc−00162−HGB−JCW

Shaw Group, Inc. et al v. Zurich American Insurance Company et al

Assigned to: Judge Helen G. Berrigan

Referred to: Magistrate Judge Joseph C. Wilkinson, Jr

Date Filed: 01/21/2014

Date Terminated: 01/24/2014

**Plaintiff**

**Shaw Group, Inc.**                                represented by   **William L. Schuette , Jr.**
                                                                    Jones Walker (Baton Rouge)
                                                                    Four United Plaza
                                                                    8555 United Plaza Blvd.
                                                                    Baton Rouge, LA 70809
                                                                    225−248−2000
                                                                    Email: wschuette@joneswalker.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shaw Process Fabricators, Inc.**                  represented by   **William L. Schuette , Jr.**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Zurich American Insurance Company**               represented by   **Michael Don Peytavin**
                                                                    Gaudry, Ranson, Higgins &Gremillion, LLC
                                                                    (Gretna)
                                                                    401 Whitney Ave.
                                                                    Suite 500
                                                                    P. O. Box 1910
                                                                    Gretna, LA 70054−1910
                                                                    (504) 362−2466
                                                                    Email: mpeytavin@grhg.net
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **John Joseph Danna , Jr.**
                                                                    Gaudry, Ranson, Higgins &Gremillion, LLC
                                                                    (Gretna)
                                                                    401 Whitney Ave.
                                                                    Suite 500
                                                                    P. O. Box 1910
                                                                    Gretna, LA 70054−1910
                                                                    504−362−2466
                                                                    Fax: 504−362−5938
                                                                    Email: jdanna@grhg.net

*ATTORNEY TO BE NOTICED*

**Wade Antoine Langlois , III**
Gaudry, Ranson, Higgins &Gremillion, LLC
(Gretna)
401 Whitney Ave.
Suite 500
P. O. Box 1910
Gretna, LA 70054−1910
(504) 362−2466
Email: wlanglois@grhg.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**North American Specialty Insurance
Company**

**Movant**

| | | |
|---|---|---|
| **Baker, Donelson, Bearman, Caldwell &Berkowitz, P.C.** | represented by | **Roy Clifton Cheatwood** |

Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−5200
Email: rcheatwood@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kent A. Lambert**
Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−5200
Email: klambert@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Sarah K. Casey**
Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−8614
Email: skcasey@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2014 | 11 | MOTION to Compel Production Requested in Subpoena Duces Tecum by Zurich American |

| | | Insurance Company. Motion(s) referred to Joseph C. Wilkinson, Jr. Motion set for 2/12/2014 11:00 AM before Magistrate Judge Joseph C. Wilkinson Jr.. (Attachments: # 1 Memorandum in Support, # 2 Notice of Submission, # 3 Exhibits)(plh, ) (Entered: 01/22/2014) |
|---|---|---|
| 01/21/2014 | 12 | EXPARTE/CONSENT MOTION to Expedite by Zurich American Insurance Company. Motion(s) referred to Joseph C. Wilkinson, Jr. (Attachments: # 1 Proposed Order)(plh, ) (Entered: 01/22/2014) |
| 01/24/2014 | 13 | ORDER denying Zurich American Insurance Company's 2 Motion to Expedite Hearing on its Motion to Compel Responses to Subpoena Duces Tecum. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 1/24/14. (tbl) (Entered: 01/24/2014) |
| 01/24/2014 | 14 | Minute Entry for proceedings held before Magistrate Judge Joseph C. Wilkinson, Jr: In response to the Motion for Expedited Submission filed by defendant Zurich, Record Doc. No. 2, concerning its Motion to Compel Production Requested in Subpoena Duces Tecum, Record Doc. No. 1, I conducted a telephone conference in this matter. Counsel for the subpoena recipient confirmed with his client and orally advised me that the subpoena recipient consents to transfer of this matter pursuant to Fed. R. Civ. P. 45(f) (amended version effective December 1, 2013) to the subpoena issuing court, where the underlying case is also pending, and where both the subpoena recipient and its client also have offices. Counsel for the subpoena recipient was directed to provide me with confirmation in writing of the subpoena recipient's consent to transfer. Upon receipt of written consent, I will separately issue a transfer order. (tbl) [Copy mailed to Magistrate Judge Richard L. Bourgeois, Jr. at the address listed herein] (Entered: 01/24/2014) |
| 01/24/2014 | 15 | Case transferred to Middle District of Louisiana in Baton Rouge. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 1/24/2014.(my, )(CC:Honorable Judge Richard L. Bourgeois, Jr.) (Entered: 01/24/2014) |
| 01/24/2014 | 16 | Letter to Judge Joseph C. Wilkinson, Jr. from Kent A. Lambert dated 1/24/2014 (my, ) (Entered: 01/24/2014) |

