UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., et al.                                CIVIL ACTION

VERSUS                                                      NO. 12-257-JJB-RLB

ZURICH AMERICAN INSURANCE
COMPANY, et al.

# ORDER

Before the court are several interrelated discovery motions filed by plaintiffs The Shaw Group Inc. and Shaw Process Fabricators, Inc. (collectively, "Shaw"), defendant North American Specialty Insurance Company ("NAS"), and third party Westchester Fire Insurance Company ("Westchester") concerning the "your product" endorsements in insurance policies issued to Shaw by NAS and Westchester in 2008. This Order concerns Shaw's Motion to Supplement Memoranda (R. Doc. 237);[1] Shaw's Motion to Strike Paragraph 6 of the Declaration of Kimberly A. Griffith, Docket No. 199-2 (R. Doc. 202);[2] and Shaw's Motion to Strike Paragraph 4 of the Declaration of Pamela Asbury, Docket No. 185-3 (R. Doc. 211).[3]

**I.     Shaw's Motion to Supplement**

Shaw seeks leave of court, under Local Rule 7.3, to supplement three memoranda: Shaw's memorandum in support of its motion to compel Westchester to comply with subpoenas (R. Doc. 173), Shaw's memorandum in support of its motion to compel deposition testimony from NAS (R. Doc. 187), and Shaw's opposition to NAS's motion for protective order (R. Doc. 210). (R. Doc. 237). Shaw seeks to supplement the record with the arguments presented in its

---

[1] Shaw seeks to supplement R. Docs. 173, 187, and 210. The motion is opposed. (R. Doc. 239).
[2] The motion is opposed. (R. Doc. 219).
[3] The motion is opposed. (R. Doc. 213).

Motion to Supplement as well as two 2011 emails obtained in discovery from a third-party, AmWINS, which Shaw represents is the "wholesale broker who was involved in selling Shaw the Westchester and NAS policies." (R. Doc. 237-1 at 3). Shaw claims that the emails support its substantive position regarding the meaning of the "your product" endorsements in the Westchester and NAS policies (R. Doc. 237-1 at 4). Shaw characterizes the emails as "new evidence" in support of its arguments. (R. Doc. 237 at 2).

NAS opposes the motion, stating that Shaw has moved the court to "admit" a 2011 email string that "is not admissible or relevant to explain the meaning of terms in other earlier-negotiated contracts." (R. Doc. 239 at 1-2). NAS argues that Shaw's motion should be denied and the court should not "admit" into the record the 2011 emails obtained by Shaw in discovery from AmWINS. (R. Doc. 239 at 2).

For the purpose of the <u>instant</u> motion, the court is not concerned with whether Shaw's characterization of the import of those emails is correct or whether NAS's argument that they are neither admissible or relevant is proper. The issue now before the court is whether Shaw should be granted leave to submit additional arguments, as well as the 2011 emails, in further support of its motions to compel and its opposition to NAS's motion for protective order. NAS's argument that these emails are irrelevant is noted and will be considered by the court in its ruling on the underlying discovery motions. NAS has not demonstrated that it would be prejudiced by the granting of the motion. If desired, NAS can move, at a more appropriate point in this proceeding, to exclude from evidence any documents submitted by Shaw in support of summary judgment or for use at trial.

Accordingly, **IT IS ORDERED** that Shaw's Motion to Supplement Memoranda (R. Doc. 237) is **GRANTED**. As these materials are already part of the docket in this matter, no further action from the Clerk's office is required.

II.     **Shaw's Motions to Strike Paragraph 6 of the Griffith Declaration and Paragraph 4 of the Asbury Declaration**

Shaw filed two motions seeking to strike paragraphs from the declarations attached to opposition briefs submitted by Westchester and NAS. There is no procedural rule governing motions to strike portions of a declaration attached to a memorandum in opposition to a discovery motion.[4]

The declarations at issue are by individuals purporting personal knowledge of the insurance policies at issue.[5] Paragraph 6 of the Griffith Declaration purports to provide Westchester's intent with regard to the "your product" endorsement found in the 2008 policy it issued to Shaw.[6] Similarly, Paragraph 4 of the Asbury Declaration purports to provide NAS's intent with regard to the "your product" endorsement found in the 2008 policy it issued to Shaw.[7] Shaw argues that the foregoing paragraphs submitted in support of Westchester's and

---

[4] Shaw did not bring its motions to strike under Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court need not decide, therefore, whether a declaration in support of a motion or opposition brief is a "pleading" for the purpose of that rule. *See* Fed. R. Civ. P. 7(a) (defining "pleadings" allowed under the Federal Rules of Civil Procedure).

[5] Kimberly A. Griffith, the declarant in support of the Westchester opposition brief, states that she is "Vice President of casualty insurance" for Westchester and was "the underwriter involved with placing the umbrella liability policy issued by [Westchester] to [Shaw] from 1996 through the present." (R. Doc. 199-2 at 1). Pamela Asbury, the declarant in support of the NAS motion for protective order, states that she was "a senior underwriter and Assistant Vice President for the Casualty Department for Endurance U.S. Operations ("Endurance") and was the lead underwriter involved with placing the [NAS] policies issued to [Shaw] from September 1, 2006, to September 1, 2010." (R. Doc. 185-3 at 1).

[6] Paragraph 6 of the Griffith Declaration provides the following: "It was not the intent of [Westchester] to follow-form to the Amendment of Damage to Property Endorsement in the Zurich policy." (R. Doc. 199-2 at 2).

[7] Paragraph 4 of the Asbury Declaration provides the following: "It was NAS's intent to follow-form to the Westchester 'your product' exclusion, and not the Zurich 'your product' exclusion." (R. Doc. 185-3 at 2).

3

NAS's opposition briefs should be stricken because they attempt "to establish the unexpressed, unilateral intent" of those parties with regard to the "your product" endorsements in the respective policies. (R. Docs. 202 at 1, 211 at 1).

The parties' arguments regarding the instant motions focus on an ultimate issue on the merits—the meaning of the "your product" endorsement found in the NAS and Westchester policies issued in 2008. The court need not decide now whether the declarations have any probative value with regard to that ultimate issue. Shaw can move, at a more appropriate point in this proceeding, to exclude the Griffith and Asbury declarations from evidence if Westchester or NAS, respectively, seek to submit those declarations in support of summary judgment or for use at trial. The Court sees no grounds to exclude those statements from the record at this stage of the litigation. The Court will afford the arguments in Shaw's motions to strike, as well as the arguments in Westchester's and NAS's opposition memoranda to that motion, the appropriate consideration in resolving the underlying discovery motions.

Accordingly, **IT IS ORDERED** that Shaw's Motion to Strike Paragraph 6 of the Declaration of Kimberly A. Griffith, Docket No. 199-2 (R. Doc. 202) is **DENIED** and Shaw's Motion to Strike Paragraph 4 of the Declaration of Pamela Asbury, Docket No. 185-3 (R. Doc. 211) is **DENIED.**

Signed in Baton Rouge, Louisiana, on March 10, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE