UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION |
| | * | |
| PLAINTIFFS | * | NO. 3:12-CV-00257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | * | |
| | * | |
| | * | |
| DEFENDANTS. | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

\*   \*   \*   \*   \*   \*   \*   \*

## <u>ORDER</u>

Considering the Joint Consent Motion for an Agreed Protective Order and Order Governing Electronic Discovery (R. Doc. 161);

**IT IS ORDERED** that the Joint Consent Motion for an Agreed Protective Order and Order Governing Electronic Discovery is **GRANTED,** and the Agreed Protective Order and Order Governing Electronic Discovery attached to this Order will be entered into the record of the above-referenced matter.   The Court notes for counsel that it has made modifications to the proposed order (R. Doc. 161-3) submitted by the parties.   The Court's modifications are in **bold.**

Signed in Baton Rouge, Louisiana, on September 24, 2013.

RICHARD L. BOURGEOIS, **JR.**
**UNITED STATES MAGISTRATE JUDGE**



EXHIBIT

A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION |
| | * | |
| PLAINTIFFS | * | NO. 3:12-CV-00257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE | * | |
| COMPANY, ET AL | * | |
| | * | |
| DEFENDANTS. | * | MAGISTRATE JUDGE |
| | * | RICHARD L. BOURGEOIS, JR. |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

---

## AGREED PROTECTIVE ORDER AND ORDER GOVERNING ELECTRONIC DISCOVERY

**A.    Documents Disclosed Pursuant To The Protective Order In The *REC v. Shaw* Action.**

      1.      The parties shall be bound to the Protective Order entered in the case *REC Solar Grade Silicon, LLC v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc.*, United States District Court for the Eastern District of Washington, cause no. CV-09-188-RMP (the "Underlying Action"), **a copy of which was filed as an attachment to the joint consent motion for an agreed protective order and order governing electronic discovery (rec. doc. 161-1),** but only **(1)** to the extent that documents used or disclosed in this insurance action are documents that were designated in the Underlying Action as "Confidential Information" or "Highly Confidential Information," and which retained that designation through the Notice of Settlement of the Underlying Action; **and (2) that the Protective Order in the Underlying Action is not inconsistent with this Order.**

2.    All documents designated as "Confidential Information" or "Highly Confidential Information" in the Underlying Action will be preserved for the pendency of, and may be used for purposes of, preparation (including but not limited to all fact and expert discovery and all pre-trial motions), trial, and appeal of this insurance action subject to any and all objections under the law, equity, or court rules.

3.    In the event a non-producing party challenges a producing party's designation of documents as "Confidential" or "Highly Confidential," the non-producing party will provide notice of any motion to all parties and to the underlying plaintiff REC Solar Grade Silicon, LLC ("REC") and allow the parties and/or REC a reasonable opportunity to intervene and/or respond to such a motion if one is filed.

4.    It is understood that NAS and Zurich may have legal and contractual obligations under State Insurance laws and regulations, and to reinsurers, to preserve documents that are subject to this Order for the purposes of audits or other investigations into their claims files.  It is agreed that NAS and Zurich are exempt from the destruction of documents provisions contained at subheading "10. Conclusions of Litigation"  in the Protective Order at Addendum A **(as modified by this Order)** to the extent that NAS and Zurich are required by applicable laws, regulations, or reinsurance agreements to preserve documents that are subject to this Order in order to allow audits or investigations into their claims files.  In the event of such audit or investigation into their claims files, NAS and Zurich will use their best efforts to maintain the confidentiality and privileged/protected nature of all "Confidential Information" and "Highly Confidential Information."

5.    **Any document to be filed under seal with the court shall be filed in accordance with the court's Administrative Procedures.  (See page 10).**[1]

---

[1] **The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "CM/ECF," "Information," "Procedures."**

6.      Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.[2]

B.      **Confidential Documents Produced In This Action.**

1.      The parties agree that certain claims, underwriting, and other documents produced in this action may contain confidential commercial information, proprietary information, trade secrets, and/or other sensitive business information. It is the intent of the parties that such documents remain confidential and are not disclosed to the public.

