UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE SHAW GROUP, INC., ET AL

VERSUS

ZURICH AMERICAN INSURANCE
COMPANY, ET AL

CIVIL ACTION

NO. 3:12-CV-00257-JJB-RLB

## RULING ON MOTION TO EXCLUDE TESTIMONY

This matter is before the Court on a Motion (doc. 298) to Exclude Testimony by Defendant, North American Specialty Insurance Company ("NAS"). The Plaintiff, the Shaw Group Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw") has filed an opposition to the motion (doc. 304). Oral argument is unnecessary. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Defendant's Motion (doc. 298) to Exclude Testimony is **denied.**

### I. Background

NAS brings this Motion (doc. 298) to exclude the testimony of Shaw's expert witness, J. Kay Thorne ("Mr. Thorne") pursuant to Fed. R. Evid. 702, Fed. Rule. Evid. 403, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). This Court has ruled that Louisiana law applies to the bad faith claims against NAS (doc. 132). NAS argues that Mr. Thorne's testimony will be irrelevant, unreliable, and unfairly prejudicial because it is guided by the Washington Administrative Code, without any guidance by Louisiana law.

### II. Discussion

#### a. Relevancy of Expert Testimony

Expert testimony is relevant if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue,"

1

Fed. R. Evid. 702(a).If the expert opinion does not relate to an issue in the case, it is not relevant. *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 589 (1993). In the instant case, Mr. Thorne's testimony can assist the jury in understanding the evidence, and his testimony regarding insurance standards directly relates to the material issues of this insurance litigation. This Court finds that Mr. Thorne's expert opinion is relevant under Fed. R. Evid. 702 and *Daubert*.

### b. Reliability of Expert Testimony

An expert opinion is reliable if it is grounded in methods or procedures as opposed to unsupported speculation or subjective belief. *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 590 (1993). After reviewing Mr. Thorne's Report and qualifications, this Court finds that Mr. Thorne's opinion is grounded in methods and procedures because he has provided expert testimony in a variety of insurance lawsuits and has experience of over 40 years in the insurance industry. The fact that Mr. Thorne is only familiar with Washington's standards of care in adjusting claims does not render his testimony to be unreliable by the standards provided in *Daubert*. This Court finds that Mr. Thorne's expert opinion is reliable under Fed. R. Evid. 702 and *Daubert*.

### c. Federal Standard for Expert Testimony in Insurance Disputes

Federal District Courts in Louisiana uniformly hold that experts may testify about insurance industry custom and practice or standards for claim handling when the facts are more complicated than a typical homeowner's insurance dispute. However, it is well-established that expert witnesses "may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3D 388, 399 (5th Cir. 2009). The United States District Court in the Eastern District of Louisiana, in addressing testimony of experts in the insurance industry, determined that while the expert was "qualified to testify as an expert in the field of insurance custom and practice, it notes that at

times his proposed testimony crosses into the realm of making legal conclusions concerning Defendant's compliance with legal duties arising from those customs and practices. This he cannot do." *McDermott Int'l, Inc. v. Indus. Risk Insurers*, CIV. A. 01-3027, 2008 WL 5120694, *1 (E.D. La. June 18, 2008). In remaining consistent with the standard that the expert may testify for complex lawsuits, the Eastern District has also excluded testimony of an expert because "the claims in this case do not seem to be overly complicated. At its most basic, the claim is there was no reasonable basis to deny payment of certain claims." *Marketfare Annuciation, LLC. V. Unider Fire & Cas. Co.*, No. 06-7232, 2008 WL 1924242, * 2 (E.D. La. Apr. 23, 2008).

It is undisputed that this lawsuit contains complex issues beyond those present in a typical homeowner's insurance case. This lawsuit contains, for example, disputes regarding multiple insured entities, multiple layers of excess coverage, and customized policy endorsements modifying exclusions not found in homeowner's policies. Mr. Thorne claims that he does not render any conclusions of law as his deposition explicitly states, "I don't apply law. I'm not an attorney. I'm not making legal opinions." However, Mr. Thorne's report tends to come close to making legal conclusions, for example, in his determination that NAS "falls below the standard of care in adjusting claims in the State of Washington." Since the complexity of the lawsuit is undisputed, this Court determines that Mr. Thorne may testify as an expert in the field of insurance custom and practice because his testimony may be helpful to the jury. The Court notes, however, that Mr. Thorne will not be allowed to make legal conclusions as it is prohibited by Fed. R. Evid. 702.

### d. Probative Value Compared with Prejudice to NAS

Fed. R. Evid. 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In the instant case, Mr. Thorne will not be allowed to make any legal conclusions, and it will, therefore, not be unfairly prejudicial to NAS that Mr. Thorne testifies as to the customs and practices of insurance claims handling. This is largely a matter for cross examination. This Court finds that the probative value of Mr. Thorne's expert opinion is not substantially outweighed by prejudice to NAS.

### III. Conclusion

The Court believes that the issues raised in the Defendant's Motion (doc. 298) to Exclude Expert Testimony of J. Kay Thorne are largely a matter for cross-examination. Accordingly, for the reasons stated herein, the Defendant's Motion (doc. 298) is **denied**.

Signed in Baton Rouge, Louisiana, this 10th day of July, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**