UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. 3:12-cv-257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE | * | MAGISTRATE RICHARD L. |
| COMPANY, ET AL | * | BOURGEOIS, JR. |

*************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY**

The issues related to the discovery of attorney client communications and work product were previously brought before this Court in a number of motions. The Court issued a Ruling and Order on May 5, 2014 on those motions. *Rec. Doc. 283.* In the Ruling, the Court specifically defines the scope of the production and testimony of attorney client communications and attorney work product. It found the following areas of inquiry appropriate:

(1) Zurich's alleged failure to pay for Shaw's defense in a timely manner and any resulting harm to Shaw, including complaints or threats to withdraw by counsel as a result of Zurich's alleged late payments;

(2) Zurich's alleged failure in exercising reasonable care in controlling Shaw's defense, including Zurich's alleged requirement that Shaw's counsel treat it as a "partner";

-1-

and

(3) Zurich's alleged failure to conduct good faith settlement negotiations sufficient to ascertain the most favorable terms available to Shaw and any resulting harm to Shaw, including Shaw's alleged loss of an opportunity to settle the underlying lawsuit for a sum less than $10 million between the period of the fall of 2009 through late spring of 2011.

Following the Court's Order documents were produced by the law firms subject to the subpoenas and depositions of the attorneys have been taken. However, a further dispute has arisen regarding the scope of the Court's Order.

The basis for the Court's Ruling was clear when it stated, "Zurich is entitled to discover how and to what extent the defense of Shaw was so harmed. Zurich has a substantial need for documents in the possession of the subpoenaed law firms to evaluate whether Shaw was harmed by its alleged bad faith acts or omissions." *See Rec. Doc. 283 at Page. 19.* The Court said that Zurich was entitled to this discovery because, "Shaw has specifically alleged that Zurich's actions (and inaction) have directly and adversely affected their defense in the underlying litigation." *Id.*

Jason Cagle of the law firm Griffith Nixon Davison was one of the attorneys who defended Shaw in the underlying litigation. An example of this current dispute arose during Mr. Cagle's deposition when he was asked whether or not there was sufficient information to evaluate the liabilities and damages issues in the case at certain points in the course of the litigation. Counsel for Shaw instructed Mr. Cagle to not answer these questions. *See Cagle's deposition, Page 16-21 attached as Exhibit A.* Zurich submits these types of questions and this information directly relates to the issue of whether or not Shaw was damaged, and the extent of that alleged damage, based on Shaw's claim that it was

harmed by Zurich's "alleged bad faith acts or omission." *Id.* Other examples can be found in the deposition of Shaw's attorneys Anthony Jach and Danny Shaw. *See Jach's deposition, Page 15-16 (Exhibit B) and Shaw's deposition, Page 72-77 (Exhibit C).*

One of Shaw's allegations is that if Zurich had not been in bad faith Shaw would not have lost "an opportunity to settle the underlying lawsuit for a sum less than $10 million between the period of the fall of 2009 through late spring of 2011." *See Rec. Doc. 283 at Page 20.* Daniel Terrell was general counsel for the plaintiff, Shaw Fabrication and Manufacturing. In his deposition, Mr. Terrell testified that Zurich had enough information to fully assess the liability and damages claims against Shaw in 2009, 2010 and 2011. *See deposition of Daniel Terrell, page 85-86 attached as Exhibit D.* He further claimed that Zurich had the same information that Shaw did through the entire litigation. *Deposition of Daniel Terrell, page 86*.

While the plaintiff's general counsel made these assertions about the availability of information to evaluate the claims, Shaw's attorneys would not let the outside counsel in the underlying litigation testify about whether there was sufficient information and what that information was. *Jason Cagle deposition, Page 16-21.*

Shaw's attorneys' evaluation of the liability and damages issues, and the settlement value of the claims made by REC, go to the heart of the claim for damages in this case. Shaw claims that the case would have settled but for Zurich's failure to conduct good faith settlement negotiations and ascertain the most favorable terms to Shaw. Settlement negotiations are based upon an evaluation of the evidence on liability and damages. Rational litigants, including insurers, do not pay millions of dollars to settle lawsuits without sufficient information to make this evaluation. Shaw contends, however, that Zurich cannot

discover whether or not there was sufficient information to make evaluations and what those evaluations were.

The issue of whether or not Shaw was damaged in this matter cannot be determined without evidence of what Shaw based its evaluations for settlement discussions on. The same is true for any determination regarding the alleged failure to defend. Did any of these decisions or evaluations turn on something that Zurich did or did not do? Was the settlement amount paid by Shaw increased because of any action or inaction of Zurich as alleged by Shaw? Shaw has asserted that it was damaged, but wants the Court to shield it from discovery of these issues. Shaw has asserted that the claim could have been settled for less than $10 million if Zurich would have paid $4 million in policy limits in 2009. It does not, however, want to allow Zurich to discover whether or not this assertion has any basis in the facts and evidence. There is an issue whether or not the matter truly could have been settled between 2009 and late spring of 2011 for an amount less than it was ultimately settled for. That issue incontrovertibly requires an assessment of the information available to evaluate the claims that were made by the plaintiff in the underlying litigation. Zurich cannot defend the claims made by Shaw that it was damaged without evidence of whether the alleged failure to defend or failure to settle or bad faith of Zurich changed any evaluation of the case by the attorneys that Shaw retained. The Court ordered these documents to be produced and these questions to be answered in depositions, but Shaw and its attorneys in the underlying matter have continued to refuse to allow discovery of the issue of damages.

This Court stated in its Ruling and Order, "Here, Zurich is seeking privileged information from Shaw's attorneys to demonstrate that it did not breach its duty to defend in bad faith. Information "vital" to Zurich's defense includes information related to the alleged harm caused by Zurich's acts and omissions and the measure of damages

recoverable by Shaw." *Rec. Doc. 283, Page 17.* Zurich requests that the Court order production of the documents which establish how the claims made by REC against Shaw in the underlying litigation were evaluated for liability, damages and settlement purposes and that Shaw's attorneys answer these questions in a deposition.

        RESPECTFULLY SUBMITTED,

        GAUDRY, RANSON, HIGGINS &
        GREMILLION, L.L.C.

        /s/ Wade A. Langlois, III
        MICHAEL D. PEYTAVIN (#14315)
        WADE A. LANGLOIS, III (#17681)
        JOHN J. DANNA, JR. (#28894)
        Oakwood Corporate Center
        401 Whitney Ave., Suite 500
        Gretna, Louisiana 70056
        Telephone: (504) 362-2466
        Facsimile: (504) 362-5938
        mpeytavin@grhg.net
        wlanglois@grhg.net
        jdanna@grhg.net
        Attorneys for Zurich American Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

        /s/ Wade A. Langlois, III
        WADE A. LANGLOIS, III

G:\0262\2118\PLEADINGS\Shaw v. Zurich\Memo in Support of Motion to Compel Production of doc and depo testimony.wpd