

November 11, 2013

**Brendan Winslow-Nason**
Direct Phone   206-373-7252
Direct Fax      206-456-4341
bwinslow-nason@cozen.com

**VIA E-MAIL [david.suchar@maslon.com]**

David E. Suchar
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

Re:     *The Shaw Group, Inc., et al. v. Zurich American Ins. Co. et al.*
        **U.S. District Court Middle District of Louisiana, 3:12-cv-00257-JJB-RLB**

Dear Counsel:

This is in response to your letter dated October 31, 2013, with respect to Shaw's e-discovery requests and NAS's privilege log, and in follow up to our meet and confer on November 8, 2013. NAS offers the following responses to the issues identified in your October 31 letter, and during our meet and confer on November 8, 2013.

<u>E-Discovery</u>

We have been working with NAS and Endurance regarding Shaw's e-discovery requests. The e-discovery search parameters have returned a significant number of documents. The process has therefore taken more time than we originally anticipated. The search also returned many documents not related to the Shaw claim.

**A.     Proposal To Narrow / Modify Search With Respect To NAS And Endurance's Files.**

We propose narrowing / modifying the search parameters as follows (redlines indicate proposed changes to the search parameters proposed by Shaw).

**Search terms:**

Shaw
Shaw Process Fabricators
Pipe spool(s)
Spool endorsement
REC
REC Solar Grade Silicon
Moses Lake
9690210297
3866607
6180

EX.2 TO LIEN DEC.

David E. Suchar
November 11, 2013
Page 2

---

DVX0000138 00
DVX0000204 01
DVX0000246 02
~~DVX0000246 03~~ (this is a 2009-10 policy that is not relevant to this action)
DVX0000139 00
DVX0000205 01
DVX0000247 02
~~DVX0000247 03~~ (this is a 2009-10 policy that is not relevant to this action)

**Custodians:**

NAS:
Rick Loomer,
~~Dewayne Mundell~~ (worked for Endurance not NAS, added to Endurance custodian list)
Les Czerepak
~~Vincent Eckles~~ (worked for Endurance not NAS, added to Endurance custodian list)
~~Allen Blum~~ (worked for Endurance not NAS, added to Endurance custodian list)

Endurance:
Blenda Eyvazzadeh
Pamela Asbury
Mark Ying
Sherry Dunn
Lorna McIntyre
Dewayne Mundell
Vincent Eckles
Allen Blum

Zurich:
Leo Bigley
Joseph Kostkowski
Diane Picone
Noreen Ryan
Joy Taylor
Rose Marie Orcino Madruga
John Mahoney
Elizabeith Lambie
Chris Gibson
James Wardrop
Deborah Purkey
Todd Schweitzer
Joseph Piekarski
Randy Marmar

**Date range of search:**

Underwriting files search range - From September 1, 2005 to October 24, 2011.

Claims / correspondence files search range – From March 23, 2010 (date of tender) to July 30, 2011 (service of suit).

17646178.1

David E. Suchar
November 11, 2013
Page 3

**B.    Proposal To Narrow / Modify Search Further With Respect To NAS's Files.**

Moreover, we propose narrowing the e-discovery search of NAS's underwriting and correspondence files as follows (the following does not apply to Endurance's files):

     1.    <u>Explanation Of Reasons For Narrowing Search With Respect To NAS's Files.</u>

Following the date ranges above, NAS created an INITIAL search with the following parameters:

Underwriting:

