**Jason Lien**

| | |
|---|---|
| **From:** | Wade Langlois <WLanglois@grhg.net> |
| **Sent:** | Thursday, December 19, 2013 2:12 PM |
| **To:** | Jason Lien |
| **Cc:** | David Suchar; James O'Connor; Todd Hayes |
| **Subject:** | RE: Shaw Group Discovery |

Thanks for the reply Jason.

I will talk to Zurich about the ESI search. I don't think the terms of the search make the search any more problematic, we were just trying to save everyone the trouble of going through a bunch of irrelevant documents with some agreeable reasonable alternative discussions.

We can schedule Leo Bigley and the 30(b)(6) for January 14 and Joe Kostowski for January 15. I am still working on the others. Please confirm these ASAP so we can get them on the calendar. Bigley will address most of the 30(b)(6) issues.

For the record, I was not trying to limit the Madruga and Mahoney depositions in anyway. I was simply trying to explain their situations and come to an agreeable way to take their depositions.


**From:** Jason Lien [mailto:Jason.Lien@maslon.com]
**Sent:** Thursday, December 19, 2013 1:31 PM
**To:** Wade Langlois
**Cc:** David Suchar; O'Connor, James; Todd Hayes
**Subject:** Re: Shaw Group Discovery

Wade - Thank you for confirming that Zurich has not searched and produced ESI in response to Shaw's request first made on September 27th. We don't believe Shaw's ESI request is as broad as you suggest. It included a limited custodian list, search terms, and a time range (see Exhibit A to my declaration submitted in support of the 12/13/13 motion). Has Zurich attempted to conduct a search in these custodians' accounts with our suggested parameters to test whether they will produce a large volume? If not, I would suggest Zurich first do that. If testing the search does produce an unreasonably large set with non-responsive documents, please provide me with suggested alternative terms for consideration. Please note that Shaw's willingness to consider alternative terms in no way waives Shaw's right to argue that Zurich has waived any right to object to Shaw's proposed e-discovery search that was submitted in conjunction with its request for production of documents to Zurich. Shaw also expects Zurich will be producing all documents without objections, consistent with the Court's October 10th order.

As to format, we are fine with Zurich producing the ESI in a native format provided that the emails are produced in a PST file (I am assuming Zurich is using Outlook).

As for deposition scheduling, please propose some specific dates for each of the Zurich depositions we noticed. Shaw will not agree to limit the depositions of Mr. Mahoney and Ms. Madruga or conduct them by telephone / videoconference. For our scheduling purposes, please note that Shaw is taking the Rule 30(b)(6) deposition of NAS in Los Angeles during the week of January 20th (on January 22 and 23). With respect to Mr. Boehning, can you please provide us with his last known address and telephone number?

Thank you for responding to the other miscellaneous document issues. We will look forward to their prompt production so as not to delay the Zurich depositions. Please let us know when we can expect to receive those documents.

1

EX. 4 TO LIEN DEC.



**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions

>>> Wade Langlois <WLanglois@grhg.net> 12/18/2013 4:24 PM >>>

Jason,

I have been working with Zurich on the discovery issues and wanted to give you an update.

Zurich was not aware of the e-discovery requests, but we are getting on these ASAP. I would suggest we talk about the search terms, however. For instance, you have designated "Shaw" as a search term. If Zurich does a search for this term any file that ever dealt with anyone named Shaw will be found and some untold millions of documents could be produced. "REC" is another example. Anytime those three letters are found together will be identified in a search and would result in . This is the same for all the requests so the more we can narrow the search the smaller the production would be. If we could narrow the search then it would be more efficient for everyone. Let me know if we can discuss this.

Zurich's tech people also have told me that the best way to make the production would be in native format. This would be easier to organize and handle. I don't pretend to know anything about these kinds of tech terms so let me know what you think and if this is acceptable.

On the depositions, as I previously wrote you, it looks like the week of the 20th of January would be best. Zurich has requested that I ask if John Mahoney and Rose Madruga could be done by telephone or teleconference because these people had narrow involvement with the issues and their depositions should be relatively short compared to Bigley and Kostowski. It would be a hardship to ask them to travel for what should be fairly specific depositions.

I have also confirmed that John Boehning is not employed by Zurich and has not been for some time.

The UW file for the 2007-2008 policy has not been produced. I have requested it and will produce it.

The documents with missing lines and blank spaces. We did not redact these and provided the copies we had. I have requested that Zurich go to the original files and produce additional copies and confirm that nothing has been redacted.

I have requested the Unbundled TPA Guidelines.

Zurich is looking into the "DJ file" issue.

The listed documents that were not produced was inadvertent. Bates numbers 48, 719, 730-36, and 738 will be forwarded under separate cover.

I am also confirming that the claim handling guidelines have been produced.

Feel free to call if we can discuss any of this.

*Wade A. Langlois, III, Partner*

*Gaudry, Ranson, Higgins & Gremillion, LLC*

401 Whitney Avenue, Suite 500

Gretna, Louisiana 70056

Phone: (504)362-2466

Fax: (504)362-5938

Email: wlanglois@grhg.net

This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this email in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any attachments accompanying it contain confidential information belonging to the sender that may be protected by the attorney-client or work product privileges. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please notify the sender by reply e-mail, and then destroy all copies of this transmission.