# Jason Lien

| | |
|---|---|
| **From:** | Jason Lien |
| **Sent:** | Thursday, February 20, 2014 12:13 PM |
| **To:** | Wade Langlois |
| **Cc:** | David Suchar; James O'Connor; CharlesDavis; Todd Hayes |
| **Subject:** | Re: ESI Requests |
| **Attachments:** | vcard.vcf |

Wade - Your approach to the ESI search is inconsistent with what we just discussed on February 13th and with the Court's September 25, 2013 order governing electronic discovery, which requires "[t]he parties [to] endeavor to agree on search terms to be utilized in the search . . . ." See Order dated September 24, 2013 at Paragraph C2. As I have already discussed with you, Zurich's proposed search terms in your January 24, 2014 letter are overly broad, unduly burdensome, and would generate tens of thousands of emails and attachments that are completely unrelated to this case. For example, requiring the Plaintiffs to pull and review every email from the accounts of Steve Allison (a risk manager), Daniel Terrell (a lawyer) and Robert Brown (a lawyer) that mention the words "claims" or "defense" or "deductible" or "attorneys fees" would generate tens of thousands of emails that are completely unrelated to the underlying lawsuit filed by REC Solar Grade Silicon LLC against The Shaw Group, Inc. and Shaw Process Fabricators, Inc. In addition, Zurich's proposed time range that seeks emails far after this case was commenced and the REC lawsuit was settled in 2011 is similarly overbroad.

Your vague reliance on Plaintiffs' ESI search terms to now justify Zurich's search terms is misplaced. First of all, Plaintiffs' search terms are narrowly tailored to pull emails that only relate to the issues in this case. See my email to Mr. Winslow-Nason and Mr. Darling dated September 27, 2013. Second, I attempted to discuss Plaintiffs' ESI search terms with Mr. Darling on several occasions and he ignored our requests. After you took over Zurich's representation as lead counsel, I spoke with you in December 2013 about the status of Plaintiffs' ESI search terms. During our conversation, I specifically suggested that if you or your client believed Plaintiffs' search terms were too broad to "provide me with suggested alternative terms for consideration." Please see my email to you dated December 19, 2013. In response to that email, you stated that same day that you "don't think the terms of the search make the search any more problematic." You never provided me with any alternative search terms to consider. Had you done so, I would have endeavored to agree on a revised list with you as I did with Mr. Winslow-Nason. Instead, you simply went forward with our proposed terms and have not produced any emails from that search to date. As a result, Plaintiffs had a file a motion to compel that production.

Your statement regarding NAS's ESI search terms is puzzling. As we discussed last week, I referenced the NAS search terms to show how they were narrowly tailored to this case and to suggest they be a starting point for Zurich to consider in drafting alternative terms. I never suggested Zurich adopt the same exact terms. I also referenced them because we will need to pull out duplicates from Zurich's search to avoid the cost and time of having to review the same emails that have already been reviewed and produced to you in response to the NAS ESI search. See my email to you dated February 13, 2014 again for that explanation.

In summary, Plaintiffs will not agree to use the ESI search parameters set forth in your January 24th letter. If you will not suggest alternative terms and a revised date range, we will provide you with alternative search parameters next week so we can endeavor to reach an agreement on these issues. I believe this is required by the Court's September 25, 2013 order governing electronic discovery. Please let me know immediately if you will not agree to even consider any alternative search parameters from Plaintiffs.

Regarding Mr. Mahoney, please let us know as soon as possible about a deposition date so we can schedule it within the discovery period. Otherwise, Plaintiffs will be required to file a motion to compel that deposition in order to preserve their rights. Thank you,

EX. 9 TO LIEN DEC.

# MASLON

**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions

>>> Wade Langlois <WLanglois@grhg.net> 2/19/2014 4:35 PM >>>

Jason,

I discussed the ESI requests with my client and we believe they are reasonable, especially in light of the requests which were made to Zurich for which the search continues at this time. This is probably about 90% done. Therefore, we request that those terms be searched without modification.

NAS's requests that you forwarded appear to be directed to the NAS policies and Shaw's claims against NAS specifically so they are not much help to us.

On John Mahoney, I have learned that he is not in Chicago, but in Hartford. I am trying to find out when he is available and will get back to you soon.

**Wade A. Langlois, III, Partner**

**Gaudry, Ranson, Higgins & Gremillion, LLC**

401 Whitney Avenue, Suite 500

Gretna, Louisiana 70056

Phone: (504)362-2466

Fax: (504)362-5938

Email: wlanglois@grhg.net

This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this email in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.