

**MASLON**
MASLON EDELMAN BORMAN & BRAND, LLP

P 612.672.8200
F 612.672.8397
www.maslon.com

3300 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402-4140

JASON A. LIEN
Direct Phone: 612/672-8319
Direct Fax: 612/642-8319
jason.lien@maslon.com

March 7, 2014

**VIA EMAIL AND U. S. MAIL**

Wade A. Langlois, III
Gaudry, Ranson, Higgins & Gremillion
401 Whitney Avenue ~ Suite 500
Gretna, LA 70056

Re: *The Shaw Group Inc., et al. v. Zurich American Insurance Company, et al.*
Court File No. 12-CV-257-JJB-RLB

Dear Wade:

I am writing to respond to your 13-page letter dated March 3, 2014 that asked Plaintiffs The Shaw Group, Inc. and Shaw Process Fabricators, Inc. to respond by March 4, 2014 to various deficiencies you have alleged in Plaintiffs' discovery responses. Your letter was sent to me, Todd Hayes and other counsel for Plaintiffs at 2:10 PM central time on March 3rd. As I wrote to you in an email that afternoon, it was unreasonable to expect Plaintiffs to respond to your lengthy discovery allegations within 24 hours. Please accept this letter as Plaintiffs' response to your letter. I understand we will have a telephone conference today at 4:00 PM central time to discuss your allegations in further detail.

### Your Claim That Plaintiffs' Discovery Responses Were Untimely

Your letter makes reference to the Court's January 16, 2014 Order that provided a date of February 15, 2014 for Plaintiffs' responses and then states that "Plaintiffs served them on February 18, 2014." If you are claiming Plaintiffs' discovery responses were untimely served, I would draw your attention to a telephone conference we had on February 13th and my email to you that day that confirmed our agreement on the due date for Plaintiffs' responses in light of Rule 6(a)(1)(c) of the Federal Rules of Civil Procedure. Given that February 15th was a Saturday and February 17th was a legal holiday, we agreed that Plaintiffs' discovery responses would be due on Tuesday, February 18th. If you genuinely believed we were incorrect in our interpretation of the Federal Rules, you should have told us on February 13th when we discussed that issue or, certainly, you would have responded to my attached February 13th email to express your disagreement. But you did not disagree, and Plaintiffs then served the responses on February 18th as we discussed. Therefore, your untimely claim is completely unfounded.

# MASLON

Wade A. Langlois, III
March 7, 2014
Page 2


**Your Allegations Regarding Plaintiffs' Answers to Zurich's Interrogatories**

We disagree with your view that Interrogatory No. 1, which seeks the identity of individuals who worked with counsel to respond to Zurich's discovery requests, does not impinge upon the attorney-client privilege and work product doctrine. The only conceivable purpose of this interrogatory is to use the answers to inquire into the witness's involvement in drafting the interrogatory answers with counsel. Federal courts have ruled that these inquiries improperly trespass into privilege and work product and may be validly objected to on this basis. *See, e.g.*, Methode Electronics, Inc. v. Finisar Corp., 205 F.R.D. 552, 555 (N.D. Cal. 2001) ("As Defendants are aware, answering requests for production and interrogatories customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege . . . .").

Without waiving this objection, Plaintiffs provide the names of individuals below. However, Plaintiffs will object should Defendant attempt to ask these witnesses questions at depositions about their participation in preparing the interrogatory answers.

Remi Bonnecaze
Former Senior Shaw Vice President, International Operations
4171 Essen Lane
Baton Rouge, LA 70809
Witness may only be contacted through undersigned legal counsel.

Daniel S. Terrell
Former Shaw Vice President and General Counsel
400 E. Las Colinas Blvd., Ste 800
Irving, TX 75039
Witness may only be contacted through undersigned legal counsel.

Robert P. Brown
Former Shaw Vice President & Deputy General Counsel – Litigation
1769 Mary Lou Lane
Baton Rouge, LA 70809
Witness may only be contacted through undersigned legal counsel.

In addition, Plaintiffs have relied on deposition testimony and documents produced in this case to respond to Zurich's interrogatories.

# MASLON

Wade A. Langlois, III
March 7, 2014
Page 3

### Your Allegations Regarding Plaintiffs' Responses to Zurich's Document Requests

*Additional Responsive Documents*

As we have already discussed, Plaintiffs already produced all documents responsive to Zurich's late discovery requests in prior productions that were responsive to NAS's discovery requests. Plaintiffs have located a few additional hard copy documents that they will produce to the parties in a supplemental production by Monday, March 10, 2014.

