UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE SHAW GROUP, INC., ET AL | * | CIVIL ACTION NO. 3:12-cv-257 |
| | * | |
| VERSUS | * | JUDGE JAMES J. BRADY |
| | * | |
| ZURICH AMERICAN INSURANCE COMPANY, ET AL | * | MAGISTRATE RICHARD L. BOURGEOIS, JR. |

*********************************

### MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER REGARDING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND REPLY MEMORANDUM TO OPPOSITION TO MOTION TO COMPEL PRODUCTION OF ELECTRONICALLY STORED INFORMATION

The Shaw Group, Inc. and Shaw Process Fabricators, Inc. (collectively "Shaw") has opposed the Motion to Compel Electronically Stored Information filed by Zurich American Insurance Company ("Zurich") with an opposition to that motion and a Motion for Protective Order on the same issues. Zurich submits that it is entitled to the relief requested and the production of ESI in accordance with the search terms submitted to Shaw.

The first point to make on this is that the terms submitted by Zurich to Shaw are no broader than the terms submitted by Shaw to Zurich. (Attached as Exhibit "A" is a copy of the Shaw request, and as Exhibit "B" a copy of the Zurich request). Shaw's assertion about the broadness of Zurich's terms is undermined by this fact.

At this point, Shaw maintains it would have "endeavored to agree on reasonable search terms". Of course, Zurich has now made its production and spent months and hundreds of thousands of dollars doing so. Shaw did not indicate any true willingness to negotiate the terms. Shaw argues that it reasonably negotiated the terms with NAS, but the Court must remember the context in which Shaw demanded an ESI search from Zurich. The Court had already issued an Order on sanctions and Shaw knew that it had Zurich "over the barrel" on this. The context of the discussions is important.

Counsel for Zurich made a request to negotiate the terms on December 18, 2013, by email (email attached as Exhibit "C"). The email stated, in pertinent part:

> Zurich was not aware of the e-discovery request, but we are getting on these ASAP. I would suggest we talk about the search terms, however. For instance, you have designated "Shaw" as a search term. If Zurich does a search for this term any file that ever dealt with anyone named Shaw will be found and some untold millions of documents could be produced. "REC" is another example. Anytime those three letters are found together it will be identified in a search and would result in. (sic) This is the same for all the requests so the more we can narrow the search the smaller the production would be. If we could narrow the search then it would be more efficient for everyone. **Let me know if we can discuss this.** (Emphasis added.)

Shaw tries to characterize its response as an offer to negotiate but it was not. The broadness of the search terms were obvious. Zurich had insured Shaw and all of its related entities since 2005 so a search for the word Shaw would result in the

2

production of any document related to any Shaw claim. In addition, as an insurance company, Zurich would have encountered other claims by other people named Shaw. Shaw's response was, "we don't believe Shaw's ESI request is as broad as you suggest." (*See* Exhibit "C"). Although Shaw suggested a test search, there was no doubt that that search would turn up every Shaw claim. Shaw went on to state, "Shaw also expects Zurich will be producing all documents **without objections**, consistent with the Court's October 10th Order." (*Id* (emphasis added).). The message from Shaw was "Zurich better search for the terms we requested or we will go back to the Court."

Zurich then provided Shaw with an update on the search according to its terms. On January 16, 2014, counsel for Zurich sent counsel for Shaw an email (attached hereto as Exhibit "D") which stated:

> Here's a status on the ESI search. 720 files were identified in the search with the requested terms. 420 of those have been processed so far and have produced over three terabytes of data. We are reviewing this data. The processing of the other 300 files continues on a priority basis. Again, because of the size of the request, this is a lengthy process**.**

Shaw's response was, "Thanks, can you please let us know the custodians you are searching?" Counsel for Zurich responded, "The custodians being searched are the ones specified in the email you forwarded to us." (*See* Exhibit "D".).

3

Counsel for Shaw was informed of the massive amount of data which was being produced in the search as it requested in December, but it made no offer to reduce the search terms.

Because of the large amount of data requested by Shaw, Zurich's search took months. It began in December and the search and review of the documents extended through the end of May.

On May 12, 2014, the Court issued a discovery order with sanctions which stated ". . . the parties shall endeavor to agree on the search terms to be used to obtain ESI responsive to Shaw's first request for production. If the parties cannot agree to search terms, custodians, and date ranges for locating documents responsive to Shaw's document requests, then Zurich must produce all responsive ESI in accordance with Shaw's suggested search terms, custodians, and date ranges." Rec. Doc. 288, pp. 10-11.

In response to the Court's Order, Zurich's counsel again attempted to negotiate the terms. In an email of May 13, 2014, to counsel for Shaw, it was stated:

> As you know, we have been working on ESI and will begin production. A majority of the documents produced by the search are claims which involve the name "Shaw" but are completely unrelated to the REC claim. The Order says we should produce it, but do you really want all these documents? Let me know what your preference is. We will produce them if requested. (*See* Exhibit E.).

4

Again, Shaw refused to negotiate the search terms. (*See* Exhibit E.).

Zurich maintains that the search terms it has submitted to Shaw are relevant and calculated to lead to the discovery of admissible evidence. Shaw has placed the relationship of the parties at issue in this case. In its recently filed Motion for Summary Judgment, Shaw argues, "Zurich is liable for the acts and omissions of its third-party administrator F.A. Richard and Associates . . . " Rec. Doc. 311, p. 1. At the time that this claim arose in 2009, the parties had a relationship which dated back to 2005. Zurich denies that it has any responsibility for the actions of the TPA which was chosen and paid by Shaw to handle Shaw's claims. Evidence of other claims and the history of dealings between the parties is relevant to this issue.

Another example of this is Shaw's argument that it had to use its "own funds" to pay for the defense in the underlying lawsuit because Zurich did not respond to the initial notice of the lawsuit. Rec. Doc. 318, p.3. These ESI search terms will show how Shaw handled other claims and whether or not they used their own funds to pay costs in those other claims as a matter of practice and without seeking damages from their insurer.

Zurich submits that its ESI search terms are reasonable in view of the issues. Shaw argues that the Zurich terms are overly broad and burdensome. However, Shaw issued similar search terms to Zurich and did not consider those to be

unreasonable and overly broad.  As a result, Shaw should be ordered to respond to the Zurich search terms.

RESPECTFULLY SUBMITTED,

GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

/s/ Wade A. Langlois, III
MICHAEL D. PEYTAVIN (#14315)
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (#28894)
Oakwood Corporate Center
401 Whitney Ave., Suite 500
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Facsimile: (504) 362-5938
mpeytavin@grhg.net
wlanglois@grhg.net
jdanna@grhg.net
Attorneys for Zurich American Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Wade A. Langlois, III
WADE A. LANGLOIS, III
