## Jason Lien - RE: Shaw v. NAS discovery call

| | |
|---|---|
| **From:** | Jason Lien |
| **To:** | Brendan Winslow-Nason; Thom Darling |
| **Date:** | 9/27/2013 1:25 PM |
| **Subject:** | RE: Shaw v. NAS discovery call |
| **CC:** | David Suchar; O'Connor, James; Todd Hayes; William F. Knowles |
| **Attachments:** | vcard.vcf |

Brendan / Thom - Attached is our proposed e-discovery search for your clients that is submitted pursuant to Paragraph C2 of the court's protective order. Please let us know by Tuesday of next week if this proposed list is acceptable, thanks. Brendan, you can get us your proposed list when you have it ready next week.

**Search terms:** Shaw, Shaw Process Fabricators, pipe spool(s), spool endorsement, REC, REC Solar Grade Silicon, Moses Lake, 9690210297, 3866607, 6180, DVX0000138 00, DVX0000204 01, DVX0000246 02, DVX0000246 03, DVX0000139 00, DVX0000205 01, DVX0000247 02, DVX0000247 03

**Custodians:**

NAS: Rick Loomer, Dewayne Mundell, Les Czerepak, Vincent Eckles, Allen Blum

Endurance: Blenda Eyvazzadeh, Pamela Asbury, Mark Ying, Sherry Dunn, Lorna McIntyre

Zurich: Leo Bigley, Joseph Kostkowski, Diane Picone, Noreen Ryan, Joy Taylor, Rose Marie Orcino Madruga, John Mahoney, Elizabeith Lambie, Chris Gibson, James Wardrop, Deborah Purkey, Todd Schweitzer, Joseph Piekarski, Randy Marmar

**Date range of search:**

From September 1, 2005 to October 24, 2011.

**Jason Lien | Partner**
jason.lien@maslon.com
(p) 612.672.8319 | (f) 612.642.8319

MASLON
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
www.maslon.com | map/directions


EXHIBIT A

>>> "Winslow-Nason, Brendan" <BWinslow-Nason@cozen.com> 9/27/2013 12:30 PM >>>
Todd – I will provide you with a line-by-line response soon. In the meantime, can we agree to push back the e-discovery disclosure. We are still coordinating with our clients regarding proposed custodians and keywords.

EXHIBIT A

# GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

THOMAS L. GAUDRY, JR.
DANIEL A. RANSON
DARYL A. HIGGINS
GREGORY G. GREMILLION
WADE A. LANGLOIS, III
MICHAEL D. PEYTAVIN
STEVEN D. OLIVER
THOMAS W. DARLING

*Of Counsel*
E. RALPH LUPIN, M.D., J.D.
STACIE PETERSEN NEHLIG

ATTORNEYS AT LAW
OAKWOOD CORPORATE CENTER
401 WHITNEY AVE., SUITE 500
GRETNA, LOUISIANA 70056

MAILING ADDRESS
P.O. BOX 1910
GRETNA, LOUISIANA 70054-1910
(504) 362-2466
FACSIMILE (504) 362-5938
WEBSITE: www.grhg.net

WRITER'S DIRECT DIAL:
(504) 376-1360

WILLIAM H. VOIGT
A. MARK FLAKE
JAIRO F. SANCHEZ
RYAN C. HIGGINS
ELIZABETH A. LIUZZA
JOHN J. DANNA, JR.

BATON ROUGE OFFICE:
2223 QUAIL RUN DR., C-2
BATON ROUGE, LA 70808
(225) 663-6101
(225) 663-6102 FACSIMILE
Sender's e-mail:
wlanglois@grhg.net

January 24, 2014

VIA EMAIL Jason.Lien@maslon.com
Jason Lien
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

VIA EMAIL todd@harperhayes.com
Todd C. Hayes
Harper Hayes PLLC
One Union Square
600 University, Suite 2420
Seattle, WA 98101

RE: The Shaw Group, Inc., et al v. Zurich American Insurance Company, et al
USDC Middle District of Louisiana Docket No. 3:12-CV-257
Our File No. 262-2118

Dear Jason and Todd:

Attached is the proposed e-discovery search for your clients The Shaw Group and Shaw Process Fabricators submitted pursuant to the Orders previously issued by the Court in this matter.