CLOSED,TRANSFER

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:14–mc–00162–HGB–JCW
### *Internal Use Only*

Shaw Group, Inc. et al v. Zurich American Insurance Company et al

Assigned to: Judge Helen G. Berrigan

Referred to: Magistrate Judge Joseph C. Wilkinson, Jr

Date Filed: 01/21/2014

Date Terminated: 01/24/2014

**Plaintiff**

**Shaw Group, Inc.**                                    represented by **William L. Schuette , Jr.**
Jones Walker (Baton Rouge)
Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809
225–248–2000
Email: wschuette@joneswalker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shaw Process Fabricators, Inc.**                     represented by **William L. Schuette , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Zurich American Insurance Company**                  represented by **Michael Don Peytavin**
Gaudry, Ranson, Higgins &Gremillion, LLC
(Gretna)
401 Whitney Ave.
Suite 500
P. O. Box 1910
Gretna, LA 70054–1910
(504) 362–2466
Email: mpeytavin@grhg.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Joseph Danna , Jr.**
Gaudry, Ranson, Higgins &Gremillion, LLC
(Gretna)
401 Whitney Ave.
Suite 500
P. O. Box 1910
Gretna, LA 70054–1910
504–362–2466
Fax: 504–362–5938

Email: jdanna@grhg.net
*ATTORNEY TO BE NOTICED*

**Wade Antoine Langlois , III**
Gaudry, Ranson, Higgins &Gremillion, LLC
(Gretna)
401 Whitney Ave.
Suite 500
P. O. Box 1910
Gretna, LA 70054−1910
(504) 362−2466
Email: wlanglois@grhg.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**North American Specialty Insurance
Company**

**Movant**

| | | |
|---|---|---|
| **Baker, Donelson, Bearman, Caldwell &Berkowitz, P.C.** | represented by | **Roy Clifton Cheatwood** |

Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−5200
Email: rcheatwood@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kent A. Lambert**
Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−5200
Email: klambert@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Sarah K. Casey**
Baker Donelson Bearman Caldwell &Berkowitz
(New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504−566−8614
Email: skcasey@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2014 | 1 | MOTION to Compel Production Requested in Subpoena Duces Tecum by Zurich American Insurance Company. Motion(s) referred to Joseph C. Wilkinson, Jr. Motion set for 2/12/2014 11:00 AM before Magistrate Judge Joseph C. Wilkinson Jr.. (Attachments: #1 Memorandum in Support, #2 Notice of Submission, #3 Exhibits)(plh, ) (Entered: 01/22/2014) |
| 01/21/2014 | 2 | EXPARTE/CONSENT MOTION to Expedite by Zurich American Insurance Company. Motion(s) referred to Joseph C. Wilkinson, Jr. (Attachments: #1 Proposed Order)(plh, ) (Entered: 01/22/2014) |
| 01/23/2014 |  | (Court only) ***Staff notes – movant and counsel for movant (Baker, Donelson, BEarman, Caldwell &Berkowitz, PC) added and NEFs of docs 1 and 2 sent to counsel for movant (plh, ) (Entered: 01/23/2014) |
| 01/24/2014 | 3 | ORDER denying Zurich American Insurance Company's 2 Motion to Expedite Hearing on its Motion to Compel Responses to Subpoena Duces Tecum. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 1/24/14. (tbl) (Entered: 01/24/2014) |
| 01/24/2014 | 4 | Minute Entry for proceedings held before Magistrate Judge Joseph C. Wilkinson, Jr: In response to the Motion for Expedited Submission filed by defendant Zurich, Record Doc. 2, concerning its Motion to Compel Production Requested in Subpoena Duces Tecum, Record Doc. No. 1, I conducted a telephone conference in this matter. Counsel for the subpoena recipient confirmed with his client and orally advised me that the subpoena recipient consents to transfer of this matter pursuant to Fed. R. Civ. P. 45(f) (amended version effective December 1, 2013) to the subpoena issuing court, where the underlying case is also pending, and where both the subpoena recipient and its client also have offices. Counsel for the subpoena recipient was directed to provide me with confirmation in writing of the subpoena recipient's consent to transfer. Upon receipt of written consent, I will separately issue a transfer order. (tbl) [Copy mailed to Magistrate Judge Richard L. Bourgeois, Jr. at the address listed herein] (Entered: 01/24/2014) |
| 01/24/2014 | 5 | Case transferred to Middle District of Louisiana in Baton Rouge. Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 1/24/2014.(my, )(CC:Honorable Judge Richard L. Bourgeois, Jr.) (Entered: 01/24/2014) |
| 01/24/2014 | 6 | Letter to Judge Joseph C. Wilkinson, Jr. from Kent A. Lambert dated 1/24/2014 (my, ) (Entered: 01/24/2014) |