2.      The parties agree that confidential documents produced in discovery will be individually marked "CONFIDENTIAL." A privilege log will also be produced identifying all documents that are designated as confidential.

3.      For deposition testimony and exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "CONFIDENTIAL" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition, or within fourteen days of the deposition. During that fourteen days, the deposition transcript and exhibits are presumed to be confidential.

4.      The inadvertent failure to designate a document, testimony, or exhibits as "CONFIDENTIAL" will not be a waiver that the document contains confidential information, and will not prevent the producing party from designating the document, testimony, or exhibit as confidential at a later date in writing, so long as the designation is done with particularity.

5.      Any party may challenge a "CONFIDENTIAL" designation. If a designation is challenged, then all parties shall meet and confer regarding the challenge to see if an out-of-court agreement can be reached concerning the designation. If an agreement cannot be

---

[2] Under the court's General Order No. 93-1, "Pleadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion, orders that the pleading or other paper be maintained under seal."

reached, then the party may file a motion with the Court challenging the designation. Until the presiding judge has ruled on the dispute, the "CONFIDENTIAL" designation will remain in full force and effect.

6.  Documents, testimony, and exhibits designated as "CONFIDENTIAL" may only be used for purposes of this action by the parties and their counsel. Confidential documents, testimony, and exhibits may be disclosed to fact witnesses or expert witnesses so long as they sign a copy of the Confidentiality Agreement in the form attached as Exhibit A.

7.  The existence of this Protective Order must be disclosed to any person producing documents, testimony, or exhibits in this action that may reasonably expect or desire confidential treatment for such documents, testimony, or exhibits. Any such person may designate documents, testimony, or exhibits pursuant to this Protective Order.

8.  **Any document to be filed under seal with the court shall be filed in accordance with the court's Administrative Procedures. (See page 10).**[3]

9.  Any documents, testimony, or exhibits designated as "CONFIDENTIAL" will maintain their confidentiality after final judgment, including any appeals. However, by entering this Protective Order the Court does not intend to preclude another court from finding that documents, testimony, or exhibits designated as "CONFIDENTIAL" are relevant and subject to disclosure in another case.

10.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's documents, testimony, or exhibits designated as "CONFIDENTIAL" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

---

[3] **The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "CM/ECF," "Information," "Procedures."**

11.    It is understood that NAS and Zurich may have legal and contractual obligations under State Insurance laws and regulations, and to reinsurers, to preserve documents that are subject to this Order for the purposes of audits or other investigations into their claims files. In the event of such audit or investigation into their claims files, NAS and Zurich will use their best efforts to maintain the confidentiality and privileged/protected nature of all documents, testimony, and exhibits designated as "CONFIDENTIAL."

12.    **Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.**[4]

C.    **Electronic Documents.**

1.    The parties agree to preserve electronically stored documents in their possession, custody or control from the following sources (a) the insurer's claims files, (b) the insurer's underwriting files, (c) Shaw's claims files, (d) Shaw's insurance placement and broker files, (e) any other files Shaw maintains concerning the placement of the insurance policies and claims arising under them, (f) Shaw's defense attorney files and its in-house files pertaining to the underlying *REC v. Shaw* suit, (g) correspondence between the insurers and Shaw's defense attorneys and/or Shaw's officers, directors, or employees relating to the claim, and (h) correspondence among and within the insurers and insurance brokers regarding Shaw's policies. By identifying these sources of documents the parties are not intending to waive any objection with respect to their production.

2.    Only electronically stored documents created or received since September 1, 2005 must be preserved pursuant to this agreement. This agreement does not supersede any obligations the parties may otherwise owe under the court rules or case law to preserve

---

[4] Under the court's General Order No. 93-1, "Pleadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion, orders that the pleading or other paper be maintained under seal."

evidence.  If not already notified, each party will identify the custodian(s) of the above-referenced documents and notify them of their duty to preserve electronically stored documents pursuant to this Order.  The parties will endeavor to agree on search terms to be utilized in the search for the above-referenced documents.  The parties represent to one another that they have used their best efforts to preserve electronically stored documents from the date that this lawsuit was filed on July 30, 2011.