(doc_date=01.09.2005 - 24.10.2011) AND
(
Shaw OR
"Shaw Process Fabricators" OR
"pipe spool" OR
"spool endorsement" OR
"REC" OR
"REC Solar Grade Silicon" OR
"Moses Lake" OR
"9690210297" OR
"3866607" OR
"6180" OR
"DVX0000138 00" OR
"DVX0000204 01" OR
"DVX0000246 02" OR
"DVX0000139 00" OR
"DVX0000205 01" OR
"DVX0000247 02" OR
(doc_from=(Pamela Asbury) adj 4 or doc_to_cc_bcc=(Pamela Asbury) adj 4) OR
(doc_from=(Pam Asbury) adj 4 or doc_to_cc_bcc=(Pam Asbury) adj 4) OR
(doc_from=(Mark Ying) adj 4 or doc_to_cc_bcc=(Mark Ying) adj 4) OR
(doc_from=(Sherry Dunn) adj 4 or doc_to_cc_bcc=(Sherry Dunn) adj 4) OR
(doc_from=(Lorna McIntyre) adj 4 or doc_to_cc_bcc=(Lorna McIntyre) adj 4) OR
(doc_from=(Dewayne Mundell) adj 4 or doc_to_cc_bcc=(Dewayne Mundell) adj 4) OR
(doc_from=(Vincent Eckles) adj 4 or doc_to_cc_bcc=(Vincent Eckles) adj 4) OR
(doc_from=(Allen Blum) adj 4 or doc_to_cc_bcc=(Allen Blum) adj 4) OR
(doc_from=(Leo Bigley) adj 4 or doc_to_cc_bcc=(Leo Bigley) adj 4) OR
(doc_from=(Joseph Kostkowski) adj 4 or doc_to_cc_bcc=(Joseph Kostkowski) adj 4) OR
(doc_from=(Diane Picone) adj 4 or doc_to_cc_bcc=(Diane Picone) adj 4) OR
(doc_from=(Noreen Ryan) adj 4 or doc_to_cc_bcc=(Noreen Ryan) adj 4) OR
(doc_from=(Joy Taylor) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Rose Marie Orcino Madruga) adj 4 or doc_to_cc_bcc=(Rose Marie Orcino Madruga) adj 4) OR
(doc_from=(John Mahoney) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Elizabeth Lambie) adj 4 or doc_to_cc_bcc=(Elizabeth Lambie) adj 4) OR
(doc_from=(Chris Gibson) adj 4 or doc_to_cc_bcc=(Chris Gibson) adj 4) OR
(doc_from=(James Wardrop) adj 4 or doc_to_cc_bcc=(James Wardrop) adj 4) OR
(doc_from=(Deborah Purkey) adj 4 or doc_to_cc_bcc=(Deborah Purkey) adj 4) OR
(doc_from=(Todd Schweitzer) adj 4 or doc_to_cc_bcc=(Todd Schweitzer) adj 4) OR

David E. Suchar
November 11, 2013
Page 4

_____

(doc_from=(Joseph Piekarski) adj 4 or doc_to_cc_bcc=(Joseph Piekarski) adj 4) OR
(doc_from=(Randy Marmar) adj 4 or doc_to_cc_bcc=(Randy Marmar) adj 4)
)

The search above generated a significant amount of documents (roughly 10,000, with total pages of upwards of 100,000). The hits with the most "noise" were:

"Shaw": 4,816
"REC": 5,018
"6,180": 1,372

Many of the "REC" hits were clearly false positives, relating to any time NAS and/or its parent Swiss Re internally used the term as shorthand for "received" or "record." So, to reasonably tie the term to the case at hand, NAS suggests making the term "REC" dependent on appearing in the same document as the term "Shaw."

In addition, NAS suggests consolidating the term "6180" to ("6180") AND ("Shaw" OR "REC") NOT Pizza as there were lots of false hits for that term as well, including many responsive to an unrelated Pizza Hut matter.

These same issues arose when using Shaw's parameters in searching NAS's correspondence files. NAS, therefore, proposes narrowing the search parameters with respect to the underwriting and correspondence files as explained below.

    2.    <u>NAS's Proposal For Narrowing Underwriting File Search.</u>

Based on the above issues, NAS has performed a search of its underwriting files using the following narrower / modified search parameters:

(doc_date=01.09.2005 - 24.10.2011) AND
(
("REC" AND Shaw) OR
"Shaw Process Fabricators" OR
"pipe spool" OR
"spool endorsement" OR
"REC Solar Grade Silicon" OR
"Moses Lake" OR
"9690210297" OR
"3866607" OR
("6180" AND (Shaw OR "REC") NOT pizza) OR
"DVX0000138 00" OR
"DVX0000204 01" OR
"DVX0000246 02" OR
"DVX0000139 00" OR
"DVX0000205 01" OR
"DVX0000247 02" OR
(doc_from=(Pamela Asbury) adj 4 or doc_to_cc_bcc=(Pamela Asbury) adj 4) OR
(doc_from=(Pam Asbury) adj 4 or doc_to_cc_bcc=(Pam Asbury) adj 4) OR
(doc_from=(Mark Ying) adj 4 or doc_to_cc_bcc=(Mark Ying) adj 4) OR
(doc_from=(Sherry Dunn) adj 4 or doc_to_cc_bcc=(Sherry Dunn) adj 4) OR