The remaining information to be produced in response to Zurich's requests is ESI. We will produce the ESI as soon as the parties reach an agreement on search terms. We have had an opportunity to speak with our client and propose the following alternative search term parameters for the custodians you have identified:

> SEARCH TERMS FOR STEVE ALLISON, STEVE ADAMS, DANIEL TERRELL AND ROBERT BROWN:
>
> "9690219207" OR "3866607" OR "6180" OR "GLO 3866607-01" OR "GLO 3866607-02" OR "GLO 3866607-03" OR "DVX0000205 01" OR "DVX0000247 02" OR "G2205367A001" OR "G22053681001" OR "G2205367A002" OR "G22053681002" OR "G2205367A003" OR "G22053681003" OR "GLO 3866607-01" OR "GLO 3866607-02" OR "GLO 3866607-03" OR (westchester OR "north american" OR "nas") OR "rec claim" OR "rec solar grade silicon" OR "moses lake" OR "**@fara.com" OR "**@willis.com" OR "**@zurichna.com" OR "**@enduranceservices.com" OR "**@millbank.com"
>
> Date Range: September 1, 2008 through October 24, 2011

If these terms are acceptable, we will compare the results against the results from the NAS search in order to eliminate duplicates, and then review and produce the remaining ESI with a privilege log. Please advise if these search term parameters are acceptable to your client. Please also advise on the status of Zurich's ESI production in response to Plaintiff's ESI request, which was made over six months ago and is the subject of a pending discovery motion.

Wade A. Langlois, III
March 7, 2014
Page 4

MASLON

### Your Allegations Regarding Plaintiffs' Answers to Zurich's Supplemental Interrogatories

*Supplemental Interrogatory No. 2*

You contend that Plaintiff's answer to Supplemental Interrogatory No. 2 "does not provide a proper response to this Interrogatory." We respectfully disagree. Plaintiffs' answer to this interrogatory was two-fold. First, Washington law presumes Plaintiffs were harmed from Zurich's bad faith actions. Safeco Ins. Co. of Am. v. Butler, 823 P.2d 499, 506 (Wash. 1992) ("[I]f the insured shows by a preponderance of the evidence the insurer acted in bad faith, there is a presumption of harm"). Second, Plaintiffs referred Zurich to their answer to Interrogatory No. 4, which explains how Zurich's late payment to defense counsel caused harm to Plaintiffs.

*Supplemental Interrogatory No. 3*

You simply state "See Zurich's Response to Plaintiffs' Answer to Supplemental Interrogatory No. 2." This does not provide any detail as to how you believe Plaintiffs' answer to Supplemental Interrogatory No. 3 is deficient. We also note that Plaintiffs' answer to this interrogatory incorporates their answer to Interrogatory No. 4, which explains the facts that support Plaintiffs' allegations regarding how Zurich failed to properly investigate the REC claim and how Plaintiffs were damaged by those actions.

*Supplemental Interrogatory No. 4*

You claim that Plaintiffs' answer fails to provide "any fact responsive to this Interrogatory." Again, we disagree with your characterization. Plaintiffs' answer to this interrogatory incorporates their answer to Interrogatory No. 4, which explains the facts that support Plaintiffs' allegations regarding how Zurich failed to properly investigate the REC claim and how Plaintiffs were damaged by those actions.

*Supplemental Interrogatory No. 7*

You simply state "See Zurich's Response to Plaintiffs' Answer to Supplemental Interrogatory No. 2." This does not provide any detail as to how you believe Plaintiffs' answer to Supplemental Interrogatory No. 7 is deficient. We also note that Plaintiffs' answer to this interrogatory incorporates their answer to Interrogatory No. 4, which explains the facts that support Plaintiffs' allegations regarding how Zurich failed to provide a reasonable explanation to Plaintiffs why it believed the REC claim was not covered.

*Supplemental Interrogatories Nos. 10 through 16*

We disagree with your characterization of the Court's January 16, 2014 Order that "implicit in this Order was a direction to answer all discovery and leave for more than twenty-five Interrogatories." Zurich served late interrogatories, document requests and requests for

# MASLON

Wade A. Langlois, III
March 7, 2014
Page 5

admission, and Plaintiffs' objected to responding to those requests at all as untimely. Plaintiffs moved to quash the untimely discovery requests. Simultaneously, Zurich moved to extend the discovery deadline by three months. Therefore, the only issue before the Court was whether Plaintiffs had to respond to Zurich's untimely discovery at all. The Court did not address the substance of Zurich's requests and Plaintiffs did not waive any objections to the substance of those requests. As a result, Plaintiffs stand by their objections to Supplemental Interrogatory Nos. 10 through 16. We also disagree that Zurich has set forth any grounds for exceeding the number of interrogatories in the Federal Rules of Civil Procedure. Both Plaintiffs and NAS have been able to comply with this rule.