EXHIBIT B

January 24, 2014
Page 2

                                 Yours very truly,
                                 */s/ Wade A. Langlois /dpl*
                                 Wade A. Langlois, III

WALIII/dpl
Enclosure
cc: Brendan Winslow-Nason (Via email: Bwinslow-Nason@cozen.com)

G:\0262\2118\CORRESPONDENCE\Lien and Hayes 0001.wpd

## ELECTRONIC SEARCH TERMS

Date Range: 9/1/08 - 12/31/12

**Shaw custodians:**
Stephen Adams
Steve Adams
Daniel Terrell
Steve Allison
Robert P. Brown

**Search terms:**
Zurich
Endurance Services Limited
NAS
North American Specialty
Ace Westchester
FARA
Willis North America
Settlement
Settle
Mediation
Mediator
Blenda Eyvazzadeh
beyvazzadeh@enduranceservices.com
Ronald Struhs
Ronald.struhs@acegroup.com
Tom Weinberger
Tom.weinberger@acegroup.com
Kimberly Cunningham
Kimberly.cunningham@fara.com
Amy Ragusa
Amy.ragusa@fara.com
Anita Shales
Anita.shales@fara.com
Patrick McGinley
Patrick.mcginely@willis.com
Tammy Bush
Tammy.bush@willis.com
Monte Badasarian
Monte.badasarian@willis.com
Mark Maxwell
John Heisse
John.heisse@pillsburylaw.com

Brian Homza
brian.homza@cookyancey.com
Leo Bigley
Leo.bigley@zurichna.com
John Mahoney
John.w.mahoney@zurichna.com
Joe Kostkowski
Joe.kostkowski@zurichna.com
Debbie Purkey
Debbie.purkey@zurichna.com
Rose Madruga
Rose.madruga@zurichna.com
Westchester
Griffith Nixon
Scott Griffith
sgriffith@gndlaw.com
Tony Jach
tjach@gndlaw.com
Jason Cagle
jcagle@gndlaw.com
Baker Donelson
Danny Shaw
dshaw@bakerdonelson.com
Roy Cheatwood
rcheatwood@bakerdonelson.com
Regina Hamilton
Regina.Hamilton@shawgrp.com
Kimberly LaHaye
Kimberly.LaHaye@shawgrp.com
Kimberly Roy
Kimberly.Roy@shawgrp.com
John Donofrio
John.Donofrio@shawgrp.com
Dave Chapman
Dave.Chapman@shawgrp.com
Remi Bonnecaze
Remi.Bonnecaze@shawgrp.com
Chuck Bradford
Chuck.Bradford@shawgrp.com
Mike Kershaw
Mike.Kershaw@shawgrp.com
TPD
Claims
Unbundled
ROR

Reservation of Rights
defense
REC claim
deductible
Oles
attorney fees
Jerry Marks
jmarks@milbank.com
James Whooley
jwhooley@milbank.com
Leslie Weatherhead
lwlibertas@aol.com
TPA

**Jason Lien**

| | |
|---|---|
| **From:** | Wade Langlois <WLanglois@grhg.net> |
| **Sent:** | Thursday, December 19, 2013 2:12 PM |
| **To:** | Jason Lien |
| **Cc:** | David Suchar; James O'Connor; Todd Hayes |
| **Subject:** | RE: Shaw Group Discovery |

Thanks for the reply Jason.

I will talk to Zurich about the ESI search. I don't think the terms of the search make the search any more problematic, we were just trying to save everyone the trouble of going through a bunch of irrelevant documents with some agreeable reasonable alternative discussions.

We can schedule Leo Bigley and the 30(b)(6) for January 14 and Joe Kostowski for January 15. I am still working on the others. Please confirm these ASAP so we can get them on the calendar. Bigley will address most of the 30(b)(6) issues.

For the record, I was not trying to limit the Madruga and Mahoney depositions in anyway. I was simply trying to explain their situations and come to an agreeable way to take their depositions.

**From:** Jason Lien [mailto:Jason.Lien@maslon.com]
**Sent:** Thursday, December 19, 2013 1:31 PM
**To:** Wade Langlois
**Cc:** David Suchar; O'Connor, James; Todd Hayes
**Subject:** Re: Shaw Group Discovery

Wade - Thank you for confirming that Zurich has not searched and produced ESI in response to Shaw's request first made on September 27th. We don't believe Shaw's ESI request is as broad as you suggest. It included a limited custodian list, search terms, and a time range (see Exhibit A to my declaration submitted in support of the 12/13/13 motion). Has Zurich attempted to conduct a search in these custodians' accounts with our suggested parameters to test whether they will produce a large volume? If not, I would suggest Zurich first do that. If testing the search does produce an unreasonably large set with non-responsive documents, please provide me with suggested alternative terms for consideration. Please note that Shaw's willingness to consider alternative terms in no way waives Shaw's right to argue that Zurich has waived any right to object to Shaw's proposed e-discovery search that was submitted in conjunction with its request for production of documents to Zurich. Shaw also expects Zurich will be producing all documents without objections, consistent with the Court's October 10th order.