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 3:14-mc-00002-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE**<br>**RICHARD L. BOURGEOIS, JR.** |

---

**EX PARTE MOTION FOR ADMISSION OF VISITING COUNSEL**
**PURSUANT TO LOCAL RULE 83.2.6**

---

NOW INTO COURT, through undersigned counsel comes William L. Schuette ("Movant"), a member in good standing of the Bar of the State of Louisiana, who is admitted to practice before the United States District Court for the Middle District of Louisiana, and who hereby moves this Court for entry of an Order permitting Charles K. Davis and the law firm of Harper | Hayes PLLC, 600 University Street, Suite 2420, Seattle, Washington 98101, e-mail address cdavis@harperhayes.com, to practice as visiting counsel before the United States District Court for the Middle District of Louisiana in order to represent Plaintiff Shaw Process Fabricators, Inc.  In support of this motion, Movant states as follows:

1.      Applicant is a member in good standing of the Bar of the United States District Court for the District of Washington, and the Bar of the Washington Supreme Court, which is the highest court of such state;

2.      There are no pending disciplinary matters, complaints, or other ongoing investigations concerning Mr. Davis  before any Court or Bar;

3.      An original Certificate verifying that the applicant is admitted to practice in the

State of Washington and is in good standing therein is attached hereto as **Exhibit A**;

4.      An affidavit of applicant attesting that there are no pending disciplinary matters,

complaints or other investigations concerning him before any Court or Bar is attached hereto as

**Exhibit B** in accordance with Local Rule 83.2.6.

Movant represents that Applicant, Charles K. Davis, agrees and authorizes the Clerk of

the Court for the Middle District of Louisiana to transmit notice of entries of judgment and

orders to Mr. Davis under Fed. R. Civ. P. 77.   Mr. Davis also agrees to receive notice

electronically from other parties and the Court via electronic mail.  He understands this notice

will be in lieu of notice by any other means.  He understands it is his responsibility to advise the

Clerk's Office promptly in writing of any physical address changes and/or update his electronic

mail address within the court's filing system.

Movant requests the Court grant this motion that the applicant is permitted to appear

and participate as co-counsel in this case in association with the Movant as additional co-

counsel of record on behalf of Plaintiff Shaw Process Fabricators, Inc.

RESPECTFULLY SUBMITTED this 31st day of January, 2014.


By: _s/Charles K. Davis_____               By: s/_William L. Schuette_____
    Signature of applying attorney                  William L. Schuette, LA Bar No. 2098
    Charles K. Davis, WSBA No. 38231                JONES, WALKER, WAECHTER, POITEVENT,
    HARPER | HAYES PLLC                              CARRERE & DENEGRE, LLP
    600 University Street, Suite 2420                8555 United Plaza Blvd, 5th Floor
    Seattle, WA 98101                                Baton Rouge, LA 70809
    **Telephone**:        (206) 340-8010            **Telephone**:        (225) 248-2056
    **Fax**:              (206) 260-2852            **Fax**:              (225) 248-3056
    **Email**: cdavis@harperhayes.com               **Email**: wschuette@joneswalker.com
    **Additional email**: vheindel@harperhayes.com

2

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served via the Court's electronic filing system on January 31, 2014.

By /s/ *William L.  Schuette*
William L.  Schuette

# Exhibit A

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ADMISSION )

OF )

CHARLES K. DAVIS )

TO PRACTICE IN THE COURTS OF THIS STATE )

)

BAR NO. 38231

**CERTIFICATE**

**OF**

**GOOD STANDING**

I, Ronald R. Carpenter, Clerk of the Supreme Court of the State of Washington, hereby certify

**CHARLES K. DAVIS**

was regularly admitted to practice as an Attorney and Counselor at Law in the Supreme Court and all the

Courts of the State of Washington on November 16, 2006, and is now and has continuously since that date

been an attorney in good standing, and has a current status of active.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed
the seal of said Court this 23rd day of
January, 2014.