3.    The parties agree to produce documents in ".PDF" format.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  A party may also request that any document be produced in its native format.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on September 24, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

CONFIDENTIALITY AGREEMENT

I, _____ [print or type full name], of
_____ [print or type full address], declare under
penalty of perjury that I have read in its entirety and understand the Protective Order that was
issued in the case of *The Shaw Group, Inc. et al v. Zurich American Ins. Co. et al*, Case
Number 3:12-CV-00257. I agree to comply with and to be bound by all the terms of this
Protective Order and I understand and acknowledge that failure to so comply could expose me
to sanctions and punishment in the nature of contempt. I solemnly promise that I will not
disclose in any manner any information or item that is subject to this Protective Order to any
person or entity except in strict compliance with the provisions of the Protective Order. I
understand that, by executing this Confidentiality Agreement, I submit to the jurisdiction of the
United States District Court for the Middle District of Louisiana for enforcement of the
Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

C:\Users\bwinslow-nason\Desktop\LEGAL 17137699v1
[Proposed] Protective Order and Order Governing E-
Discovery.DOCX

# GAUDRY, RANSON,
# HIGGINS & GREMILLION, L.L.C.

THOMAS L. GAUDRY, JR.
DANIEL A. RANSON
DARYL A. HIGGINS
GREGORY G. GREMILLION
WADE A. LANGLOIS, III
MICHAEL D. PEYTAVIN
STEVEN D. OLIVER
THOMAS W. DARLING

*Of Counsel*
E. RALPH LUPIN, M.D., J.D.
STACIE PETERSEN NEHLIG

ATTORNEYS AT LAW
OAKWOOD CORPORATE CENTER
401 WHITNEY AVE., SUITE 500
GRETNA, LOUISIANA 70056

MAILING ADDRESS
P.O. BOX 1910
GRETNA, LOUISIANA 70054-1910
(504) 362-2466
FACSIMILE (504) 362-5938
WEBSITE: www.grhg.net

WRITER'S DIRECT DIAL:
(504) 376-1360

WILLIAM H. VOIGT
A. MARK FLAKE
JAIRO F. SANCHEZ
RYAN C. HIGGINS
ELIZABETH A. LIUZZA
JOHN J. DANNA, JR.

BATON ROUGE OFFICE:
2223 QUAIL RUN DR., C-2
BATON ROUGE, LA 70808
(225) 663-6101
(225) 663-6102 FACSIMILE
Sender's e-mail:
wlanglois@grhg.net

January 24, 2014

VIA EMAIL Jason.Lien@maslon.com
Jason Lien
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

VIA EMAIL todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101

    RE:    The Shaw Group, Inc., et al v.  Zurich American Insurance Company, et al
           USDC Middle District of Louisiana Docket No.  3:12-CV-257
           Our File No. 262 -2118

Dear Jason and Todd:

    Attached is the proposed e-discovery search for your clients The Shaw Group and Shaw Process Fabricators submitted pursuant to the Orders previously issued by the Court in this matter.



EXHIBIT
B

January 24, 2014
Page 2

                              Yours very truly,
                              /s/ Wade A. Langlois /dpl
                              Wade A. Langlois, III

WALIII/dpl
Enclosure
cc: Brendan Winslow-Nason (Via email: Bwinslow-Nason@cozen.com)