David E. Suchar
November 11, 2013
Page 5

---

(doc_from=(Lorna McIntyre) adj 4 or doc_to_cc_bcc=(Lorna McIntyre) adj 4) OR
(doc_from=(Dewayne Mundell) adj 4 or doc_to_cc_bcc=(Dewayne Mundell) adj 4) OR
(doc_from=(Vincent Eckles) adj 4 or doc_to_cc_bcc=(Vincent Eckles) adj 4) OR
(doc_from=(Allen Blum) adj 4 or doc_to_cc_bcc=(Allen Blum) adj 4) OR
(doc_from=(Leo Bigley) adj 4 or doc_to_cc_bcc=(Leo Bigley) adj 4) OR
(doc_from=(Joseph Kostkowski) adj 4 or doc_to_cc_bcc=(Joseph Kostkowski) adj 4) OR
(doc_from=(Diane Picone) adj 4 or doc_to_cc_bcc=(Diane Picone) adj 4) OR
(doc_from=(Noreen Ryan) adj 4 or doc_to_cc_bcc=(Noreen Ryan) adj 4) OR
(doc_from=(Joy Taylor) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Rose Marie Orcino Madruga) adj 4 or doc_to_cc_bcc=(Rose Marie Orcino Madruga) adj 4) OR
(doc_from=(John Mahoney) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Elizabeth Lambie) adj 4 or doc_to_cc_bcc=(Elizabeth Lambie) adj 4) OR
(doc_from=(Chris Gibson) adj 4 or doc_to_cc_bcc=(Chris Gibson) adj 4) OR
(doc_from=(James Wardrop) adj 4 or doc_to_cc_bcc=(James Wardrop) adj 4) OR
(doc_from=(Deborah Purkey) adj 4 or doc_to_cc_bcc=(Deborah Purkey) adj 4) OR
(doc_from=(Todd Schweitzer) adj 4 or doc_to_cc_bcc=(Todd Schweitzer) adj 4) OR
(doc_from=(Joseph Piekarski) adj 4 or doc_to_cc_bcc=(Joseph Piekarski) adj 4) OR
(doc_from=(Randy Marmar) adj 4 or doc_to_cc_bcc=(Randy Marmar) adj 4)
)

3.    Proposal For Narrowing Correspondence File Search Of NAS's Files.

NAS has also performed a search of its correspondence files using the following narrower / modified search parameters:

(doc_date=23.07.2010 - 30.07.2011) AND
(
("REC" AND Shaw) OR
"Shaw Process Fabricators" OR
"pipe spool" OR
"spool endorsement" OR
"REC Solar Grade Silicon" OR
"Moses Lake" OR
"9690210297" OR
"3866607" OR
("6180" AND (Shaw OR "REC") NOT pizza) OR
"DVX0000138 00" OR
"DVX0000204 01" OR
"DVX0000246 02" OR
"DVX0000139 00" OR
"DVX0000205 01" OR
"DVX0000247 02" OR
(doc_from=(Pamela Asbury) adj 4 or doc_to_cc_bcc=(Pamela Asbury) adj 4) OR
(doc_from=(Pam Asbury) adj 4 or doc_to_cc_bcc=(Pam Asbury) adj 4) OR
(doc_from=(Mark Ying) adj 4 or doc_to_cc_bcc=(Mark Ying) adj 4) OR
(doc_from=(Sherry Dunn) adj 4 or doc_to_cc_bcc=(Sherry Dunn) adj 4) OR
(doc_from=(Lorna McIntyre) adj 4 or doc_to_cc_bcc=(Lorna McIntyre) adj 4) OR
(doc_from=(Dewayne Mundell) adj 4 or doc_to_cc_bcc=(Dewayne Mundell) adj 4) OR
(doc_from=(Vincent Eckles) adj 4 or doc_to_cc_bcc=(Vincent Eckles) adj 4) OR