### Your Allegations Regarding Plaintiffs' Responses to Zurich's Requests for Admission

We similarly disagree with your characterization of Plaintiffs' responses to Zurich's requests for admissions. We draw your attention to Rule 36 of the Federal Rules of Civil Procedure, which states in part that "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a)(4). Therefore, Plaintiffs are not required to simply "admit" or "deny" every request for admission, but are allowed to qualify their answers when appropriate. Plaintiffs' responses are not "evasive" or "nonresponsive," as we explain below in answering each of your claims.

*Request for Admission No. 2*

Plaintiffs stand by their objections to this request, notably that the phrase "breach the applicable standard of care" is vague and ambiguous. A party to whom a request for admission is directed is not required to admit or deny statements that are vague and ambiguous. *See* 7 MOORE'S FEDERAL PRACTICE § 36.10[6]. Notwithstanding their objections, Plaintiffs attempted to respond to the request and admitted that "it is unaware of any 'breach of the applicable duty of care' committed by any lawyer representing Shaw in the Underlying Lawsuit."

Plaintiffs remain unaware of what additional information Zurich could conceivably want on this topic. Zurich has requested an answer on this topic by using numerous discovery vehicles, and at every turn, Plaintiffs have unequivocally responded. Let there be no confusion: Plaintiffs are unaware of any breach of a duty of care by Plaintiffs' counsel.

*Request for Admission No. 3*

Plaintiffs stand by their objections to this request. Despite those flaws in the request, Plaintiffs attempted to answer and qualified their admissions by pointing to the specific policy it believed was being asked about and admitting that "Zurich eventually paid defense costs submitted by counsel and vendors in excess of the applicable deductible."

# MASLON

Wade A. Langlois, III
March 7, 2014
Page 6

*Request for Admission No. 4*

Plaintiffs also believe their objections to this request are valid. After stating those objections, Plaintiffs attempted to qualify their admissions by stating the specific terms of the policy it believed was being asked about and the facts that led to and resulted in Zurich paying the two $2 million checks for the two occurrences. Plaintiffs are permitted to qualify their admission in this regard.

*Request for Admission No. 6*

Plaintiffs' objections are not in bad faith. Notwithstanding those objections, Plaintiffs clearly responded by stating "Shaw denies this Request." Plaintiffs are not relying on their objections "as an excuse for providing an inaccurate response," as you claim.

*Request for Admission No. 7*

We disagree that this answer is nonresponsive. Plaintiffs admit that they were awarded those attorney's fees and costs by the Washington court.

*Request for Admission No. 8*

Plaintiffs also disagree this answer is nonresponsive. Plaintiffs are permitted to qualify their answer, which "admits that it hired another firm, Baker Donelson to take over as lead counsel."

*Request for Admission No. 9*

Plaintiffs disagree that "directed" is not vague and ambiguous as Zurich used it in the context of this request. Plaintiffs also stand by their objection that this request impinges on the attorney-client privilege and work product doctrine. Notwithstanding those objections, Plaintiffs attempted to respond to this request by admitting that the Baker Donelson firm represented them.

*Request for Admission No. 10*

Plaintiffs stand by their objections to this request and note that they attempted to respond to this request by admitting that they communicated with counsel.

*Request for Admission No. 11*

Plaintiffs refer Zurich to its response to Request for Admission No. 8 except that it pertains to the Oles Morrison firm.

# MASLON

Wade A. Langlois, III
March 7, 2014
Page 7

*Request for Admission No. 12*

Plaintiffs refer Zurich to its response to Request for Admission No. 9 except that it pertains to the Oles Morrison firm.

*Request for Admission No. 13*

Plaintiffs refer Zurich to its response to Request for Admission No. 10 except that it pertains to the Oles Morrison firm.

*Request for Admission No. 14*

Plaintiffs refer Zurich to its response to Request for Admission No. 8 except that it pertains to the Griffith Nixon firm.

*Request for Admission No. 15*

Plaintiffs refer Zurich to its response to Request for Admission No. 9 except that it pertains to the Griffith Nixon firm.

*Request for Admission No. 16*

Plaintiffs refer Zurich to its response to Request for Admission No. 10 except that it pertains to the Griffith Nixon firm.

We look forward to discussing your letter and our responses above on Friday, March 7th at 4:00 PM.

Very truly yours,

Jason A. Lien

JAL/arh
cc: James O'Connor, Todd Hayes, David Suchar, Charles Davis, William Schuette
1026735