As to format, we are fine with Zurich producing the ESI in a native format provided that the emails are produced in a PST file (I am assuming Zurich is using Outlook).

As for deposition scheduling, please propose some specific dates for each of the Zurich depositions we noticed. Shaw will not agree to limit the depositions of Mr. Mahoney and Ms. Madruga or conduct them by telephone / videoconference. For our scheduling purposes, please note that Shaw is taking the Rule 30(b)(6) deposition of NAS in Los Angeles during the week of January 20th (on January 22 and 23). With respect to Mr. Boehning, can you please provide us with his last known address and telephone number?

Thank you for responding to the other miscellaneous document issues. We will look forward to their prompt production so as not to delay the Zurich depositions. Please let us know when we can expect to receive those documents.

1



**MASLON**

**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions

>>> Wade Langlois <WLanglois@grhg.net> 12/18/2013 4:24 PM >>>

Jason,

I have been working with Zurich on the discovery issues and wanted to give you an update.

Zurich was not aware of the e-discovery requests, but we are getting on these ASAP. I would suggest we talk about the search terms, however. For instance, you have designated "Shaw" as a search term. If Zurich does a search for this term any file that ever dealt with anyone named Shaw will be found and some untold millions of documents could be produced. "REC" is another example. Anytime those three letters are found together will be identified in a search and would result in . This is the same for all the requests so the more we can narrow the search the smaller the production would be. If we could narrow the search then it would be more efficient for everyone. Let me know if we can discuss this.

Zurich's tech people also have told me that the best way to make the production would be in native format. This would be easier to organize and handle. I don't pretend to know anything about these kinds of tech terms so let me know what you think and if this is acceptable.

On the depositions, as I previously wrote you, it looks like the week of the 20th of January would be best. Zurich has requested that I ask if John Mahoney and Rose Madruga could be done by telephone or teleconference because these people had narrow involvement with the issues and their depositions should be relatively short compared to Bigley and Kostowski. It would be a hardship to ask them to travel for what should be fairly specific depositions.

I have also confirmed that John Boehning is not employed by Zurich and has not been for some time.

The UW file for the 2007-2008 policy has not been produced. I have requested it and will produce it.

The documents with missing lines and blank spaces. We did not redact these and provided the copies we had. I have requested that Zurich go to the original files and produce additional copies and confirm that nothing has been redacted.

I have requested the Unbundled TPA Guidelines.

Zurich is looking into the "DJ file" issue.

The listed documents that were not produced was inadvertent. Bates numbers 48, 719, 730-36, and 738 will be forwarded under separate cover.

I am also confirming that the claim handling guidelines have been produced.

Feel free to call if we can discuss any of this.

2

*Wade A. Langlois, III, Partner*

*Gaudry, Ranson, Higgins & Gremillion, LLC*

401 Whitney Avenue, Suite 500

Gretna, Louisiana 70056

Phone: (504)362-2466

Fax: (504)362-5938

Email: wlanglois@grhg.net

This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to attorney-client privilege. If you are not the intended recipient, you are hereby notified that you have received this email in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any attachments accompanying it contain confidential information belonging to the sender that may be protected by the attorney-client or work product privileges. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please notify the sender by reply e-mail, and then destroy all copies of this transmission.

## Wade Langlois

| | |
|---|---|
| **From:** | Jason Lien <Jason.Lien@maslon.com> |
| **Sent:** | Sunday, January 19, 2014 2:25 PM |
| **To:** | Wade Langlois |
| **Cc:** | David Suchar; todd@harperhayes.com |
| **Subject:** | RE: Shaw Group ESI Status |
| **Attachments:** | [Untitled]_1.pdf; vcard.vcf |

Wade - Thanks. Attached is my letter that sets forth those documents.

**MASLON**

**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions

>>> Wade Langlois <WLanglois@grhg.net> 1/18/2014 2:42 PM >>>
Jason,

The custodians being searched are the ones specified in the email you forwarded to us.

The Claim Best Practices Manuals attached have previously been produced and are the what Zurich uses that fits your term "Claims Procedures Manual". Can you remind me what other hard copy files you believe we owe you at this time? I've been through so much correspondence and documentation in the last month it's hard to keep track.