Ronald R. Carpenter
Supreme Court Clerk
Washington State Supreme Court

# Exhibit B

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 3:14-mc-00002-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

---

**AFFIDAVIT OF CHARLES K. DAVIS**

---

**STATE OF WASHINGTON** ]
] ss:
**COUNTY OF KING** ]

BEFORE ME, the undersigned Notary, <u>Victoria Heindel</u>, on this 31st day of January 2014, personally appeared <u>Charles K. Davis</u>, known to me to be a credible person and of lawful age, who being by me first duly sworn on his/her oath, deposes and says:

1.      Pursuant to Local Rule 83.2.6, I seek to serve as visiting counsel for *The Shaw Group, Inc., et al. v. Zurich American Insurance Company, et al.*, Civil Action No. 3:14-mc-00002-JJB-RLB, currently pending before this Court.

2.      I am a member in good standing of the Bar of the United States District Court for the District of Washington and the Bar of the State of Washington, and have attached a Certificate of Good Standing from the Clerk of the Washington Supreme Court.

3.      No disciplinary proceedings or criminal charges have been instituted against me.

4.      I do solemnly swear that I will support the Constitution of the United States and

that I will conduct myself uprightly and according to the law in the recognized standards of

ethics of the legal profession.

5.      I do further solemnly swear that I have read the Federal Rules of Civil Procedure,

28 U.S.C.; the Federal Rules of Criminal Procedure, 18 U.S.C.; the Federal Rules of Evidence, 28

U.S.C.; and the Local Rules of the United States District Court for the Middle District of

Louisiana, and I am fully prepared to use and abide by them in my practice before this Court.

I swear that I know the contents of this affidavit signed by me and that the statements
herein are true and correct under penalty of perjury under the laws of the United States of
America.

_____
Charles K. Davis

SUBSCRIBED and SWORN to before me this 31st day of January 2014.

_____
Print Name:___Victoria Heindel_____
NOTARY PUBLIC in and for the
State of Washington
Residing at:___Auburn, Washington_____
My commission expires:_____12/5 /2015_____

VICTORIA HEINDEL
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
DECEMBER 5, 2015

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 3:14-mc-00002-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE**<br>**RICHARD L. BOURGEOIS, JR.** |

---

**ORDER**

---

Considering the Ex Parte Motion for Admission of Visiting Counsel,

IT IS ORDERED that the motion be granted and that CHARLES K. DAVIS be, and is hereby admitted, to appear and participate as additional co-counsel of record for Plaintiff Shaw Process Fabricators, Inc.

Signed in Baton Rouge, Louisiana this _____ day of _____, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE SHAW GROUP INC., ET AL.** | **MISC. ACTION** |
| **VERSUS** | **NO. 14-2-JJB-RLB** |
| **ZURICH AMERICAN INSURANCE COMPANY, ET AL.** | **JUDGE JAMES J. BRADY** |
| | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR.** |

---

## ORDER

---

Considering the Ex Parte Motion for Admission of Visiting Counsel (R. Doc. 8),

IT IS ORDERED that the motion is hereby granted and CHARLES K. DAVIS is admitted, to appear and participate as additional co-counsel of record for Plaintiff Shaw Process Fabricators, Inc.

Signed in Baton Rouge, Louisiana, on February 3, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**THE SHAW GROUP INC., ET AL.**                    **MISC. ACTION**

**VERSUS**                                          **NO.  14-2-JJB-RLB**

**ZURICH AMERICAN INSURANCE COMPANY,**
**ET AL.**

---

## ORDER

---

Considering that the motion to compel production requested in subpoena duces tecum (R. Doc. 1) and all other documents filed in the above captioned matter arise out of a matter currently pending in this court, that is, CV 12-257-JJB-RLB,

IT IS ORDERED that the Clerk of Court shall file a copy of all documents in this matter, 14-MC-2-JJB-RLB, into the record of CV 12-257-JJB-RLB.

IT IS FURTHER ORDERED that this matter shall be closed and any further pleadings shall be filed in CV 12-257-JJB-RLB.

IT IS FURTHER ORDERED that movant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. and counsel representing movant shall be added as a noticed party to the docket sheet in CV 12-257-JJB-RLB.

Signed in Baton Rouge, Louisiana, on February 4, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**