G:\0262\2118\CORRESPONDENCE\Llen and Hayes 0001.wpd

**ELECTRONIC SEARCH TERMS**

Date Range: 9/1/08 - 12/31/12

**Shaw custodians:**
Stephen Adams
Steve Adams
Daniel Terrell
Steve Allison
Robert P. Brown

**Search terms:**
Zurich
Endurance Services Limited
NAS
North American Specialty
Ace Westchester
FARA
Willis North America
Settlement
Settle
Mediation
Mediator
Blenda Eyvazzadeh
beyvazzadeh@enduranceservices.com
Ronald Struhs
Ronald.struhs@acegroup.com
Tom Weinberger
Tom.weinberger@acegroup.com
Kimberly Cunningham
Kimberly.cunningham@fara.com
Amy Ragusa
Amy.ragusa@fara.com
Anita Shales
Anita.shales@fara.com
Patrick McGinley
Patrick.mcginely@willis.com
Tammy Bush
Tammy.bush@willis.com
Monte Badasarian
Monte.badasarian@willis.com
Mark Maxwell
John Heisse
John.heisse@pillsburylaw.com

Brian Homza
brian.homza@cookyancey.com
Leo Bigley
Leo.bigley@zurichna.com
John Mahoney
John.w.mahoney@zurichna.com
Joe Kostkowski
Joe.kostkowski@zurichna.com
Debbie Purkey
Debbie.purkey@zurichna.com
Rose Madruga
Rose.madruga@zurichna.com
Westchester
Griffith Nixon
Scott Griffith
sgriffith@gndlaw.com
Tony Jach
tjach@gndlaw.com
Jason Cagle
jcagle@gndlaw.com
Baker Donelson
Danny Shaw
dshaw@bakerdonelson.com
Roy Cheatwood
rcheatwood@bakerdonelson.com
Regina Hamilton
Regina.Hamilton@shawgrp.com
Kimberly LaHaye
Kimberly.LaHaye@shawgrp.com
Kimberly Roy
Kimberly.Roy@shawgrp.com
John Donofrio
John.Donofrio@shawgrp.com
Dave Chapman
Dave.Chapman@shawgrp.com
Remi Bonnecaze
Remi.Bonnecaze@shawgrp.com
Chuck Bradford
Chuck.Bradford@shawgrp.com
Mike Kershaw
Mike.Kershaw@shawgrp.com
TPD
Claims
Unbundled
ROR

Reservation of Rights
defense
REC claim
deductible
Oles
attorney fees
Jerry Marks
jmarks@milbank.com
James Whooley
jwhooley@milbank.com
Leslie Weatherhead
lwlibertas@aol.com
TPA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO.   3:12-cv-257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE RICHARD L. |
| COMPANY, ET AL | * | BOURGEOIS, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

TO:        The Shaw Group, Inc. and Shaw Process Fabricators, Inc.

Through their counsel of record:

Mr. James D. O'Connor
MASLON, EDELMAN, BORMAN &
BRAND, L.L.P.
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota   55402

Mr. Todd C. Hayes
Harper Hayes, P.L.L.C.
One Union Square
600 University, Suite 2420
Seattle, Washington   98101

Mr. William L. Schuette, Jr.
Jones Walker, L.L.P. – B.R.
8555 United Plaza Boulevard, Suite 500
Baton Rouge, Louisiana   70809

Defendant, Zurich American Insurance Company ("Zurich"), requests that plaintiffs respond to the following Requests for Production of Documents and Things within thirty (30) days, under oath or, if any objection is made, that the reason for such objection be given and that said responses be sworn to and signed by the person(s) making them, and further that any objection be signed by the attorney making them (if applicable), all in accordance with Rule 34 of the *Federal Rules of Civil Procedure*.   Defendant requests that the original of the following items be made available for review and copying at the offices of undersigned counsel.

EXHIBIT

C

ALL-STATE LEGAL®

## INSTRUCTIONS

1.      Please answer each Request for documents and/or things separately by listing the documents and/or things and by describing them as defined below.   If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.      For each document, thing and/or other requested information that you assert is privileged or is not discoverable, identify that document, thing and/or other requested information.   State the specific grounds for the claim of privilege or other ground for exclusion.