David E. Suchar
November 11, 2013
Page 6

(doc_from=(Allen Blum) adj 4 or doc_to_cc_bcc=(Allen Blum) adj 4) OR
(doc_from=(Leo Bigley) adj 4 or doc_to_cc_bcc=(Leo Bigley) adj 4) OR
(doc_from=(Joseph Kostkowski) adj 4 or doc_to_cc_bcc=(Joseph Kostkowski) adj 4) OR
(doc_from=(Diane Picone) adj 4 or doc_to_cc_bcc=(Diane Picone) adj 4) OR
(doc_from=(Noreen Ryan) adj 4 or doc_to_cc_bcc=(Noreen Ryan) adj 4) OR
(doc_from=(Joy Taylor) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Rose Marie Orcino Madruga) adj 4 or doc_to_cc_bcc=(Rose Marie Orcino Madruga) adj 4) OR
(doc_from=(John Mahoney) adj 4 or doc_to_cc_bcc=(Joy Taylor) adj 4) OR
(doc_from=(Elizabeth Lambie) adj 4 or doc_to_cc_bcc=(Elizabeth Lambie) adj 4) OR
(doc_from=(Chris Gibson) adj 4 or doc_to_cc_bcc=(Chris Gibson) adj 4) OR
(doc_from=(James Wardrop) adj 4 or doc_to_cc_bcc=(James Wardrop) adj 4) OR
(doc_from=(Deborah Purkey) adj 4 or doc_to_cc_bcc=(Deborah Purkey) adj 4) OR
(doc_from=(Todd Schweitzer) adj 4 or doc_to_cc_bcc=(Todd Schweitzer) adj 4) OR
(doc_from=(Joseph Piekarski) adj 4 or doc_to_cc_bcc=(Joseph Piekarski) adj 4) OR
(doc_from=(Randy Marmar) adj 4 or doc_to_cc_bcc=(Randy Marmar) adj 4)
)

**B.     NAS's Agreement To Produce E-Discovery Based On The Above Search Parameters.**

NAS has assembled its electronic files using the narrower / modified parameters outlined above. NAS has also assembled Endurance's electronic files using the above search parameters. We received NAS's e-documents on November 5, 2013. We are still waiting to receive Endurance's e-documents, and we anticipate receiving those on November 12, 2013. We are currently reviewing the documents for privilege and other objections. We will produce the NAS and Endurance e-discovery documents on or before November 19, 2013. However, we understand that the Endurance documents are voluminous. We will let you know if we need more time to produce the Endurance documents.

## PRIVILEGE LOG

Your October 31, 2013, letter also identified various issues that Shaw has with NAS's privilege log (withheld and redacted documents). NAS addresses each of those issues below.

**A.     Documents Withheld On The Basis Of Work Product Protection.**

According to Shaw none of the documents NAS prepared before Shaw filed suit on July 30, 2011, are entitled to work product protection. NAS disagrees with Shaw's position.

Work-product protection applies to documents that were prepared in anticipation of litigation. The United States Court of Appeals for the Fifth Circuit has indicated the standard for determining whether a document has been prepared in anticipation of litigation:

> [i]t is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. <u>We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.</u>

David E. Suchar
November 11, 2013
Page 7

---

*United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981) (emphasis added); *accord In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Excluded from work product materials are materials assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

To determine the primary motivation for the creation of a document, courts look to various factors, including "the retention of counsel and his involvement in the generation of the document and whether it was routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Colony Ins. Co. v. NJC Enterprises, LLC*, 2013 WL 1335737, *2 (M.D.La. 2013) (internal citation omitted). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor […] making materials more likely to have been prepared in anticipation of litigation." *Id.*

NAS retained counsel to provide legal advice and to defend NAS against any possible legal action. Each of the documents that Shaw identified were withheld or redacted because they contain work product (as well as are attorney client privileged).

- NASIC6509-6533: Shaw demands that NAS produce an unredacted copy of Endurance's claims notes. The redacted statements in the claims notes pertain to the retention of legal counsel, counsel's legal opinions and strategies, and discussions that NAS (and its agent Endurance) had with legal counsel. These are work product.

- NASIC10209-10211: Shaw also demands that NAS produce an e-mail sent by Endurance to NAS. That email contained a redaction with a statement concerning the retention of legal counsel. This is work product as well.

- NASIC10747-10748: Finally, Shaw demanded that NAS produce an e-mail string sent internally at Endurance. Within that e-mail string are communications with legal counsel, and the e-mail was sent internally at the instruction of legal counsel. This e-mail string is also work product.

Shaw has not identified any other specific documents. If there are any other specific documents you would like NAS to consider, please bring those to our attention immediately.

**B.    Documents Withheld On The Basis Of Attorney-Client Privilege Which Relate To Every-Day Claims Handling Activities.**

Shaw's position is that NAS is withholding or has redacted non-privileged communications that relate to every-day claims handling activities. NAS disagrees. The communications it has withheld clearly fall within the attorney-client privilege and are not every-day claims handling activities.