**From:** Jason Lien [mailto:Jason.Lien@maslon.com]
**Sent:** Thursday, January 16, 2014 10:39 AM
**To:** Wade Langlois; todd@harperhayes.com
**Cc:** David Suchar
**Subject:** Re: Shaw Group ESI Status

Thanks, can you please let us know the custodians you are searching? Can you also please give us an update on production of the hard copy files, which include the Zurich claims procedures manual? Thanks again,

**MASLON**

**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions



>>> Wade Langlois <WLanglois@grhg.net> 1/16/2014 10:33 AM >>>
Counselors,

Here is a status on the ESI search. 720 files were identified in the search with the requested terms. 420 of those have been processed so far and have produced over 3 TB's of data. We are reviewing this data. The processing of the other 300 files continues on a priority basis. Again, because of the size of the request, this is a lengthy process.

1

## Wade Langlois

| | |
|---|---|
| **From:** | Wade Langlois |
| **Sent:** | Tuesday, May 13, 2014 3:05 PM |
| **To:** | 'Jason Lien' |
| **Cc:** | todd@harperhayes.com; David Suchar |
| **Subject:** | RE: Shaw Production |

I'm sorry Jason, but I don't understand your position. Shaw filed the Motion stating that full production had not been made and outlined specific items. Why would you not know what you need at this time? Zurich and I have tried very hard to comply with the requests and the court's order since I got involved. I am not trying to place any additional burden on Shaw. I thought we could work toward a solution that satisfied both sides so our clients won't be burdened with expense related to massive document production of duplicative and irrelevant material. Shaw will have to examine the production once it is made for deficiencies as you point out so wouldn't it be easier for both sides to just figure out what is "deficient", if anything, before we get there? You and I did some work on this back in December and January. I thought I had satisfied everything except the ESI at that time and that was the only issue when we started depositions. If I am wrong then I will gladly fix it. Obviously, a lot has happened in discovery that the Magistrate did not know about. Because of the breadth and vagueness of the ESI search terms, the search and organization of the records has been a monumental task which has taken months. If your client wants you to review all of these irrelevant and useless records then so be it. We will produce them, but it seems like this is more of a game of "gotcha" than anything else at this point.

**From:** Jason Lien [mailto:Jason.Lien@maslon.com]
**Sent:** Tuesday, May 13, 2014 2:40 PM
**To:** Wade Langlois
**Cc:** todd@harperhayes.com; David Suchar
**Subject:** RE: Shaw Production

Wade – Thanks for your email, I will get back to you on the payee information you have requested. As to the production ordered by the court, we refuse to have you place the burden on Shaw for Zurich's compliance with the order. You and Zurich need to spend the time to examine what Zurich has already produced and determine what additional production needs to occur in accordance with the order. It isn't Shaw's burden to pay lawyers or paralegals to find out what's owing. Once we have your production, we will let you know if we believe there are any deficiencies.

---

MASLON

**JASON A. LIEN | PARTNER**
p 612.672.8319 | f 612.642.8319 | email | vcard | biography | linkedin
**MASLON EDELMAN BORMAN & BRAND, LLP**
3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
p 612.672.8200 | www.maslon.com | map/directions

---

**From:** Wade Langlois [mailto:WLanglois@grhg.net]
**Sent:** Tuesday, May 13, 2014 2:25 PM
**To:** Jason Lien
**Cc:** todd@harperhayes.com; David Suchar
**Subject:** Shaw Production

Jason,


EXHIBIT E

1

I wanted to follow up on the Order from the Magistrate yesterday. Our firm is issuing a check for the total amount of the sanctions and this will go out to you shortly. Who should it be made payable to? We will need a W9.

As you know, we have been working on the ESI and will begin production. A majority of the documents produced by the search are claims which involved the name "Shaw" but are completely unrelated to the REC claim. The Order says we should produce it, but do you really want all of these documents? Let me know what your preference is. We will produce them if requested.

I thought we had resolved the other issues/production addressed in the Order, but it has been a long time. Is there anything else you believe we owe you at this time? We, of course, want to be in full compliance with the Order so please let me know.
If anything else needs to be addressed, please let me know also.


**Wade A. Langlois, III, Partner**

**Gaudry, Ranson, Higgins & Gremillion, LLC**

401 Whitney Avenue, Suite 500

Gretna, Louisiana  70056

Phone:  (504)362-2466

Fax:  (504)362-5938

Email:  wlanglois@grhg.net

This e-mail communication and the documents accompanying it may contain information that is intended only for the recipient named and may be confidential and subject to attorney-client privilege.  If you are not the intended recipient, you are hereby notified that you have received this email in error, and that any review, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone (call collect at 504-362-2466) to make arrangements for returning the original e-mail to us.

CONFIDENTIALITY NOTICE: This e-mail transmission and any attachments accompanying it contain confidential information belonging to the sender that may be protected by the attorney-client or work product privileges. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please notify the sender by reply e-mail, and then destroy all copies of this transmission.