3.      For each document and/or thing you claim is not discoverable, state the information required by the definition of "documents" below, and in addition state:   (a) the author's name, job title and address; (b) the recipient's name, job title and address; (c) the name and job title of all persons to whom it was circulated or who saw it; (d) the name, job title and address of the person(s) now in possession of the document; and (e) the document's present location.

4.      For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.   Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

## DEFINITIONS

In the following requests:

a.      The terms "Shaw", "you" or "your" mean and include The Shaw Group, Inc.

and/or Shaw Process Fabricators, Inc., and, as the context indicates, your attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on your behalf.

  b. The term "REC" means REC Solar Grade Silicon, L.L.C., and, as the context indicates, its attorneys, agents, servants, subsidiaries, successors, employees, accountants, investigators, representatives or other persons acting on its behalf.

  c. The term "REC suit" means the lawsuit filed in the U.S. District Court for the Eastern District of Washington on behalf of REC Solar Grade Silicon, L.L.C., and entitled *"REC Solar Grade Silicon, L.L.C. v. The Shaw Group, Inc. and Shaw Process Fabricators, Inc."*, and assigned docket number CV-09-188-RMP.  It also includes any Reconventional Demands, Cross-Claims, Third Party Claims/Impleader, or any other related demand filed in the suit.

  d. The term "Identify" means:

  (1) in the case of a natural person, to state the full name, last known residence address and telephone number, last known business address and telephone number, the last known occupation and business position or title held;

  (2) in the case of any other person, to state the name, the address, the place of incorporation or organization, and the principal place of business; and

  (3) in the case of a document, whether or not privilege is claimed, to state (i) the kind of document (e.g., letter, memorandum, telegram, etc.); (ii) the number of pages comprising the document; (iii) the present identity and location of the document; (iv) the date it bears, if any; (v) the date the document was prepared; (vi) whether the document was sent and, if so, the date it was sent; and (vii) the identity of the author, originator,

sender, each person who received the document (whether or not named as an addressee), and each person known to have read the document.

e.    The terms "pertaining" or "regarding" shall mean commenting on, including, concerning, containing, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, in whole or in part, and should be construed in the broadest sense of the word.

f.    In case of doubt as to the scope of a clause including "and," "or," "all," "any," "each," or "every," the intended meaning is inclusive rather than exclusive.

g.    If you find the meaning of any term in these Requests for Production of Documents and Things to be unclear, then you should assume a reasonable meaning.

h.    The singular includes the plural and vice versa; masculine, feminine and neuter are to be interchangeable as the context requires.

Defendant specifically requests ongoing supplementation of your answers in accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure.

**REQUEST NO. 1:**

Please produce any and all documents you used or referenced in answering Zurich's Interrogatories.

**REQUEST NO. 2:**

Please produce all settlement demands received from REC in the underlying claim, and Shaw's response to each demand.

**REQUEST NO. 3**

Please produce all correspondence between Shaw and any attorney representing Shaw in the underlying REC litigation.

**REQUEST NO. 4:**

Please produce any and all documents regarding your evaluation of the validity of REC's claims made in the REC suit.

**REQUEST NO. 5:**

Please produce any and all documents which support REC's claim for damages against Shaw arising out of the REC suit.

**REQUEST NO. 6:**

Please produce any and all documents which support Shaw's Counterclaim asserted in the REC suit.

**REQUEST NO. 7:**

Please produce any and all documents regarding the settlement negotiations and the settlement reached between Shaw and REC.  This Request includes without limitation, written correspondence or e-mails discussing or negotiating the settlement between Shaw and its counsel and/or Shaw's counsel and REC's counsel, as well as the settlement agreement itself.

**REQUEST NO. 8:**

Please produce any and all documents regarding the settlement negotiations and the settlement reached between Shaw and Westchester Fire Insurance Company.  This Request includes, without limitation, written correspondence or e-mails between Shaw's counsel and Westchester Fire Insurance Company's counsel, as well as the settlement agreement itself.