In a diversity suit involving state law claims (as here), the courts apply the law of the forum state to resolve claims of attorney-client privilege. *See* Fed. R. Evid. 501; *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). In our case, the forum state's law is Louisiana. Moreover, the District Court has held that Louisiana law applies to the extra-contractual claims against NAS. Under Louisiana law, a communication falls within the attorney client privilege

David E. Suchar
November 11, 2013
Page 8

when (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived. *Cacamo v. Liberty Mut. Fire Ins. Co.*, 798 So.2d 1210, 1216 (La.App. 4th Cir. 2001).

Shaw asserts that NAS is withholding documents that relate to every-day claims handling activities and are not attorney-client privileged. But each of the documents that Shaw identifies are in fact privileged (and are work product as well).

- NASIC2696-2717, 6732-6753, and 7427-7448: Shaw demands that NAS produce a coverage opinion letter prepared by its attorneys. The coverage opinion letter provided legal advice to NAS concerning the claim. It is privileged.

- NASIC7403-7408: Shaw demands that NAS produce a copy of a reservation of rights letter that NAS sent to its counsel. The communication concerned legal advice with respect to the claim and is privileged.

- NASIC10119-10120, 10606, 10614-10615, and 10696-10697: Shaw demands that NAS produce an e-mail that was sent by counsel's secretary forwarding a copy of their coverage opinion to NAS. This communication was made for purposes of providing legal advice to NAS and is privileged.

- NASIC10609-10613 and 10681-10685: Shaw demands that NAS produce a draft reservation of rights letter that counsel sent to NAS. The draft reservation of rights letter was sent as part of counsel providing legal advice. The draft reservation of rights is privileged.

Shaw has not identified any other specific documents. If there are any other specific documents you would like NAS to consider, please bring those to our attention immediately.

**C.    Blanket Withholding Of All Documents Created After July 30, 2011.**

Shaw claims that not all of NAS's and Endurance's claims and correspondence files produced after Shaw filed suit on July 30, 2011, are privileged or work product. Shaw claims that there are claims handling communications that may exist that are not privileged or work product post-July 30, 2011. Please note that NAS has produced a supplemental reservation of rights letter dated September 26, 2011 (post-July 30, 2011) as well as some non-privileged and/or non-work product documents and correspondence relating to that supplemental reservation of rights. NAS is not aware of any other "claims handling communications" that would not be privileged or work product. Shaw also does not explain what those communications or documents might be. Shaw has not identified any specific documents either. If there are any specific documents you would like NAS to consider, please bring those to our attention immediately. It is NAS's position that all post-July 30, 2011, claims and correspondence files are privileged or work product (other than the September 26, 2011 letter, and related documents and correspondence mentioned above).

David E. Suchar
November 11, 2013
Page 9

That said, and pursuant to our November 8, 2013, discovery conference, NAS will review all post-July 30, 2011, files to determine whether any of those documents are not privileged or work product. If there are any such documents, NAS will produce those on or before November 19, 2013.

Shaw is also demanding that NAS produce a privilege log for all claims and correspondence files produced since July 30, 2011. NAS objects to producing a privilege log identifying each and every document or communication since July 30, 2011. The post-suit communications and work-product at issue are numerous, and it would impose an undue burden on NAS to identify all privileged communications and work-product since the inception of Shaw's lawsuit nearly two and a half years ago. Shaw's request is particularly burdensome considering that they assert that their discovery requests are "continuing" in nature, which would mean that NAS would have to supplement its privilege log every time that they speak with their attorneys or there is any work product prepared in this case. For these reasons, NAS objects to providing the detailed information being requested by Shaw concerning each and every privileged communication or work product occurring in the course of this suit.

**D.    Withheld Communications Between Non-Attorney Claims Personnel And Internal Endurance Notes To File.**

Shaw claims that NAS is wrongfully withholding communications between non-attorney claims personnel and internal notes drafted by claims personnel. Each of the documents that Shaw identifies are privileged and work product.

- NASIC6523: Shaw demands that NAS produce a redacted claims note. The claims note that Shaw is referring to summarizes communications with counsel concerning legal advice and NAS's legal representation. The claims note is privileged and work product.

- NASIC6533: Again, Shaw demands that NAS produce a redacted claims note. This claims note, like the one above, summarizes communications with counsel concerning legal advice and NAS's legal representation. This claims note is also privileged and work product.

All of the communications between non-attorney claims personnel and internal notes that NAS has redacted are like those claims notes referenced here – they involve summaries and discussions of communications with counsel concerning legal advice and NAS's legal representation.