**REQUEST NO. 9:**

Please produce any and all documents regarding Shaw's attempts (if any) to remediate the damages caused by the allegedly defective pipe spools at REC's facility.

**REQUEST NO. 10:**

Please produce any and all documents relating to Shaw's employment/use of a third party administrator in this matter and any communications with a third party administrator arising out of the REC suit, including:

a.      Agreements between Shaw and the third party administrator regarding handling of claims; and

b.      Any communications between Shaw (or its attorneys) and the third party administrator regarding or arising out of the REC suit or Shaw's suit against Zurich.

**REQUEST NO. 11:**

Please produce any and all documents that support your claim for damages and penalties under any insurer bad faith statute, whether in Washington, Louisiana, or any other state which you may claim had insurer bad faith statutes which bear upon the relationship between Shaw and defendants in this suit.

**REQUEST NO. 12:**

Please produce any and all documents that support or tend to prove your allegations of bad faith, improper claim handling, lies, deceit, and/or misrepresentations against Zurich.

**REQUEST NO. 13:**

Please produce any and all documents evidencing your retention and/or payment for any services (whether they be for legal services, digital document services, expert

services, discovery related services, i.e., depositions transcripts, etc., or any other type of service) or any expenses you claim were reasonably necessary to defend yourself in the REC suit. This Request includes, without limitation, retention agreements, bids, proposals, fee schedules or receipts for:

    a.    Professional legal services;

    b.    Expert services;

    c.    Digital/copying/file management services;

    d.    Deposition transcription services;

    e.    Travel, food, and/or lodging expenses; and

    f.    any other services or expenses you content were reasonably necessary to defend yourself in the REC suit.

**REQUEST NO. 14:**

Please produce copies of any and all retention/fee agreements between you and your attorneys in your suit against Zurich.

**REQUEST NO. 15:**

Please produce any and all documents which support your assertion that the settlement between Shaw and REC which resolved the REC suit was reasonable.

**REQUEST NO. 16:**

Please produce any and all witness statements in any way pertaining to or regarding your claim of bad faith/improper claim handling against Zurich or the damages you allege to have suffered as a result of same.

**REQUEST NO. 17:**

For each expert witness you intend to call at trial, please provide:

a.    Their resume;

b.    All drafts and the final version of any reports or written opinions they have provided;

c.    All documents or things which (i) you have provided to them and/or (ii) they have otherwise obtained and/or reviewed in evaluating the issues on which they opine.

d.    All of their notes and working papers;

e.    Any learned treaties or authorities on which they rely in any respect;

f.    Any retainer agreements and other documents relating to or describing the expert's compensation in this matter; and

g.    Any invoices or fee statements rendered by the expert.

**REQUEST NO. 18:**

Please produce any and all documents or things that you may seek to introduce into evidence at the trial of this matter.

**REQUEST NO. 19:**

Please produce any and all documents that you identified in response to Zurich's Interrogatories.

**REQUEST NO. 20:**

Please produce any and all documents you reviewed, referenced, or reviewed or used in preparation for your deposition pursuant to *Federal Rule of Civil Procedure* 30(b)(6).

**REQUEST NO. 21:**

Please produce any and all demand letters and/or Complaints (or other pleading

initiating a lawsuit), including any amendments thereto, you have made against any insurer for alleged bad faith and/or improper claims handling within the past ten years.

## REQUEST NO. 22

Please produce all agreements, contracts or operating agreement between any Shaw entitiy, including but not limited to The Shaw Group, Inc. and Shaw Process Fabricators, Inc. and FARA or York Claim Services, Inc.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS
&  GREMILLION, L.L.C.

THOMAS W. DARLING, T.A. (#23020)
2223 Quail Run, Suite C-2
Baton Rouge, LA 70808
Telephone: (225) 663-6101
Facsimile: (225) 663-6102
tdarling@grhg.net
*Attorneys for Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December ____, 2013, a copy of the foregoing was transmitted to all counsel of record via facsimile, electronic mail, or by U.S. Mail, properly addressed, and First-Class postage prepaid.