Shaw has not identified any other specific documents. If there are any other specific documents you would like NAS to consider, please bring those to our attention immediately.

**E.    Withheld Communications To Or From Endurance.**

Shaw claims that all communications between NAS and Endurance are not privileged. NAS disagrees. Endurance and its employees were acting as NAS's agent. Endurance had authority to act on behalf of NAS to obtain professional legal services and to act on the advice of counsel. *See* Louisiana Evidence Code, Article 506. The withheld and redacted communications between Endurance and NAS involve summaries and discussions of communications with counsel concerning legal advice and NAS's legal representation. We note

17646178.1

David E. Suchar
November 11, 2013
Page 10

that NAS has not withheld or redacted all of its communications with Endurance, only those that are privileged or work product.

Shaw has not identified any specific documents that it would like NAS to consider. If there are any specific documents you would like NAS to consider, please bring those to our attention immediately.

Also, during our November 8, 2013, meet and confer call, you asked NAS to produce a copy of the retention agreement between NAS, Endurance, and its legal counsel. We are considering that request and consulting with our client. If our client agrees to produce such document(s), then we will do so on or before November 19, 2013. And if NAS does not agree to produce such document(s), then we will provide you with a response on or before November 19, 2013.

**F.      Documents Withheld Without Justification.**

Shaw claims that all entries in NAS's privilege log stating "correspondence regarding claim and legal strategy" are insufficient for it to determine the basis of the privilege claimed. NAS disagrees. All of the referenced entries are sufficient and relate to communications between legal counsel and Endurance or NAS pertaining to legal advice and the legal representation. That said, NAS will agree to supplement its privilege log and provide more detailed descriptions of these particular privilege log entries. NAS will produce a supplemental privilege log on or before November 19, 2013.

**G.      Communications Between NAS Or Endurance And Third Parties.**

Shaw asked NAS to confirm whether it is withholding any communications it had with Zurich, Westchester, or FARA. NAS is not withholding communications it or Endurance had with these entities pre-July 30, 2011. With respect to communications post-July 30, 2011, NAS is not producing those communications for the reasons discussed above with respect to post-July 30, 2011, communications. However, as mentioned above, NAS will review its post-July 30, 2011, communications again to determine whether any of those are not privileged or work product.

**H.      Documents Withheld As "Proprietary."**

Shaw claims that NAS has withheld certain "proprietary" documents. NAS has not withheld any of the documents labeled as "proprietary" in the privilege log. These documents are only included in the privilege log because the protective order requires all "proprietary" documents to be identified in a privilege log (hence the notation in the privilege log that says "See Protective Order").

**I.      Documents Regarding The Scope Of Counsel's Retention.**

Finally, Shaw claims that NAS is wrongfully withholding documents relating to the retention of counsel. NAS disagrees. Documents relating to the retention of counsel are attorney-client privileged and/or work product. Each of the documents that Shaw identifies fall into one or both of those categories.

- NASIC10124: Shaw demands that NAS produce a withheld e-mail string between Endurance and attorney Michael R. Velladao. The e-mail string

David E. Suchar
November 11, 2013
Page 11

_____

related to retaining Mr. Velladao as legal counsel.  The e-mail string is
privileged and work product.

- NASIC10620:   Shaw demands that NAS produce a withheld letter
  between Endurance and attorney Tom Jones.  The letter related to NAS's
  retaining Mr. Jones as legal counsel.  The letter is privileged and work
  product.

- NASIC10621-10622:  Shaw demands that NAS produce a withheld e-mail
  string between Endurance and attorney Tom Jones.  The e-mail string
  related to NAS's retaining Mr. Jones as legal counsel.  The e-mail string
  is privileged and work product.

- NASIC10663-10664:  Shaw demands that NAS produce a withheld e-mail
  string between Endurance and attorney Michael R. Velladao.  The e-mail
  string related to retaining Mr. Velladao as legal counsel.  The e-mail string
  is privileged and work product.

Shaw has not identified any other specific documents.  If there are any other specific documents
you would like NAS to consider, please bring those to our attention immediately.

Pursuant to our discovery conference, NAS will review the documents pertaining to the retention
of counsel to determine whether any of those are not privileged or work product.  If there are
any such documents, then NAS will produce those on or before November 19, 2013.

## CONCLUSION

Again, please let us know whether Shaw has any other specific documents identified in NAS's
privilege log that it would like NAS to consider.

Sincerely,

COZEN O'CONNOR

By:     Brendan Winslow-Nason

BWN